No. 24-10951

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

RYAN, L.L.C.,

Plaintiff-Appellee,

CHAMBER OF COMMERCE OF THE UNITED STATES
OF AMERICA; BUSINESS ROUNDTABLE; TEXAS ASSOCIATION
OF BUSINESS; LONGVIEW CHAMBER OF COMMERCE,

Intervenor-Plaintiffs-Appellees,

v.

FEDERAL TRADE COMMISSION,

Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas

**RECORD EXCERPTS**

BRIAN M. BOYNTON
 *Principal Deputy Assistant Attorney
  General*

LEIGHA SIMONTON
 *United States Attorney*

MICHAEL S. RAAB
SEAN R. JANDA
URJA MITTAL
 *Attorneys, Appellate Staff
  Civil Division, Room 7248
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 353-4895*

# TABLE OF CONTENTS

**<u>Page</u>**

Tab 1: District Court Docket Sheet
(ROA.1-46) ..................................................................................RE.1

Tab 2: Notice of Appeal,
Dkt. No. 213 (ROA.5640-43) .................................................... RE.47

Tab 3. Final Judgment,
Dkt. No. 212 (ROA.5639)........................................................... RE.51

Tab 4: Memorandum Opinion & Order (Summary Judgment),
Dkt. No. 211 (ROA.5612-38) .................................................... RE.52

Tab 5: Memorandum Opinion & Order (Preliminary Injunction),
Dkt. No. 153 (ROA.3496-3528)................................................ RE.79

Certificate of Service

**Tab 1**

Docket Sheet

APPEAL,ATTN,CLOSED,STAYED,TOLIVER

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:24-cv-00986-E

Ryan LLC v. Federal Trade Commission

Assigned to: Judge Ada Brown

Case in other court:  USCA5, 24-10951

Cause: 15:0045 Federal Trade Commission Act

Date Filed: 04/23/2024

Date Terminated: 08/20/2024

Jury Demand: None

Nature of Suit: 899 Other Statutes: Administrative Procedure Act/Review or Appeal of Agency Decision

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Ryan LLC**                                   represented by   **Elizabeth Ashley Kiernan**
Gibson Dunn & Crutcher LLP
2100 Ross Avenue, Suite 2100
Dallas, TX 75201
214-698-3110
Fax: 214-571-2917
Email: ekiernan@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Aaron David Hauptman**
Gibson Dunn & Crutcher
1700 M Street NW
Washington, DC 20036
609-440-1970
Email: ahauptman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Allyson N Ho**
Gibson Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214-698-3233
Fax: 214-571-2971
Email: aho@gibsondunn.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amir C Tayrani**
Gibson Dunn & Crutcher LLP
1700 M Street NW
Washington, DC 20036
202-887-3692

Fax: 202-530-9645
Email: atayrani@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Andrew G. I. Kilberg**
Gibson Dunn & Crutcher LLP
1700 M Street NW
Washington, DC 20036
202-887-3759
Email: akilberg@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Charles W Fillmore**
The Fillmore Law Firm LLP
201 Main Street
Suite 700
Fort Worth, TX 76102
817-332-2351
Fax: 817-870-1859
Email: chad@fillmorefirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Eugene Scalia**
Gibson Dunn & Crutcher LLP
1700 M Street NW
Washington, DC 20036
202-955-8210
Email: EScalia@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**H Dustin Fillmore , III**
The Fillmore Law Firm
201 Main Street
Suite 700
Fort Worth, TX 76102
817-332-2351
Fax: 817-870-1859
Email: dusty@fillmorefirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Joshua R Zuckerman**
Gibson Dunn & Crutcher
1700 M Street NW
Washington, DC 20036
202-887-3628

Email: jzuckerman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Intervenor Plaintiff**

**The Chamber of Commerce of the**          represented by    **Robert L Sayles**
**United States of America**                                  Bradley Arant Boult Cummings LLP
                                                             1445 Ross Avenue, Suite 3600
                                                             Dallas, TX 75202
                                                             214-257-9800
                                                             Fax: 214-939-8787
                                                             Email: rsayles@bradley.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Admitted/In Good Standing*

                                                             **Jeffrey B Wall**
                                                             Sullivan & Cromwell LLP
                                                             1700 New York Avenue, NW
                                                             Suite 700
                                                             Washington, DC 20006-5215
                                                             202-956-7500
                                                             Fax: 202-956-7676
                                                             Email: wallj@sullcrom.com
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Not Admitted*

                                                             **Jordan Von Bokern**
                                                             US Chamber Litigation Center
                                                             1615 H Street N.W.
                                                             Washington, DC 20062
                                                             571-422-5164
                                                             Email: jvonbokern@uschamber.com
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Not Admitted*

                                                             **Judson O Littleton**
                                                             Sullivan & Cromwell LLP
                                                             1700 New York Avenue
                                                             Washington, DC 20006
                                                             202-956-7500
                                                             Email: littletonj@sullcrom.com
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Not Admitted*

                                                             **Michael Boyce Holleman , II**

**RE.3**

Bradley Arant Boult Cummings LLP
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
214-257-9780
Fax: 214-939-8787
Email: bholleman@bradley.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Tyler S Badgley**
US Chamber Litigation Center
1615 H St NW
Washington, DC 20062
202-463-5337
Email: tbadgley@uschamber.com
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Intervenor Plaintiff**

**Business Roundtable**                    represented by   **Robert L Sayles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Elizabeth Dougherty**
1000 Maine Avenue SW
Washington, DC 20024
202-872-1260
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Jeffrey B Wall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Judson O Littleton**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Boyce Holleman , II**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Intervenor Plaintiff**

**Texas Association of Business**          represented by   **Robert L Sayles**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jeffrey B Wall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Judson O Littleton**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Boyce Holleman , II**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Intervenor Plaintiff**

| | | |
|---|---|---|
| **Longview Chamber of Commerce** | represented by | **Robert L Sayles** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jeffrey B Wall**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Judson O Littleton**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Michael Boyce Holleman , II**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

| | | |
|---|---|---|
| **Federal Trade Commission** | represented by | **Rachael Lynn Westmoreland** |

United States Department of Justice
1100 L Street NW
Washington, DC 20005

202-514-1280
Fax: 202-616-8460
Email: rachael.westmoreland@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Arjun Mody**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202-451-7723
Email: arjun.a.mody@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Madeline Marie McMahon**
DOJ-Civ
1100 L Street NW
Washington, DC 20005
202-451-7722
Email: madeline.m.mcmahon@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Taisa M. Goodnature**
DOJ-Civ
1100 L St. NW
Washington, DC 20530
202-514-3786
Fax: 202-616-8470
Email: taisa.m.goodnature@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Movant**

**National Retail Federation**                    represented by   **Edward Joseph Loya , Jr**
*Party and attorney are active (attorney has*                      Epstein Becker & Green PC
*been terminated to restrict access to sealed*                     100 Crescent Court, Suite 700
*filings.)*                                                         Dallas, TX 75201
                                                                   214-930-3735
                                                                   Email: eloya@ebglaw.com
                                                                   *TERMINATED: 05/14/2024*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Bar Status: Admitted/In Good Standing*

                                                                   **Erik W Weibust**
                                                                   Epstein Becker & Green, P.C.

125 High Street
Suite 2114
Boston, MA 02110
617-603-1090
Fax: 617-249-1573
Email: eweibust@ebglaw.com
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
Epstein Becker & Green P.C.
125 High Street
Suite 2114
Boston, MA 02110
617-603-1091
Fax: 617-249-1573
Email: krigby@ebglaw.com
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**National Federation of Independent Business Small Business Legal Center Inc**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**International Franchise Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE.7

*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Associated Builders and Contractors Inc**       represented by       **Edward Joseph Loya , Jr**
*Party and attorney are active (attorney has*                          (See above for address)
*been terminated to restrict access to sealed*                         *TERMINATED: 05/14/2024*
*filings.)*                                                            *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**American Hotel & Lodging Association**       represented by       **Edward Joseph Loya , Jr**
*Party and attorney are active (attorney has*                       (See above for address)
*been terminated to restrict access to sealed*                      *TERMINATED: 05/14/2024*
*filings.)*                                                         *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**National Association of Wholesaler Distributors**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Independent Electrical Contractors**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Consumer Technology Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**United States Council for International Business**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**The Home Care Association of America**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**The Restaurant Law Center**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Edward Joseph Loya , Jr**
(See above for address)
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Erik W Weibust**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Katherine G. Rigby**
(See above for address)
*TERMINATED: 05/16/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**National Association of Manufacturers**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Richard D Salgado**
McDermott Will & Emery
2501 N Harwood Street, Suite 1900
Dallas, TX 75201
214-210-2797
Email: richard.salgado@mwe.com
*TERMINATED: 05/14/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**The American Investment Council**
*Party and attorney are active (attorney has been terminated to restrict access to sealed*

represented by **Nicole A Saharsky**
Mayer Brown LLP
1999 K Street NW

RE.11

*filings.)*

Washington, DC 20006-1101
202-263-3052
Email: nsaharsky@mayerbrown.com
*TERMINATED: 05/15/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Darren P Nicholson**
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
Fax: 469-444-5002
Email: dnicholson@burnscharest.com
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**Society for Human Resource Management**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Marcus L Mintz**
Seyfarth Shaw LLP
233 S Wacker Drive
Suite 8000
Chicago, IL 60606
312-460-5000
Email: mmintz@seyfarth.com
*TERMINATED: 05/30/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Tricia Wisenbaker Macaluso**
Seyfarth Shaw LLP
2323 Ross Avenue
Suite 1660
Dallas, TX 75201
469-608-6706
Fax: 214-853-4289
Email: tmacaluso@seyfarth.com
*TERMINATED: 05/30/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jesse Maughan Coleman**
Seyfarth Shaw LLP
700 Milam Street
Suite 1400
Houston, TX 77002
713-238-1805
Fax: 713-821-0645
Email: jmcoleman@seyfarth.com
*TERMINATED: 06/10/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael D Wexler**
Seyfarth Shaw LLP
233 S Wacker Drive
Suite 8000
Chicago, IL 60606
312-460-5559
Fax: 312-460-7559
Email: mwexler@seyfarth.com
*TERMINATED: 05/30/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**The Partnership for New York City**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Christopher Lynch**
Davis Polk & Wardwell LLP
New York
450 Lexington Avenue
New York
New York, NY 10029
212-450-4000
Email: christopher.lynch@davispolk.com
*TERMINATED: 05/24/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Arthur Burke**
Davis Polk & Wardwell LLP
450 Lexington Ave.
New York, NY 10017
212-450-4000
Email: arthur.burke@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Neal Mehrotra**
Katten

1919 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
202-352-3500
Email: neal.mehrotra@katten.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Public Citizen**                       represented by    **John E Wall , Jr**
*Party and attorney are active (attorney has*              Law Offices of John E Wall Jr
*been terminated to restrict access to sealed*             5728 Prospect Avenue, Suite 2001
*filings.)*                                                Dallas, TX 75206-7284
                                                           214-887-0100
                                                           Fax: 214-887-0173
                                                           Email: jwall@jwall-law.com
                                                           *TERMINATED: 05/30/2024*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Admitted/In Good Standing*

                                                           **Wendy Liu**
                                                           1600 20th Street NW
                                                           Washington, DC 20009
                                                           202-588-1000
                                                           Email: wliu@citizen.org
                                                           *TERMINATED: 05/30/2024*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Not Admitted*

**Movant**

**National Employment Law Project**      represented by    **Wendy Liu**
*Party and attorney are active (attorney has*              (See above for address)
*been terminated to restrict access to sealed*             *TERMINATED: 05/30/2024*
*filings.)*                                                *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Status: Not Admitted*

**Movant**

**Amici Curiae Law Professors**          represented by    **Phillip R. Malone**
*Party and attorney are active (attorney has*              Mills Legal Clinic at Stanford Law School
*been terminated to restrict access to sealed*             Juelsgaard IP and Innovation Clinic
*filings.)*                                                559 Nathan Abbott Way
                                                           Suite Mills Legal Clinic
                                                           Stanford, CA 94305-8610
                                                           650-725-6369
                                                           Email: pmalone@law.stanford.edu
                                                           *TERMINATED: 05/30/2024*
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Mark Lemley**
Lex Lumina PLLC
745 Fifth Avenue
Suite 500
New York, NY 10151
646-898-2055
Fax: 646-906-8657
Email: mlemley@lex-lumina.com
*TERMINATED: 05/31/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Mark Samburg**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20043
202-448-9090
Email: msamburg@democracyforward.org
*TERMINATED: 06/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Robin F. Thurston**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-448-9090
Email: rthurston@democracyforward.org
*TERMINATED: 05/31/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Peter M. Shane**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mark Samburg**
(See above for address)
*TERMINATED: 06/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

represented by

**Jeffrey Lubbers**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mark Samburg**
(See above for address)
*TERMINATED: 06/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Twelve Texas Local Elected Officials**     represented by
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Eushrah Hossain**
2271 Duane St
Apt. 8
Los Angeles, CA 90039
505-514-4783
Email: eushrah@publicrightsproject.org
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Joshua A Rosenthal**
Public Rights Project
490 43rd Street
Unit #115
Oakland, CA 94609
330-607-0730
Email: josh@publicrightsproject.org
*TERMINATED: 06/11/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Movant**

**Texas American Federation of Labor**     represented by
**and Congress of Industrial Organizations**
**(Texas AFL-CIO)**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

**Ashley E Tremain**
Tremain Artaza PLLC
6060 N Ctrl Expwy
Suite 567
Dallas, TX 75206
469-573-0271
Fax: 214-254-4941
Email: ashley@tremainartaza.com
*TERMINATED: 05/31/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David Seligman**
Towards Justice
1580 N Logan Street
Suite 660 PMB 44465
Denver, CO 80203-1994
720-248-8426
Email: david@towardsjustice.org
*TERMINATED: 08/05/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Nina Elizabeth DiSalvo**
Towards Justice
303 E 17th Street
Suite 400
Denver, CO 80203
970-403-5694
Email: nina@towardsjustice.org
*TERMINATED: 08/06/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

<u>**Movant**</u>

**Legal Scholars**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

<u>**Movant**</u>

**Matt Gaetz**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Andrew Kloster**
United States House of Representatives
Office of Representative Matt Gaetz
2021 Rayburn HOB
Washington, DC 20515
202-779-1546
Email: andrew.kloster@mail.house.gov
*TERMINATED: 06/04/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

| | | |
|---|---|---|
| **Small Business Majority Foundation** <br> *Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)* | represented by | **Darren P Nicholson** <br> (See above for address) <br> *TERMINATED: 06/11/2024* <br> *ATTORNEY TO BE NOTICED* <br> *Bar Status: Admitted/In Good Standing* |

**Jamie Crooks**
Fairmark Partners LLP
1001 G Street NW
Suite 400E
Washington, DC 20001
619-507-4182
Email: jamie@fairmarklaw.com
*TERMINATED: 06/04/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

| | | |
|---|---|---|
| **American Academy of Emergency Medicine** <br> *Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)* | represented by | **Amanda Gale Lewis** <br> Cuneo, Gilbert & LaDuca <br> 4725 Wisconsin Avenue, Suite 200, NW <br> Washington, DC 20016 <br> 202-805-0315 <br> Email: alewis@cuneolaw.com <br> *TERMINATED: 06/05/2024* <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* <br> *Bar Status: Not Admitted* |

**Movant**

| | | |
|---|---|---|
| **NYU Langone Health** <br> *Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)* | represented by | **Jodyann Galvin** <br> Hodgson Russ LLP <br> The Guaranty Building <br> 140 Pearl Street <br> Buffalo, NY 14202 <br> 716-848-1520 <br> Email: jgalvin@hodgsonruss.com <br> *TERMINATED: 08/06/2024* <br> *LEAD ATTORNEY* <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* <br> *Bar Status: Not Admitted* |

**Meagan Martin Powers**
Martin Powers & Counsel PLLC
1431 Greenway Drive
Suite 950
Irving, TX 75038
214-612-6471

Fax: 214-247-1155
Email: meagan@martinpowers.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**The Securities Industry and Financial Markets Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*
*TERMINATED: 05/15/2024*

represented by    **Nicole A Saharsky**
(See above for address)
*TERMINATED: 05/15/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**The Futures Industry Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*
*TERMINATED: 05/15/2024*

represented by    **Nicole A Saharsky**
(See above for address)
*TERMINATED: 05/15/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**The Managed Funds Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*
*TERMINATED: 05/15/2024*

represented by    **Nicole A Saharsky**
(See above for address)
*TERMINATED: 05/15/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Amicus**

**William Araiza**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Darren P Nicholson**
(See above for address)
*TERMINATED: 06/11/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mark Samburg**
(See above for address)
*TERMINATED: 06/03/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**American Property Casualty Insurance Association**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*
*TERMINATED: 07/24/2024*

represented by **Paul Arthur Howard , II**
Howard Law & Policy Group PLLC
1701 K Street NW
Suite 225
Washington, DC 20006
202-939-1588
Email: paul.howard@howardlpg.com
*TERMINATED: 07/24/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**American Hospital Association**
*TERMINATED: 07/25/2024*

represented by **Katrina A Pagonis**
Hooper Lundy & Bookman
44 Montgomery Street
Suite 3500
San Francisco, CA 94104
415-875-8515
Fax: 415-986-2157
Email: kpagonis@hooperlundy.com
*TERMINATED: 07/25/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Kelly Anne Carroll**
Hooper Lundy & Bookman PC
401 9th Street NW
Suite 550
Washington, DC 20004
202-580-7712
Fax: 202-580-7719
Email: kcarroll@hooperlundy.com
*TERMINATED: 07/25/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**RE.20**

*Bar Status: Not Admitted*

**Amicus**

**Federation of American Hospitals**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Katrina A Pagonis**
(See above for address)
*TERMINATED: 07/25/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Kelly Anne Carroll**
(See above for address)
*TERMINATED: 07/25/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/23/2024 | 1 (p.47) | COMPLAINT against Federal Trade Commission filed by Ryan, LLC. (Filing fee $405; Receipt number ATXNDC-14563155) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.47) Civil Cover Sheet) (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 2 (p.72) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Ryan, LLC. (Clerk QC note: Affiliate entry indicated). (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 3 (p.74) | Request for Clerk to issue Summons filed by Ryan, LLC. (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 4 (p.76) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Eugene Scalia (Filing fee $100; Receipt number ATXNDC-14564380) filed by Ryan, LLC (Attachments: # 1 (p.47) Certificate of Good Standing) (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 5 (p.82) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Andrew Kilberg (Filing fee $100; Receipt number ATXNDC-14564428) filed by Ryan, LLC (Attachments: # 1 (p.47) Certificate of Good Standing) (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 6 (p.87) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Amir C. Tayrani (Filing fee $100; Receipt number ATXNDC-14564434) filed by Ryan, LLC (Attachments: # 1 (p.47) Certificate of Good Standing) (Kiernan, Elizabeth) (Entered: 04/23/2024) |

| | | |
|---|---|---|
| 04/23/2024 | 7 (p.92) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Aaron Hauptman (Filing fee $100; Receipt number ATXNDC-14564440) filed by Ryan, LLC (Attachments: # 1 (p.47) Certificate of Good Standing) (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 8 (p.96) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Joshua R. Zuckerman (Filing fee $100; Receipt number ATXNDC-14564443) filed by Ryan, LLC (Attachments: # 1 (p.47) Certificate of Good Standing) (Kiernan, Elizabeth) (Entered: 04/23/2024) |
| 04/23/2024 | 14 (p.101) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (kcr) (Entered: 04/24/2024) |
| 04/24/2024 | 9 | ELECTRONIC ORDER granting 4 (p.76) Application for Admission Pro Hac Vice of Eugene Scalia. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 4/24/2024) (chmb) (Entered: 04/24/2024) |
| 04/24/2024 | 10 | ELECTRONIC ORDER granting 5 (p.82) Application for Admission Pro Hac Vice of Andrew Kilberg. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 4/24/2024) (chmb) (Entered: 04/24/2024) |
| 04/24/2024 | 11 | ELECTRONIC ORDER granting 6 (p.87) Application for Admission Pro Hac Vice of Amir C. Tayrani. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 4/24/2024) (chmb) (Entered: 04/24/2024) |
| 04/24/2024 | 12 | ELECTRONIC ORDER granting 7 (p.92) Application for Admission Pro Hac Vice of Aaron Hauptman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 4/24/2024) (chmb) (Entered: 04/24/2024) |
| 04/24/2024 | 13 | ELECTRONIC ORDER granting 8 (p.96) Application for Admission Pro Hac Vice of Joshua R. Zuckerman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 4/24/2024) (chmb) (Entered: 04/24/2024) |
| 04/24/2024 | 15 (p.103) | Summons issued as to Federal Trade Commission, U.S. Attorney, and U.S. Attorney General. (kcr) (Entered: 04/24/2024) |
| 04/25/2024 | 16 | Court Request for Recusal: Magistrate Judge David L. Horan recused pursuant to Special Order 3-346. Magistrate Judge Renee Harris Toliver assigned for matters that may be referred in this case. (ndt) (Entered: 04/25/2024) |
| 04/29/2024 | 17 (p.109) | SUMMONS Returned Executed as to Federal Trade Commission ; served on 4/29/2024. (Attachments: # 1 (p.47) Exhibit A - Certified Mail Receipts, # 2 (p.72) Exhibit B - Delivery Receipt (4/29/2024) - U.S. Attorney's Office for the Northern District of Texas, # 3 (p.74) Exhibit C - Delivery Receipt (4/29/2024) - U.S. |

| | | |
|---|---|---|
| | | Attorney General, # 4 (p.76) Exhibit D - Delivery Receipt (4/29/2024) - U.S. Federal Trade Commission) (Hauptman, Aaron) (Entered: 04/29/2024) |
| 04/29/2024 | 18 (p.122) | NOTICE of Attorney Appearance by Allyson N Ho on behalf of Ryan LLC. (Filer confirms contact info in ECF is current.) (Ho, Allyson) (Entered: 04/29/2024) |
| 04/30/2024 | 19 (p.124) | NOTICE of Attorney Appearance by Rachael Lynn Westmoreland on behalf of Federal Trade Commission. (Filer confirms contact info in ECF is current.) (Westmoreland, Rachael) (Entered: 04/30/2024) |
| 04/30/2024 | 20 (p.126) | NOTICE of Attorney Appearance by Taisa M. Goodnature on behalf of Federal Trade Commission. (Filer confirms contact info in ECF is current.) (Goodnature, Taisa) (Entered: 04/30/2024) |
| 04/30/2024 | 21 (p.128) | NOTICE of Attorney Appearance by Madeline Marie McMahon on behalf of Federal Trade Commission. (Filer confirms contact info in ECF is current.) (McMahon, Madeline) (Entered: 04/30/2024) |
| 05/01/2024 | 22 (p.130) | AMENDED COMPLAINT against Federal Trade Commission filed by Ryan LLC. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.47) Exhibit(s) A) (Ho, Allyson) (Entered: 05/01/2024) |
| 05/01/2024 | 23 (p.734) | MOTION to Stay *Effective Date and for Preliminary Injunction* filed by Ryan LLC (Attachments: # 1 (p.47) Declaration of Amy Tice, # 2 (p.72) Proposed Order) (Ho, Allyson) Modified on 5/29/2024 (ali). (Entered: 05/01/2024) |
| 05/01/2024 | 24 (p.751) | Brief/Memorandum in Support filed by Ryan LLC re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction* (Ho, Allyson) (Entered: 05/01/2024) |
| 05/01/2024 | 25 (p.791) | Emergency MOTION to Expedite *Briefing regarding Its Motion for Stay of Effective Date and Preliminary Injunction* filed by Ryan LLC (Attachments: # 1 (p.47) Proposed Order) (Ho, Allyson) (Entered: 05/01/2024) |
| 05/01/2024 | 26 (p.797) | Brief/Memorandum in Support filed by Ryan LLC re 25 (p.791) Emergency MOTION to Expedite *Briefing regarding Its Motion for Stay of Effective Date and Preliminary Injunction* (Ho, Allyson) (Entered: 05/01/2024) |
| 05/01/2024 | 27 (p.805) | NOTICE of Attorney Appearance by Arjun Mody on behalf of Federal Trade Commission. (Filer confirms contact info in ECF is current.) (Mody, Arjun) (Entered: 05/01/2024) |
| 05/02/2024 | 28 (p.807) | RESPONSE filed by Federal Trade Commission re: 25 (p.791) Emergency MOTION to Expedite *Briefing regarding Its Motion for Stay of Effective Date and Preliminary Injunction* (Westmoreland, Rachael) (Entered: 05/02/2024) |
| 05/02/2024 | 29 (p.814) | ORDER re 25 (p.791) Emergency MOTION to Expedite: Responses due by 5/7/2024. (Ordered by Judge Ada Brown on 5/2/2024) (kaf) (Entered: 05/02/2024) |
| 05/02/2024 | 30 (p.815) | REPLY filed by Ryan LLC re: 25 (p.791) Emergency MOTION to Expedite *Briefing regarding Its Motion for Stay of Effective Date and Preliminary Injunction* (Ho, Allyson) (Entered: 05/02/2024) |
| 05/07/2024 | | |

**RE.23**

| | | |
|---|---|---|
| | 31<br>(p.821) | ORDER: Before the Court is Plaintiff Ryan LLC's (hereinafter "Ryan') Motion for Expedited Briefing Regarding its Motion for Stay of Effective Date and Preliminary Injunction. (ECF No. 25). Defendant Federal Trade Commission (hereinafter "FTC") has responded to this Motion. (ECF No. 28). Plaintiff Ryan has replied. (ECF No. 30). Thus, the Motion is fully briefed. The Court hereby DENIES Plaintiff Ryan's Motion for Expedited Briefing Regarding its Motion for Stay of Effective Date and Preliminary Injunction. (ECF No. 25).<br><br>In accordance with the Northern District of Texas' Civil Local Rules, the Court ORDERS Defendant FTC to file any opposition to Plaintiff Ryan's Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), by May 22, 2024. The Court further ORDERS Plaintiff Ryan to file any reply in support of its Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), by June 5, 2024. The Court will issue a decision on the merits of Plaintiff Ryan's Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), by July 3, 2024. If the Court determines a hearing on the merits for Plaintiff Ryan LLC's Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), is warranted, the Court sets the date for the hearing as June 17, 2024. By June 6, 2024, the Court will notify the parties if a hearing will be held on June 17, 2024. (Ordered by Judge Ada Brown on 5/7/2024) (chmb) (Entered: 05/07/2024) |
| 05/08/2024 | 32<br>(p.823) | Unopposed MOTION to Intervene *as Plaintiffs* filed by The Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, Longview Chamber of Commerce (Attachments: # 1 (p.47) Proposed Order) (Sayles, Robert) (Entered: 05/08/2024) |
| 05/08/2024 | 33<br>(p.830) | Brief/Memorandum in Support filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America re 32 (p.823) Unopposed MOTION to Intervene *as Plaintiffs* (Sayles, Robert) (Entered: 05/08/2024) |
| 05/09/2024 | 34<br>(p.842) | ORDER - Before the Court is the Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce's ("Intervenors") Unopposed Motion to Intervene as Plaintiffs. (ECF No. 32). The Court, having considered the arguments and evidence of the parties, is of the opinion that Intervenors' motion should be GRANTED as explained hereunder.<br><br>The Court finds that Intervenors' motion is timely, they have an interest in the subject of the action, the disposition of this action may impair or impede their interest, and their interest may be inadequately represented by the existing parties. The Court further finds that Intervenors have a claim that shares a common question of law or fact with this action and that permitting intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Thus, it is ordered that Intervenors' Motion to Intervene as Plaintiffs is hereby GRANTED.<br><br>Further, upon review of Defendant Federal Trade Commissions position on the briefing schedule if intervention is granted, the Court MODIFIES the existing briefing schedule on injunctive relief, (see ECF No. 31), as follows:<br><br>1. May 29, 2024: Deadline for Defendants' consolidated response, with word limit of 4,250.<br><br>2. June 12, 2024: Deadline for Intervenors' and Ryan, LLC's replies. |

| | | |
|---|---|---|
| | | 3. June 13, 2024: Deadline for Court to notify the parties if a hearing will be held on June 17, 2024.<br><br>4. June 17, 2024: Potential hearing date on Intervenors' and Ryan, LLC's motions to stay, if the Court deems it necessary. (Ordered by Judge Ada Brown on 5/9/2024) (chmb) (Ordered by Judge Ada Brown on 5/9/2024) (chmb) (Entered: 05/09/2024) |
| 05/09/2024 | 35<br>(p.844) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14605617) filed by The Chamber of Commerce of the United States of America Attorney Jordan Von Bokern added to party The Chamber of Commerce of the United States of America(pty:intvp) (Von Bokern, Jordan) (Entered: 05/09/2024) |
| 05/09/2024 | 36<br>(p.849) | MOTION for Unopposed Enlargement of Word Limit filed by Federal Trade Commission (Attachments: # 1 (p.47) Proposed Order) (Westmoreland, Rachael) (Entered: 05/09/2024) |
| 05/09/2024 | 37<br>(p.856) | INTERVENOR COMPLAINT *for Declaratory and Injunctive Relief* against Federal Trade Commission filed by The Chamber of Commerce of the United States of America, Texas Association of Business, Business Roundtable, Longview Chamber of Commerce. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Sayles, Robert) (Entered: 05/09/2024) |
| 05/09/2024 | 38<br>(p.918) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America. (Clerk QC note: No affiliate entered in ECF). (Sayles, Robert) (Entered: 05/09/2024) |
| 05/09/2024 | 39<br>(p.920) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14607083) filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Certificate of Standing, # 2 (p.72) Proposed Order) (Wall, Jeffrey) (Entered: 05/09/2024) |
| 05/09/2024 | 40<br>(p.926) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14607094) filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Certificate of Good Standing, # 2 (p.72) Proposed Order) (Littleton, Judson) (Entered: 05/09/2024) |
| 05/10/2024 | 41 | ELECTRONIC ORDER granting 35 (p.844) Application for Admission Pro Hac Vice of Jordan L. Von Bokern. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/10/2024) (chmb) (Entered: 05/10/2024) |
| 05/10/2024 | 42<br>(p.932) | ORDER granting 36 (p.849) Unopposed Motion for Enlargement of Word Limit. It is ORDERED that FTC's consolidated opposition brief regarding the requested injunctive relief due on 5/29/2024, shall not exceed 10,000 words. (Ordered by Judge Ada Brown on 5/10/2024) (ykp) (Entered: 05/10/2024) |
| 05/10/2024 | 43 | |

| | | |
|---|---|---|
| | | ELECTRONIC ORDER granting 39 (p.920) Application for Admission Pro Hac Vice of Jeffrey B. Wall. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/10/2024) (chmb) (Entered: 05/10/2024) |
| 05/10/2024 | 44 | ELECTRONIC ORDER granting 40 (p.926) Application for Admission Pro Hac Vice of Judson O. Littleton. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/10/2024) (chmb) (Entered: 05/10/2024) |
| 05/10/2024 | 45 (p.933) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Tyler S. Badgley (Filing fee $100; Receipt number ATXNDC-14607870) filed by The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Proposed Order) (Sayles, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 46 (p.939) | MOTION to Stay *Effective Date and for Preliminary Injunction* filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Proposed Order) (Sayles, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 47 (p.945) | Brief/Memorandum in Support filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America re 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injunction* (Attachments: # 1 (p.47) Exhibit(s) A, # 2 (p.72) Exhibit(s) B, # 3 (p.74) Exhibit(s) C, # 4 (p.76) Exhibit(s) D, # 5 (p.82) Exhibit(s) E, # 6 (p.87) Exhibit(s) F, # 7 (p.92) Exhibit(s) G) (Sayles, Robert) (Entered: 05/10/2024) |
| 05/13/2024 | 48 | ELECTRONIC ORDER granting 45 (p.933) Application for Admission Pro Hac Vice of Tyler S. Badgley. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/13/2024) (chmb) (Entered: 05/13/2024) |
| 05/14/2024 | 49 (p.1042) | Unopposed MOTION for Leave to File Amicus Curiae Brief in Support of Plaintiffs' 23 (p.734) , 46 (p.939) Motions to Stay Effective Date and Preliminary Injunction (The "Motions"), filed by National Retail Federation, National Federation of Independent Business Small Business Legal Center, Inc., International Franchise Association, Associated Builders and Contractors, Inc., American Hotel & Lodging Association, National Association of Wholesaler Distributors, Independent Electrical Contractors, Consumer Technology Association, United States Council for International Business, The Home Care Association of America, The Restaurant Law Center. Attorney Edward Joseph Loya, Jr added to parties. (Attachments: # 1 (p.47) Brief of Amici Curiae, # 2 (p.72) Exhibit(s) Exhibit A to Brief of Amici Curiae, # 3 (p.74) Proposed Order). (Loya, Edward) Docket text modified on 5/15/2024 (twd). (Entered: 05/14/2024) |
| 05/14/2024 | 50 (p.1084) | Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Intervenors' Motions for Stay and Preliminary Injunction filed by National Association of Manufacturers (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Brief Amicus Curiae). Attorney Richard D Salgado added. (Salgado, Richard) Docket text modified on 5/15/2024 (twd). (Entered: 05/14/2024) |
| 05/15/2024 | | |

RE.26

| | 51<br>(p.1120) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14620989) filed by The Securities Industry and Financial Markets Association, The Futures Industry Association, The Managed Funds Association, The American Investment Council (Attachments: # 1 (p.47) Certificate of Good Standing). Party The Securities Industry and Financial Markets Association added. (Saharsky, Nicole) (Entered: 05/15/2024) |
|---|---|---|
| 05/15/2024 | 52<br>(p.1125) | ORDER granting 49 (p.1042) Motion for Leave to File a Brief in Support of the Plaintiffs' Motions for Stay of Effective Date and Preliminary Injunction. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 5/15/2024) (cfk) (Entered: 05/15/2024) |
| 05/15/2024 | 53<br>(p.1126) | Brief/Memorandum in Support filed by American Hotel & Lodging Association, Associated Builders and Contractors Inc, Consumer Technology Association, Independent Electrical Contractors, International Franchise Association, National Association of Wholesaler Distributors, National Federation of Independent Business Small Business Legal Center Inc, National Retail Federation, The Home Care Association of America, The Restaurant Law Center, United States Council for International Business re: 23 (p.734) 46 (p.939) MOTIONs to Stay *Effective Date and for Preliminary Injunction*. (cfk) (Entered: 05/15/2024) |
| 05/15/2024 | 54<br>(p.1161) | ORDER granting 50 (p.1084) Motion for Leave to File a brief amicus curiae in support of Plaintiff's and Intervenors' motions for a stay and a preliminary injunction. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 5/15/2024) (cfk) (Entered: 05/15/2024) |
| 05/15/2024 | 55<br>(p.1162) | Brief/Memorandum in Support filed by National Association of Manufacturers re: 23 (p.734) 46 (p.939) MOTIONs to Stay *Effective Date and for Preliminary Injunction*. (cfk) (Entered: 05/15/2024) |
| 05/15/2024 | 56<br>(p.1188) | MOTION to Waive Local Counsel Requirement re 51 (p.1120) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14620989) filed by The American Investment Council, The Futures Industry Association, The Managed Funds Association, The Securities Industry and Financial Markets Association (Attachments: # 1 (p.47) Proposed Order) (Saharsky, Nicole) (Entered: 05/15/2024) |
| 05/15/2024 | 57<br>(p.1194) | Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Intervenors' Motions for a Preliminary Injunction filed by The American Investment Council, The Futures Industry Association, The Managed Funds Association, The Securities Industry and Financial Markets Association (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Proposed Brief) (Saharsky, Nicole) (Entered: 05/15/2024) |
| 05/16/2024 | 58 | ELECTRONIC ORDER granting 51 (p.1120) Application for Admission Pro Hac Vice of Nicole A. Saharsky. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/16/2024) (chmb) (Entered: 05/16/2024) |
| 05/16/2024 | 59<br>(p.1239) | ORDER granting 57 (p.1194) Motion for Leave to File. It is therefore ORDERED that the amicus brief, (ECF No. 57-2), is considered filed. (Ordered by Judge Ada Brown on 5/16/2024) (ndt) (Entered: 05/16/2024) |
| 05/16/2024 | | |

| | | |
|---|---|---|
| | 60<br>(p.1240) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14625606) filed by American Hotel & Lodging Association, Associated Builders and Contractors Inc, Consumer Technology Association, Independent Electrical Contractors, International Franchise Association, National Association of Wholesaler Distributors, National Federation of Independent Business Small Business Legal Center Inc, National Retail Federation, The Home Care Association of America, The Restaurant Law Center, United States Council for International Business (Attachments: # 1 (p.47) Exhibit(s) A, # 2 (p.72) Certificate of Good Standing)Attorney Erik W Weibust added to party American Hotel & Lodging Association(pty:mov), Attorney Erik W Weibust added to party Associated Builders and Contractors Inc(pty:mov), Attorney Erik W Weibust added to party Consumer Technology Association(pty:mov), Attorney Erik W Weibust added to party Independent Electrical Contractors(pty:mov), Attorney Erik W Weibust added to party International Franchise Association(pty:mov), Attorney Erik W Weibust added to party National Association of Wholesaler Distributors(pty:mov), Attorney Erik W Weibust added to party National Federation of Independent Business Small Business Legal Center Inc(pty:mov), Attorney Erik W Weibust added to party National Retail Federation(pty:mov), Attorney Erik W Weibust added to party The Home Care Association of America(pty:mov), Attorney Erik W Weibust added to party The Restaurant Law Center(pty:mov), Attorney Erik W Weibust added to party United States Council for International Business(pty:mov) (Weibust, Erik) (Entered: 05/16/2024) |
| 05/16/2024 | 61<br>(p.1245) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14625636) filed by American Hotel & Lodging Association, Associated Builders and Contractors Inc, Consumer Technology Association, Independent Electrical Contractors, International Franchise Association, National Association of Wholesaler Distributors, National Federation of Independent Business Small Business Legal Center Inc, National Retail Federation, The Home Care Association of America, The Restaurant Law Center, United States Council for International Business (Attachments: # 1 (p.47) Exhibit(s) A, # 2 (p.72) Certificate of Good Standing)Attorney Katherine G. Rigby added to party American Hotel & Lodging Association(pty:mov), Attorney Katherine G. Rigby added to party Associated Builders and Contractors Inc(pty:mov), Attorney Katherine G. Rigby added to party Consumer Technology Association(pty:mov), Attorney Katherine G. Rigby added to party Independent Electrical Contractors(pty:mov), Attorney Katherine G. Rigby added to party International Franchise Association(pty:mov), Attorney Katherine G. Rigby added to party National Association of Wholesaler Distributors(pty:mov), Attorney Katherine G. Rigby added to party National Federation of Independent Business Small Business Legal Center Inc(pty:mov), Attorney Katherine G. Rigby added to party National Retail Federation(pty:mov), Attorney Katherine G. Rigby added to party The Home Care Association of America(pty:mov), Attorney Katherine G. Rigby added to party The Restaurant Law Center(pty:mov), Attorney Katherine G. Rigby added to party United States Council for International Business(pty:mov) (Rigby, Katherine) (Entered: 05/16/2024) |
| 05/17/2024 | 62 | ELECTRONIC ORDER granting 60 (p.1240) Application for Admission Pro Hac Vice of Erik W. Weibust. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/17/2024) (chmb) (Entered: 05/17/2024) |
| 05/17/2024 | 63 | |

| | | |
|---|---|---|
| | | ELECTRONIC ORDER granting 61 (p.1245) Application for Admission Pro Hac Vice of Katherine G. Rigby. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/17/2024) (chmb) (Entered: 05/17/2024) |
| 05/17/2024 | 64 (p.1250) | ORDER GRANTING 56 (p.1188) MOTION OF THE SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, THE FUTURES INDUSTRY ASSOCIATION, THE MANAGED FUNDS ASSOCIATION, AND THE AMERICAN INVESTMENT COUNCIL FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL. (Ordered by Judge Ada Brown on 5/17/2024) (kaf) (Entered: 05/17/2024) |
| 05/24/2024 | 65 (p.1251) | Brief/Memorandum in Support filed by Society for Human Resource Management re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injuction* (Attachments: # 1 (p.47) Exhibit(s) Amicus Brief, # 2 (p.72) Proposed Order Granting Unopposed Mtn) (Macaluso, Tricia) (Entered: 05/24/2024) |
| 05/24/2024 | 66 (p.1282) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14647205) filed by The Partnership for New York City (Attachments: # 1 (p.47) Certificate of Good Standing). Party The Partnership for New York City added.Attorney Christopher Lynch added to party The Partnership for New York City(pty:am) (Lynch, Christopher) (Entered: 05/24/2024) |
| 05/24/2024 | 67 (p.1287) | MOTION to Waive Local Counsel Requirement re 66 (p.1282) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14647205) filed by The Partnership for New York City (Attachments: # 1 (p.47) Proposed Order) (Lynch, Christopher) (Entered: 05/24/2024) |
| 05/24/2024 | 68 (p.1293) | Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Plaintiffs-Intervenors' Motions to Stay Effective Date and for Preliminary Injunction filed by The Partnership for New York City with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Proposed Brief) (Lynch, Christopher) (Entered: 05/24/2024) |
| 05/28/2024 | 69 (p.1323) | ORDER GRANTING UNOPPOSED MOTION OF THE SOCIETY FOR HUMAN RESOURCE MANAGEMENT FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S AND INTERVENORS' MOTIONS FOR STAY AND PRELIMINARY INJUNCTION. (Ordered by Judge Ada Brown on 5/28/2024) (ndt) (Entered: 05/28/2024) |
| 05/28/2024 | 70 | ELECTRONIC ORDER granting 66 (p.1282) Application for Admission Pro Hac Vice of Christopher Lynch. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/28/2024) (chmb) (Entered: 05/28/2024) |
| 05/28/2024 | 71 (p.1324) | ORDER granting 68 (p.1293) Motion for Leave to File. (Ordered by Judge Ada Brown on 5/28/2024) (ndt) (Entered: 05/28/2024) |
| 05/28/2024 | 72 (p.1325) | BRIEF OF AMICUS CURIAE OF THE SOCIETY FOR HUMAN RESOURCE MANAGEMENT IN SUPPORT OF PLAINTIFF'S AND INTERVENORS' MOTION FOR STAY AND PRELIMINARY INJUNCTION. (ndt) (Entered: |

| | | 05/28/2024) |
|---|---|---|
| 05/28/2024 | 73 (p.1350) | BRIEF OF THE PARTNERSHIP FOR NEW YORK CITY AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S AND PLAINTIFFS-INTERVENORS' MOTIONS TO STAY EFFECTIVE DATE AND FOR PRELIMINARY INJUNCTION. (ndt) (Entered: 05/28/2024) |
| 05/28/2024 | 74 (p.1373) | ORDER granting 67 (p.1287) Motion to Waive Local Counsel Requirement. (Ordered by Judge Ada Brown on 5/28/2024) (cfk) (Entered: 05/28/2024) |
| 05/28/2024 | 75 (p.1374) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14649804) filed by The Partnership for New York City (Attachments: # 1 (p.47) Certificate of Good Standing)Attorney Arthur Burke added to party The Partnership for New York City(pty:mov) (Burke, Arthur) (Entered: 05/28/2024) |
| 05/28/2024 | 76 | ELECTRONIC ORDER granting 75 (p.1374) Application for Admission Pro Hac Vice of Arthur J. Burke. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/28/2024) (chmb) (Entered: 05/28/2024) |
| 05/28/2024 | 77 (p.1380) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14650302) filed by The Partnership for New York City (Attachments: # 1 (p.47) Certificate of Good Standing)Attorney Neal Mehrotra added to party The Partnership for New York City(pty:mov) (Mehrotra, Neal) (Entered: 05/28/2024) |
| 05/28/2024 | 78 | ELECTRONIC ORDER granting 77 (p.1380) Application for Admission Pro Hac Vice of Neal Mehrotra. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/28/2024) (chmb) (Entered: 05/28/2024) |
| 05/29/2024 | 79 (p.1384) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14652580) filed by Society for Human Resource Management (Mintz, Marcus) (Main Document 79 flattened on 5/31/2024) (kcr). (Entered: 05/29/2024) |
| 05/29/2024 | 80 | ELECTRONIC ORDER granting 79 (p.1384) Application for Admission Pro Hac Vice of Marcus L. Mintz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/29/2024) (chmb) (Entered: 05/29/2024) |
| 05/29/2024 | 81 (p.1390) | RESPONSE filed by Federal Trade Commission re: 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injuction* (Westmoreland, Rachael) (Entered: 05/29/2024) |
| 05/29/2024 | 82 (p.1395) | Brief/Memorandum in Support filed by Federal Trade Commission re 81 (p.1390) Response/Objection *to Plaintiffs' Motions to Stay and for Preliminary Injunctions* (Westmoreland, Rachael) (Entered: 05/29/2024) |
| 05/29/2024 | 83 (p.1449) | Joint MOTION for Leave to File Joint Appendix Containing Relevant Portions of the Administrative Record filed by Federal Trade Commission (Attachments: # 1 (p.47) Proposed Order) (Westmoreland, Rachael) (Entered: 05/29/2024) |

| | | |
|---|---|---|
| 05/30/2024 | 84 (p.1456) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14655323) filed by Public Citizen, National Employment Law Project (Attachments: # 1 (p.47) Proposed Order). Party Public Citizen and National Employment Law Project added.Attorney Wendy Liu added to party Public Citizen(pty:mov), Attorney Wendy Liu added to party National Employment Law Project(pty:mov) (Liu, Wendy) (Main Document 84 flattened on 5/30/2024) (kcr). (Main Document 84 replaced on 5/31/2024) (knb). (Entered: 05/30/2024) |
| 05/30/2024 | 85 (p.1462) | Unopposed MOTION for Leave to File Amicus Curiae Brief filed by Public Citizen with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Brief, # 2 (p.72) Proposed Order)Attorney John E Wall, Jr added to party Public Citizen(pty:mov) (Wall, John) (Entered: 05/30/2024) |
| 05/30/2024 | 86 (p.1496) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Public Citizen. (Clerk QC note: No affiliate entered in ECF). (Wall, John) (Entered: 05/30/2024) |
| 05/30/2024 | 87 (p.1498) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by National Employment Law Project. (Clerk QC note: No affiliate entered in ECF). (Wall, John) (Entered: 05/30/2024) |
| 05/30/2024 | 88 (p.1500) | ORDER granting 83 (p.1449) joint motion for leave to file joint appendix. By 6/14/2024 for the pending motions to stay, and within 14 days after the close of briefing for each subsequent motion for which briefs filed by any party rely on the record, the parties shall file a joint appendix containing only the cited portions of the record. (The requesting party must file the document with the clerk.) (Ordered by Judge Ada Brown on 5/30/2024) (agc) (Entered: 05/30/2024) |
| 05/30/2024 | 89 (p.1501) | ORDER GRANTING 85 (p.1462) CONSENT MOTION OF PUBLIC CITIZEN AND NATIONAL EMPLOYMENT LAW PROJECT FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTIONS FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 5/30/2024) (agc) (Entered: 05/30/2024) |
| 05/30/2024 | 90 (p.1503) | BRIEF OF AMICI CURIAE PUBLIC CITIZEN AND NATIONAL EMPLOYMENT LAW PROJECT IN SUPPORT OF DEFENDANTS RESPONSE TO PLAINTIFFS' 23 (p.734) , 46 (p.939) MOTIONS FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION. (agc) (Entered: 05/30/2024) |
| 05/30/2024 | 91 (p.1529) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Michael D. Wexler (Filing fee $100; Receipt number ATXNDC-14657050) filed by Society for Human Resource Management Attorney Tricia Wisenbaker Macaluso added to party Society for Human Resource Management(pty:am) (Macaluso, Tricia) (Main Document 91 replaced on 5/30/2024) (kcr). (Entered: 05/30/2024) |
| 05/30/2024 | 92 (p.1536) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14657323) filed by Amici Curiae Law Professors with Brief/Memorandum in Support.. Party Amici Curiae Law Professors added.Attorney Phillip R. Malone added to party Amici Curiae Law Professors(pty:mov) (Malone, Phillip) (Entered: 05/30/2024) |
| 05/30/2024 | | |

| | 93 (p.1542) | MOTION Leave to Proceed Without Local Counsel re 92 (p.1536) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14657323) filed by Amici Curiae Law Professors (Attachments: # 1 (p.47) Proposed Order) (Malone, Phillip) (Entered: 05/30/2024) |
|---|---|---|
| 05/31/2024 | 94 | ELECTRONIC ORDER granting 91 (p.1529) Application for Admission Pro Hac Vice of Michael D. Wexler. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 95 | ELECTRONIC ORDER granting 92 (p.1536) Application for Admission Pro Hac Vice of Phillip R. Malone. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 96 | ELECTRONIC ORDER granting 93 (p.1542) Motion. Before the Court is the Motion for Leave to Proceed Without Local Counsel filed by amici curiae Law Professors. Having considered the motion, the Court finds that it is well taken and GRANTS the motion. It is therefore ORDERED that amici curiae may proceed in this matter without local counsel. (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 97 (p.1548) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14660426) filed by Peter M. Shane, Jeffrey Lubbers, William Araiza (Attachments: # 1 (p.47) Certificate of Good Standing). Party Professors William Araiza, Jeffrey Lubbers, and Peter M. Shane added.Attorney Mark Samburg added to party Peter M. Shane(pty:am), Attorney Mark Samburg added to party Jeffrey Lubbers(pty:am), Attorney Mark Samburg added to party William Araiza(pty:am) (Samburg, Mark) (Entered: 05/31/2024) |
| 05/31/2024 | 98 (p.1552) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Robin F. Thurston (Filing fee $100; Receipt number ATXNDC-14660486) filed by William Araiza, Jeffrey Lubbers, Peter M. Shane (Attachments: # 1 (p.47) Certificate of Good Standing) (Samburg, Mark) (Entered: 05/31/2024) |
| 05/31/2024 | 99 (p.1556) | MOTION to Waive Local Counsel Requirement re 98 (p.1552) Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Robin F. Thurston (Filing fee $100; Receipt number ATXNDC-14660486), 97 (p.1548) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14660426) filed by William Araiza, Jeffrey Lubbers, Peter M. Shane (Attachments: # 1 (p.47) Proposed Order) (Samburg, Mark) (Entered: 05/31/2024) |
| 05/31/2024 | 100 (p.1560) | Unopposed MOTION for Leave to File Brief of Amici Curiae in Support of Defendants' Response to Plaintiffs' Motions for Stay of Effective Date and for Preliminary Injunction filed by William Araiza, Jeffrey Lubbers, Peter M. Shane (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Proposed Brief) (Samburg, Mark) (Entered: 05/31/2024) |
| 05/31/2024 | 101 (p.1590) | Unopposed MOTION for Leave to File a Brief as Amici Curiae in Opposition to the Pending Motions for Stay of Effective Date or Preliminary Injunction filed by Twelve Texas Local Elected Officials (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Brief of Amici Curiae). Party Twelve Texas Local Elected Officials |

| | | |
|---|---|---|
| | | added.Attorney Darren P Nicholson added to party Twelve Texas Local Elected Officials(pty:am) (Nicholson, Darren) (Entered: 05/31/2024) |
| 05/31/2024 | 102 | ELECTRONIC ORDER granting 84 (p.1456) Application for Admission Pro Hac Vice of Wendy Liu. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 103 | ELECTRONIC ORDER granting 97 (p.1548) Application for Admission Pro Hac Vice of Mark B. Samburg. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 104 | ELECTRONIC ORDER granting 98 (p.1552) Application for Admission Pro Hac Vice of Robin F. Thurston. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 5/31/2024) (chmb) (Entered: 05/31/2024) |
| 05/31/2024 | 105 (p.1617) | ORDER granting 100 (p.1560) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 5/31/2024) (kcr) (Entered: 05/31/2024) |
| 05/31/2024 | 106 (p.1618) | BRIEF OF AMICI CURIAE ADMINISTRATIVE LAW SCHOLARS IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS FOR STAY OF EFFECTIVE DATE ANDPRELIMINARY INJUNCTION. (kcr) (Entered: 05/31/2024) |
| 05/31/2024 | 107 (p.1643) | ORDER granting 101 (p.1590) MOTION for Leave to File a Brief as Amici Curiae in Opposition to the Pending Motions for Stay of Effective Date or Preliminary Injunction. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 5/31/2024) (kcr) (Entered: 05/31/2024) |
| 05/31/2024 | 108 (p.1644) | PROPOSED BRIEF OF TWELVE TEXAS LOCAL ELECTED OFFICIALSAS AMICI CURIAE IN OPPOSITION TO THE PENDING 23 (p.734) MOTIONS FORSTAY OF EFFECTIVE DATE OR PRELIMINARY INJUNCTION. (kcr) (Entered: 05/31/2024) |
| 05/31/2024 | 109 (p.1665) | Unopposed MOTION for Leave to File a Brief as Amici Curiae in Opposition to the Pending Motions for Stay of Effective Date or Preliminary Injunction filed by Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO) (Attachments: # 1 (p.47) Exhibit(s), # 2 (p.72) Proposed Order). Party Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO) added.Attorney Ashley E Tremain added to party Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO)(pty:am) (Tremain, Ashley) (Entered: 05/31/2024) |
| 05/31/2024 | 110 (p.1698) | NOTICE of *Corrected Amicus Brief* re: 68 (p.1293) Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Plaintiffs-Intervenors' Motions to Stay Effective Date and for Preliminary Injunction, 71 (p.1324) Order on Motion for Leave to File filed by The Partnership for New York City (Lynch, Christopher) (Entered: 05/31/2024) |

**RE.33**

| | | |
|---|---|---|
| 05/31/2024 | 111 (p.1719) | Unopposed MOTION for Leave to File a Brief of Legal Scholars as Amici Curiae in Support of Defendant Federal Trade Commission's Opposition to Plaintiff's and Intervenors' Motions for a Preliminary Injunction filed by Legal Scholars (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Brief of Amici Curiae). Party Legal Scholars added.Attorney Darren P Nicholson added to party Legal Scholars(pty:am) (Nicholson, Darren) (Entered: 05/31/2024) |
| 06/03/2024 | 112 (p.1747) | ORDER granting 109 (p.1665) Motion for Leave to File Brief as Amici Curiae in Opposition to the Pending Motions for Stay of Effective Date or Preliminary Injunction. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/3/2024) (agc) (Entered: 06/03/2024) |
| 06/03/2024 | 113 (p.1749) | BRIEF OF AMICUS CURIAE TEXAS AFL-CIO IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' 23 (p.734) , 46 (p.939) MOTIONS FOR STAY OF EFFECTIVE DATE AND PRELIMINARY INJUNCTION. (agc) (Entered: 06/03/2024) |
| 06/03/2024 | 114 (p.1774) | ORDER granting 111 (p.1719) Unopposed MOTION for Leave to File a Brief of Legal Scholars as Amici Curiae in Support of Defendant Federal Trade Commission's Opposition to Plaintiff's and Intervenors' Motions for a Preliminary Injunction. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/3/2024) (agc) (Entered: 06/03/2024) |
| 06/03/2024 | 115 (p.1775) | BRIEF OF LEGAL SCHOLARS AS AMICI CURIAE IN SUPPORT OF DEFENDANT FEDERAL TRADE COMMISSION'S OPPOSITION TO PLAINTIFF'S AND INTERVENORS' 23 (p.734) , 46 (p.939) MOTIONS FOR A PRELIMINARY INJUNCTION. (agc) (Entered: 06/03/2024) |
| 06/03/2024 | 116 | ELECTRONIC ORDER granting 99 (p.1556) Motion. Before the Court is the Motion to Proceed Without Local Counsel filed by Professors William Araiza, Jeffrey Lubbers, and Peter M. Shane. The motion is hereby GRANTED. It is therefore ORDERED that amici curiae may proceed in this matter without local counsel. (Ordered by Judge Ada Brown on 6/3/2024) (chmb) (Entered: 06/03/2024) |
| 06/03/2024 | 117 (p.1799) | Unopposed MOTION for Leave to File Brief of Amici Curiae Professors filed by Amici Curiae Law Professors (Attachments: # 1 (p.47) Proposed Brief, # 2 (p.72) Proposed Order) (Malone, Phillip) (Entered: 06/03/2024) |
| 06/04/2024 | 118 (p.1841) | Unopposed MOTION for Leave to File Amicus Brief *in Support of Defendant Federal Trade Commission* filed by Matt Gaetz with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Proposed Order, # 2 (p.72) Exhibit(s)). Party Matt Gaetz added.Attorney Andrew Kloster added to party Matt Gaetz(pty:am) (Kloster, Andrew) (Entered: 06/04/2024) |
| 06/04/2024 | 119 (p.1869) | Application for Admission Pro Hac Vice without Certificate of Good Standing (Clerk Note: Filer states no fee is to be collected due to prior payment or waiver by MO 16 or prior order.) filed by Matt Gaetz (Kloster, Andrew) (Entered: 06/04/2024) |
| 06/04/2024 | 120 (p.1872) | ORDER granting 117 (p.1799) Unopposed MOTION for Leave to File Brief of Amici Curiae Professor. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/4/2024) (kcr) (Entered: 06/04/2024) |
| 06/04/2024 | | |

**RE.34**

| | 121 (p.1873) | BRIEF OF AMICI CURIAE PROFESSORS IN SUPPORT OF DEFENDANT THE FEDERAL TRADE COMMISSION'S OPPOSITION TO PLAINTIFF'S AND INTERVENORS' MOTIONS FOR A PRELIMINARY INJUNCTION filed by Amici Curiae Law Professors re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injunction*. (kcr) (Entered: 06/04/2024) |
|---|---|---|
| 06/04/2024 | 122 (p.1907) | MOTION Waive Local Counsel Requirement re 119 (p.1869) Application for Admission Pro Hac Vice without Certificate of Good Standing (Clerk Note: Filer states no fee is to be collected due to prior payment or waiver by MO 16 or prior order.) filed by Matt Gaetz with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Proposed Order) (Kloster, Andrew) (Entered: 06/04/2024) |
| 06/04/2024 | 123 | ELECTRONIC ORDER granting 119 (p.1869) Application for Admission Pro Hac Vice of Andrew Kloster. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 6/4/2024) (chmb) (Entered: 06/04/2024) |
| 06/04/2024 | 124 | ELECTRONIC ORDER granting 122 (p.1907) Motion. Upon consideration of the motion of Amicus Curiae Members of Congress Matt Gaetz for leave to proceed without local counsel, IT IS HEREBY ORDERED that the motion is granted, and Amicus Matt Gaetz is excused from the requirement of Local Rule 83.10 to obtain local counsel (Ordered by Judge Ada Brown on 6/4/2024) (chmb) (Entered: 06/04/2024) |
| 06/04/2024 | 125 (p.1910) | Unopposed MOTION for Leave to File Amicus Brief in Support of Defendant FTC filed by Small Business Majority Foundation with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Exhibit(s) Proposed Amicus Brief)Attorney Jamie Crooks added to party Small Business Majority Foundation(pty:am) (Crooks, Jamie) (Entered: 06/04/2024) |
| 06/04/2024 | 126 (p.1953) | Unopposed MOTION for Leave to File Without Local Counsel filed by Small Business Majority Foundation with Brief/Memorandum in Support. (Crooks, Jamie) (Entered: 06/04/2024) |
| 06/04/2024 | 127 (p.1959) | ORDER granting 118 (p.1841) Unopposed MOTION for Leave to File Amicus Brief in Support. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/4/2024) (agc) (Entered: 06/05/2024) |
| 06/04/2024 | 128 (p.1960) | AMICUS BRIEF OF U.S. REPRESENTATIVE MATT GAETZ IN SUPPORT OF DEFENDANT FEDERAL TRADE COMMISSION. (agc) (Entered: 06/05/2024) |
| 06/05/2024 | 129 (p.1981) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14670119) filed by American Academy of Emergency Medicine (Attachments: # 1 (p.47) Certificate of Good Standing). Party American Academy of Emergency Medicine added.Attorney Amanda Gale Lewis added to party American Academy of Emergency Medicine(pty:mov) (Lewis, Amanda) (Entered: 06/05/2024) |
| 06/05/2024 | 130 (p.1986) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14670307) filed by Small Business Majority Foundation (Attachments: # 1 (p.47) Certificate of Good Standing) (Crooks, Jamie) (Entered: 06/05/2024) |

| 06/05/2024 | 131 (p.1990) | MOTION to Waive Local Counsel Requirement re 129 (p.1981) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14670119) filed by American Academy of Emergency Medicine (Attachments: # 1 (p.47) Proposed Order) (Lewis, Amanda) (Entered: 06/05/2024) |
|---|---|---|
| 06/05/2024 | 132 (p.1996) | Unopposed MOTION for Leave to File Brief of American Academy of Emergency Medicine in Support of Defendant and in Opposition to Plaintiff's and Intervenors' Motions for Stay of Effective Date and Preliminary Injunction filed by American Academy of Emergency Medicine (Attachments: # 1 (p.47) Exhibit(s), # 2 (p.72) Proposed Order) (Lewis, Amanda) (Entered: 06/05/2024) |
| 06/05/2024 | 133 | ELECTRONIC ORDER granting 126 (p.1953) Motion for Leave to File. Before the Court is the Small Business Majority and Evan Starr's Unopposed Motion for Leave to Proceed Without Local, IT IS HEREBY ORDERED that the motion is granted, and Amici Small Business Majority and Evan Starr are excused from the requirement of Local Rule 83.10 to obtain local counsel. (Ordered by Judge Ada Brown on 6/5/2024) (chmb) (Entered: 06/05/2024) |
| 06/05/2024 | 134 | ELECTRONIC ORDER granting 129 (p.1981) Application for Admission Pro Hac Vice of Amanda G. Lewis. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 6/5/2024) (chmb) (Entered: 06/05/2024) |
| 06/05/2024 | 135 | ELECTRONIC ORDER granting 130 (p.1986) Application for Admission Pro Hac Vice of Jamie W. Crooks. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 6/5/2024) (chmb) (Entered: 06/05/2024) |
| 06/05/2024 | 136 | ELECTRONIC ORDER granting 131 (p.1990) Motion. Upon consideration of the motion of amicus curiae for leave to proceed without local counsel, IT IS HEREBY ORDERED that the motion is granted, and amicus are excused from the requirement of Local Rule 83.10 to obtain local counsel. (Ordered by Judge Ada Brown on 6/5/2024) (chmb) (Entered: 06/05/2024) |
| 06/05/2024 | 137 (p.2026) | ORDER granting 125 (p.1910) Unopposed Motion for Leave to File a Brief as Amici Curiae. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/5/2024) (kcr) (Entered: 06/05/2024) |
| 06/05/2024 | 138 (p.2027) | AMICUS BRIEF OF SMALL BUSINESS MAJORITY AND PROFESSOR EVAN STARR re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injuction*. (kcr) (Entered: 06/05/2024) |
| 06/05/2024 | 139 (p.2063) | ORDER granting 132 (p.1996) Unopposed MOTION for Leave to File Brief of American Academy of Emergency Medicine. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 6/5/2024) (kcr) (Entered: 06/05/2024) |
| 06/05/2024 | 140 (p.2065) | BRIEF AMICUS CURIAE filed by American Academy of Emergency Medicine re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injunction*. (kcr) (Entered: 06/05/2024) |

| 06/10/2024 | 141 (p.2087) | NOTICE of Attorney Appearance by Jesse Maughan Coleman on behalf of Society for Human Resource Management. (Filer confirms contact info in ECF is current.) (Coleman, Jesse) (Entered: 06/10/2024) |
|---|---|---|
| 06/11/2024 | 142 (p.2089) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Joshua A. Rosenthal (Filing fee $100; Receipt number ATXNDC-14685467) filed by William Araiza, Legal Scholars, Jeffrey Lubbers, Peter M. Shane, Small Business Majority Foundation, Society for Human Resource Management, Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO), The American Investment Council, The Futures Industry Association, The Managed Funds Association, The Securities Industry and Financial Markets Association (Attachments: # 1 (p.47) Proposed Order Proposed Order)Attorney Darren P Nicholson added to party William Araiza(pty:am), Attorney Darren P Nicholson added to party Jeffrey Lubbers(pty:am), Attorney Darren P Nicholson added to party Peter M. Shane(pty:am), Attorney Darren P Nicholson added to party Small Business Majority Foundation(pty:am), Attorney Darren P Nicholson added to party Society for Human Resource Management(pty:am), Attorney Darren P Nicholson added to party Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO)(pty:am), Attorney Darren P Nicholson added to party The American Investment Council(pty:am), Attorney Darren P Nicholson added to party The Futures Industry Association(pty:am), Attorney Darren P Nicholson added to party The Managed Funds Association(pty:am), Attorney Darren P Nicholson added to party The Securities Industry and Financial Markets Association(pty:am) (Nicholson, Darren) (Entered: 06/11/2024) |
| 06/11/2024 | 143 (p.2095) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Eushrah Hossain (Filing fee $100; Receipt number ATXNDC-14685535) filed by Twelve Texas Local Elected Officials (Attachments: # 1 (p.47) Proposed Order Proposed Order) (Nicholson, Darren) Modified filer on 6/12/2024 (cfk). (Entered: 06/11/2024) |
| 06/12/2024 | 144 | ELECTRONIC ORDER granting 142 (p.2089) Application for Admission Pro Hac Vice of Joshua A. Rosenthal. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 6/12/2024) (chmb) (Entered: 06/12/2024) |
| 06/12/2024 | 145 | ELECTRONIC ORDER granting 143 (p.2095) Application for Admission Pro Hac Vice of Eushrah Hossain. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 6/12/2024) (chmb) (Entered: 06/12/2024) |
| 06/12/2024 | 146 (p.2100) | REPLY filed by Ryan LLC re: 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injunction* (Ho, Allyson) Modified on linkage 6/13/2024 (ndt). (Entered: 06/12/2024) |
| 06/12/2024 | 147 (p.2120) | Brief/Memorandum in Support filed by The Chamber of Commerce of the United States of America re 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injunction* (Sayles, Robert) Modified linkage on 6/13/2024 (ndt). (Entered: 06/12/2024) |
| 06/13/2024 | 148 (p.2139) | ORDER: The Court DENIES the request for a hearing on injunctive relief. The Court shall determine the request(s) for injunctive relief on the Parties filed briefing. |

| | | |
|---|---|---|
| | | (Ordered by Judge Ada Brown on 6/13/2024) (cfk) (Entered: 06/13/2024) |
| 06/14/2024 | 149 (p.2140) | Appendix in Support filed by Ryan LLC re 23 (p.734) MOTION to Stay *Effective Date and for Preliminary Injunction*, 46 (p.939) MOTION to Stay *Effective Date and for Preliminary Injuction (Joint Appendix)* (Ho, Allyson) (Entered: 06/14/2024) |
| 06/25/2024 | 150 (p.3419) | MOTION (Joint) to Suspend Defendant's Responsive Pleading Deadlines filed by Federal Trade Commission (Attachments: # 1 (p.47) Proposed Order) (Mody, Arjun) (Entered: 06/25/2024) |
| 06/25/2024 | 151 (p.3427) | ORDER granting 150 (p.3419) MOTION (Joint) to Suspend Defendant's Responsive Pleading Deadlines Defendant's. deadlines to file responsive pleadings toPlaintiff's and Plaintiff-Intervenors' operative complaints are suspended, and the parties are further directed to file a joint status report proposing next steps in the case within fourteen days of this Court's decision on the pending motions for a stay of effective date and preliminary injunction. (Ordered by Judge Ada Brown on 6/25/2024) (ykp) (Entered: 06/25/2024) |
| 06/29/2024 | 152 (p.3428) | PLAINTIFF AND PLAINTIFF-INTERVENORS NOTICE OF SUPPLEMENTAL AUTHORITIES by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America. (Attachments: # 1 (p.47) Exhibit(s) A, # 2 (p.72) Exhibit(s) B) (Sayles, Robert) Modified text on 7/1/2024 (kaf). (Entered: 06/29/2024) |
| 07/03/2024 | 153 (p.3496) | MEMORANDUM OPINION AND ORDER - It is ORDERED that Plaintiffs' and Plaintiff-Intervenors' Motions for Stay of Effective Date and Preliminary Injunction are GRANTED, as limited in the Preliminary Injunction Order to follow. (ECF Nos. 23, 46). Thus, the effective date of the Non-Compete Rule is STAYED, and the FTC is hereby ENJOINED from implementing or enforcing the Non-Compete Rule, as limited in the Preliminary Injunction Order to follow. The Court enters the following scheduling order:<br><br>IT IS ORDERED THAT:<br><br>1. The Court previously granted leave regarding a joint status report on the next steps of the casewith regard to schedulingon June 25, 2024. In light of the Courts determinations hereabove, the Court herein MODIFIES the deadline for a joint status report to Tuesday July 9, 2024. The Court anticipates the joint status report to include deadlines for: (i) the FTCs deadlines to file responsive pleadings; (ii) the Parties amended pleading(s) deadlines, if any; (iii) further filing(s) of the administrative record; 16 and (iv) the Parties respective briefing on the merits.<br><br>2. With regard to scheduling, the Court intends to enter a merits disposition on this action on or before August 30, 2024. (Ordered by Judge Ada Brown on 7/3/2024) (chmb) (Main Document 153 replaced on 7/4/2024) (chmb). (Entered: 07/03/2024) |
| 07/03/2024 | 154 (p.3529) | PRELIMINARY INJUNCTION - By separate Memorandum Opinion and Order of this same date, the Court has determined that (i) Plaintiff and Plaintiff-Intervenors (referred collectively as Plaintiffs) are substantially likely to prevail on the merits of their challenge to the FTC's Non-Compete Rule under the Administrative Procedure Act, 5 U.S.C. § 706; (ii) Plaintiffs will suffer irreparable harm if no preliminary injunction issues; (iii) the balance of harms favors the Plaintiffs; and (iv) the public interest favors issuance of a preliminary injunction. The Court therefore enters the following preliminary injunction (i) to take effect today and (ii) to continue effect until the Court's decision on the merits. |

| | | |
|---|---|---|
| | | IT IS ORDERED THAT:<br><br>1. The Federal Trade Commission (FTC) and its respective agents, servants, employees, and attorneys, and all persons acting in concert with the FTC are wholly enjoined from implementation of or enforcement of the Non-Compete Rule-16 C.F.R. § 910.1-.6-against Plaintiff Ryan, LLC, from the date of this order to the Courts final adjudication on the merits. The Court hereby stays the effective date of the Rule as to Plaintiff Ryan, LLC.<br><br>2. The Federal Trade Commission (FTC) and its respective agents, servants, employees, and attorneys, and all persons acting in concert with the FTC are wholly enjoined from implementation of or enforcement of the Non-Compete Rule-16 C.F.R. § 910.1-.6-against Plaintiff Intervenors: Chamber of Commerce of the United States of America; Business Roundtable; Texas Association of Business; and Longview Chamber of Commerce, from the date of this order to the Court's final adjudication on the merits.<br><br>Pursuant to Federal Rule of Civil Procedure 65(c), the Court waives the requirement of a bond. See Fed. R. Civ. P. 65(c). (Ordered by Judge Ada Brown on 7/3/2024) (chmb) (Entered: 07/03/2024) |
| 07/09/2024 | 155 (p.3531) | Joint STATUS REPORT filed by Ryan LLC. (Ho, Allyson) (Entered: 07/09/2024) |
| 07/10/2024 | 156 (p.3539) | ORDER: Before the Court is the Parties' Joint Status Report. (ECF No. 155). After consideration of the Joint Status Report, the Court sets the briefing scheduling for the merits disposition of this proceeding as follows:<br><br>Plaintiff's and Plaintiff Intervenors' motions for summary judgment due by July 19, 2024. (10,000 Words (Each)).<br><br>Defendant's consolidated cross-motion for summary judgment and opposition to Plaintiff's and Plaintiff Intervenors' motions for summary judgment due by July 26, 2024 (20,000 Words).<br><br>Plaintiff's and Plaintiff Intervenors' consolidated oppositions to Defendant's motion for summary judgment and replies in support of Plaintiff's and Plaintiff-Intervenors' motions for summary judgment due by August 9, 2024 (5,000 Words (Each)).<br><br>Defendant's reply in support of its motion for summary judgment due by August 16, 2024 (10,000 Words).<br><br>Joint Appendix due by August 6, 2024 (Word Limit Not Applicable).<br><br>The Court intends to enter its merits disposition on or before August 30, 2024. (Ordered by Judge Ada Brown on 7/10/2024) (chmb) (Entered: 07/10/2024) |
| 07/10/2024 | 157 (p.3541) | Expedited MOTION for Limited Reconsideration of the Scope of Preliminary Relief filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Sayles, Robert) Modified text to reflect document on 7/11/2024 (ykp). (Entered: 07/10/2024) |
| 07/10/2024 | | |

| | | |
|---|---|---|
| | 158<br>(p.3560) | ADDITIONAL ATTACHMENTS to 157 (p.3541) Motion for Reconsideration by Intervenor Plaintiffs Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America. (Sayles, Robert) (Entered: 07/10/2024) |
| 07/10/2024 | 159<br>(p.3562) | MOTION to Expedite filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Proposed Order) (Sayles, Robert) (Entered: 07/10/2024) |
| 07/11/2024 | 160<br>(p.3572) | RESPONSE filed by Federal Trade Commission re: 159 (p.3562) MOTION to Expedite (Goodnature, Taisa) (Entered: 07/11/2024) |
| 07/11/2024 | 161<br>(p.3580) | ORDER - Before the Court is Plaintiff and Plaintiff-Intervenors' Expedited Motion for Limited Reconsideration of the Scope of Preliminary Relief, (ECF No. 157), and Plaintiff and Plaintiff-Intervenors' Motion for Expedited Consideration of their Motion for Limited Reconsideration of the Scope of Preliminary Relief, (ECF No. 159). The Court has reviewed both motions and the FTC's response, (ECF No. 160), and concludes that Plaintiff and Plaintiff-Intervenors have not shown themselves entitled to the respective relief requested. The Court hereby DENIES each motion in its entirety. (Ordered by Judge Ada Brown on 7/11/2024) (chmb) Modified on 7/11/2024 (chmb). (Entered: 07/11/2024) |
| 07/11/2024 | 162<br>(p.3581) | Unopposed MOTION to Amend/Correct 156 (p.3539) Order Setting Deadline/Hearing,,,, filed by Federal Trade Commission (Attachments: # 1 (p.47) Proposed Order) (Goodnature, Taisa) (Entered: 07/11/2024) |
| 07/11/2024 | 163<br>(p.3589) | ORDER: Before the Court is Defendant's Unopposed Motion to Amend Briefing Schedule. (ECF No. 162). After consideration of the Motion, the Court hereby GRANTS the Motion to Amend. Defendant shall file its consolidated cross-motion for summary judgment and opposition to Plaintiff and Plaintiff-Intervenors' motions for summary judgment by August 2, 2024. The briefing schedule set forth in the Court's July 10, 2024, Order, (ECF No. 156), setting the briefing schedule otherwise remains in effect. Thus, the amended briefing schedule for the merits disposition of this proceeding is set as follows:<br><br>Plaintiff's and Plaintiff Intervenors' motions for summary judgment due by July 19, 2024. (10,000 Words (Each)).<br><br>Defendant's consolidated cross-motion for summary judgment and opposition to Plaintiff's and Plaintiff Intervenors' motions for summary judgment due by August 2, 2024 (20,000 Words).<br><br>Plaintiff's and Plaintiff Intervenors' consolidated oppositions to Defendant's motion for summary judgment and replies in support of Plaintiff's and Plaintiff-Intervenors' motions for summary judgment due by August 9, 2024 (5,000 Words (Each)).<br><br>Defendant's reply in support of its motion for summary judgment due by August 16, 2024 (10,000 Words).<br><br>Joint Appendix due by August 16, 2024 (Word Limit Not Applicable).<br><br>The Court intends to enter its merits disposition on or before August 30, 2024. (Ordered by Judge Ada Brown on 7/11/2024) (chmb) (Entered: 07/11/2024) |

**RE.40**

| 07/18/2024 | 164 (p.3591) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Elizabeth Dougherty (Filing fee $100; Receipt number ATXNDC-14774010) filed by Business Roundtable (Sayles, Robert) (Entered: 07/18/2024) |
|---|---|---|
| 07/19/2024 | 165 | ELECTRONIC ORDER granting 164 (p.3591) Application for Admission Pro Hac Vice of Elizabeth Dougherty. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 7/19/2024) (chmb) (Entered: 07/19/2024) |
| 07/19/2024 | 166 (p.3595) | MOTION for Summary Judgment filed by Ryan LLC (Ho, Allyson) (Entered: 07/19/2024) |
| 07/19/2024 | 167 (p.3599) | Brief/Memorandum in Support filed by Ryan LLC re 166 (p.3595) MOTION for Summary Judgment (Ho, Allyson) (Entered: 07/19/2024) |
| 07/19/2024 | 168 (p.3658) | MOTION for Summary Judgment filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America (Attachments: # 1 (p.47) Proposed Order) (Sayles, Robert) (Entered: 07/19/2024) |
| 07/19/2024 | 169 (p.3665) | Brief/Memorandum in Support filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America re 168 (p.3658) MOTION for Summary Judgment (Attachments: # 1 (p.47) Appendix) (Sayles, Robert) (Entered: 07/19/2024) |
| 07/24/2024 | 170 (p.3796) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14789394) filed by American Property Casualty Insurance Association (Attachments: # 1 (p.47) Exhibit(s) Certificate of Good Standing). Party American Property Casualty Insurance Association added.Attorney Paul Arthur Howard, II added to party American Property Casualty Insurance Association(pty:am) (Howard, Paul) (Entered: 07/24/2024) |
| 07/25/2024 | 171 (p.3800) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14792286) filed by American Hospital Association, Federation of American Hospitals (Attachments: # 1 (p.47) Proposed Order). Party American Hospital Association added.Attorney Kelly Anne Carroll added to party American Hospital Association(pty:am), Attorney Kelly Anne Carroll added to party Federation of American Hospitals(pty:am) (Carroll, Kelly) (Entered: 07/25/2024) |
| 07/25/2024 | 172 (p.3805) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14792374) filed by American Hospital Association, Federation of American Hospitals (Attachments: # 1 (p.47) Proposed Order)Attorney Katrina A Pagonis added to party American Hospital Association(pty:am), Attorney Katrina A Pagonis added to party Federation of American Hospitals(pty:am) (Pagonis, Katrina) (Entered: 07/25/2024) |
| 07/25/2024 | 173 (p.3810) | MOTION for Leave to Proceed Without Local Counsel (Unopposed) filed by American Hospital Association, Federation of American Hospitals (Attachments: # 1 (p.47) Proposed Order) (Pagonis, Katrina) (Entered: 07/25/2024) |
| 07/26/2024 | 174 | ELECTRONIC ORDER granting 170 (p.3796) Application for Admission Pro Hac Vice of Paul A. Howard, II. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney |

| | | |
|---|---|---|
| | | appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 7/26/2024) (chmb) (Entered: 07/26/2024) |
| 07/26/2024 | 175 | ELECTRONIC ORDER granting 171 (p.3800) Application for Admission Pro Hac Vice of Kelly A. Carroll. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 7/26/2024) (chmb) (Entered: 07/26/2024) |
| 07/26/2024 | 176 | ELECTRONIC ORDER granting 172 (p.3805) Application for Admission Pro Hac Vice of Katrina A. Pagonis. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 7/26/2024) (chmb) (Entered: 07/26/2024) |
| 07/26/2024 | 177 (p.3817) | Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Intervenors' Motions for Summary Judgment filed by American Property Casualty Insurance Association (Attachments: # 1 (p.47) Proposed Order Proposed Order Granting Leave to File, # 2 (p.72) Brief Amicus Curiae of American Property Casualty Insurance Association) (Howard, Paul) (Entered: 07/26/2024) |
| 07/26/2024 | 178 (p.3844) | Consent MOTION for Leave to File Amici Curiae Brief in Support of Plaintiff's and Plaintiff-Intervenors' Motions for Summary Judgment filed by American Hospital Association, Federation of American Hospitals (Attachments: # 1 (p.47) Exhibit(s) Proposed Amici Curiae Brief, # 2 (p.72) Proposed Order) (Pagonis, Katrina) (Entered: 07/26/2024) |
| 07/29/2024 | 179 | ELECTRONIC ORDER granting 173 (p.3810) Motion. Before the Court is the Unopposed Motion of Amici Curiae the American Hospital Association and the Federation of American Hospitals for Leave to Proceed Without Local Counsel. Having considered the motion, the Court finds that it is well taken and GRANTS the motion. It is therefore ORDERED that amici curiae may proceed in this matter without local counsel. (Ordered by Judge Ada Brown on 7/29/2024) (chmb) (Entered: 07/29/2024) |
| 07/29/2024 | 180 (p.3882) | ORDER granting 177 (p.3817) Unopposed MOTION for Leave to File Brief Amicus Curiae in Support of Plaintiff's and Intervenors' Motions for Summary Judgment. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 7/29/2024) (kcr) (Entered: 07/29/2024) |
| 07/29/2024 | 181 (p.3883) | BRIEF AMICUS CURIAE in Support re 168 (p.3658) MOTION for Summary Judgment 166 (p.3595) MOTION for Summary Judgment filed by American Property Casualty Insurance Association. (kcr) (Entered: 07/29/2024) |
| 07/29/2024 | 182 (p.3902) | ORDER granting 178 (p.3844) Consent MOTION for Leave to File Amici Curiae Brief in Support of Plaintiff's and Plaintiff-Intervenors' Motions for Summary Judgment. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 7/29/2024) (kcr) (Entered: 07/29/2024) |
| 07/29/2024 | 183 (p.3904) | Amici Curiae Brief in Support re 168 (p.3658) MOTION for Summary Judgment, 166 (p.3595) MOTION for Summary Judgment filed by American Hospital Association, Federation of American Hospitals. (kcr) (Entered: 07/29/2024) |
| 08/02/2024 | | |

| | 184 (p.3933) | MOTION for Summary Judgment filed by Federal Trade Commission (Attachments: # 1 (p.47) Proposed Order) (Westmoreland, Rachael) (Entered: 08/02/2024) |
|---|---|---|
| 08/02/2024 | 185 (p.3939) | RESPONSE filed by Federal Trade Commission re: 168 (p.3658) MOTION for Summary Judgment , 166 (p.3595) MOTION for Summary Judgment (Westmoreland, Rachael) (Entered: 08/02/2024) |
| 08/02/2024 | 186 (p.3944) | Brief/Memorandum in Support filed by Federal Trade Commission re 185 (p.3939) Response/Objection, 184 (p.3933) MOTION for Summary Judgment (Westmoreland, Rachael) (Entered: 08/02/2024) |
| 08/05/2024 | 187 (p.4038) | Unopposed MOTION for Leave to File Amicus Brief in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff and Plaintiff-Intervenors' Motions for Summary Judgment filed by National Employment Law Project, Public Citizen (Attachments: # 1 (p.47) Proposed Amicus Brief, # 2 (p.72) Proposed Order) (Liu, Wendy) (Entered: 08/05/2024) |
| 08/05/2024 | 188 (p.4075) | NOTICE of *Errata* re: 186 (p.3944) Brief/Memorandum in Support of Motion filed by Federal Trade Commission (Westmoreland, Rachael) (Entered: 08/05/2024) |
| 08/05/2024 | 189 (p.4080) | Brief/Memorandum in Support filed by Federal Trade Commission re 186 (p.3944) Brief/Memorandum in Support of Motion *AMENDED* (Westmoreland, Rachael) (Entered: 08/05/2024) |
| 08/05/2024 | 190 (p.4174) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14816354) filed by Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO) (Attachments: # 1 (p.47) Additional Page(s) Certificate of Good Standing, # 2 (p.72) Additional Page(s) Certificate of Good Standing, # 3 (p.74) Additional Page(s) Certificate of Good Standing, # 4 (p.76) Proposed Order for Admission Pro Hac Vice)Attorney David Seligman added to party Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO)(pty:mov) (Seligman, David) (Entered: 08/05/2024) |
| 08/05/2024 | 191 (p.4183) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Nina Disalvo (Filing fee $100; Receipt number ATXNDC-14816530) filed by Texas American Federation of Labor and Congress of Industrial Organizations (Texas AFL-CIO) (Attachments: # 1 (p.47) Exhibit(s) A, # 2 (p.72) Exhibit(s) B) (Tremain, Ashley) (Entered: 08/05/2024) |
| 08/06/2024 | 192 | ELECTRONIC ORDER granting 190 (p.4174) Application for Admission Pro Hac Vice of David H. Seligman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 8/6/2024) (chmb) (Entered: 08/06/2024) |
| 08/06/2024 | 193 | ELECTRONIC ORDER granting 191 (p.4183) Application for Admission Pro Hac Vice of Nina E. DiSalvo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 8/6/2024) (chmb) (Entered: 08/06/2024) |
| 08/06/2024 | 194 (p.4189) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14818523) filed by NYU Langone Health (Attachments: # 1 (p.47) Exhibit(s) Certificate of Good Standing). Party NYU Langone Health added.Attorney Jodyann Galvin added to party NYU Langone |

| | | |
|---|---|---|
| | | Health(pty:am) (Galvin, Jodyann) (Entered: 08/06/2024) |
| 08/06/2024 | 195 (p.4195) | ORDER granting 187 (p.4038) Unopposed Motion for Leave to File a Brief as Amici Curiae. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 8/6/2024) (axm) (Entered: 08/06/2024) |
| 08/06/2024 | 196 (p.4197) | BRIEF OF AMICI CURIAE *in Support of Defendant's* 184 (p.3933) Motion for Summary Judgment *and OPPOSITION to* 166 (p.3595) , 168 (p.3658) *Motions for Summary Judgment* filed by National Employment Law Project, Public Citizen. (axm) (Entered: 08/06/2024) |
| 08/07/2024 | 197 | ELECTRONIC ORDER granting 194 (p.4189) Application for Admission Pro Hac Vice of Jodyann Galvin. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Ada Brown on 8/7/2024) (chmb) (Entered: 08/07/2024) |
| 08/07/2024 | 198 (p.4227) | Unopposed MOTION for Leave to File Amicus Curiae Brief*Supporting FTC's Motion for Summary Judgment and Opposition to Pltf's Motions for Summary Judgment* filed by NYU Langone Health (Attachments: # 1 (p.47) Proposed Order Order Granting MFL, # 2 (p.72) Exhibit(s) Exhibit A)Attorney Meagan Martin Powers added to party NYU Langone Health(pty:mov) (Powers, Meagan) (Entered: 08/07/2024) |
| 08/08/2024 | 199 (p.4250) | ORDER granting 198 (p.4227) Motion for Leave to File Amicus Curiae Brief Supporting FTC's Motion for Summary Judgment and Opposition to Pltf's Motions for Summary Judgment. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 8/8/2024) (agc) (Entered: 08/08/2024) |
| 08/08/2024 | 200 (p.4252) | BRIEF OF AMICI CURIAE in Support of Defendant's 184 (p.3933) Motion for Summary Judgment and OPPOSITION to 166 (p.3595) , 168 (p.3658) Motions for Summary Judgment filed by NYU Langone Health (agc) (Entered: 08/08/2024) |
| 08/09/2024 | 201 (p.4267) | Unopposed MOTION for Leave to File Brief Amicus Curae ISO Plaintiff's MSJ and in Opp to FTC's MSJ filed by Society for Human Resource Management with Brief/Memorandum in Support. (Attachments: # 1 (p.47) Exhibit(s) Amicus Brief ISO MSJ, # 2 (p.72) Proposed Order Proposed Order Granting Unopposed Motion for Leave to File Amicus Brief) (Macaluso, Tricia) (Entered: 08/09/2024) |
| 08/09/2024 | 202 (p.4297) | RESPONSE filed by Ryan LLC re: 184 (p.3933) MOTION for Summary Judgment , 166 (p.3595) MOTION for Summary Judgment (Ho, Allyson) Modified event text on 8/9/2024 (kcr). (Entered: 08/09/2024) |
| 08/09/2024 | 203 (p.4301) | Brief/Memorandum in Support filed by Ryan LLC re 202 (p.4297) Reply *(Consolidated Reply Brief in Support of Its Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment)* (Ho, Allyson) (Entered: 08/09/2024) |
| 08/09/2024 | 204 (p.4333) | RESPONSE filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America re: 184 (p.3933) MOTION for Summary Judgment (Sayles, Robert) (Entered: 08/09/2024) |
| 08/09/2024 | | |

| | | |
|---|---|---|
| | 205<br>(p.4337) | Brief/Memorandum in Support filed by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America re 204 (p.4333) Response/Objection, 168 (p.3658) MOTION for Summary Judgment *Combined Brief In Support of Plaintiff-Intervenors' Motion for Summary Judgment and Opposition to Commission's Cross-Motion for Summary Judgment* (Sayles, Robert) (Entered: 08/09/2024) |
| 08/12/2024 | 206<br>(p.4370) | ORDER granting 201 (p.4267) Unopposed Motion of the Society for HumanResource Management for leave to file a brief amicus curiae in support ofPlaintiff's and Intervenors' Motions for Summary Judgment and in Opposition tothe FTC's Motion for Summary Judgment. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Ada Brown on 8/12/2024) (kcr) (Entered: 08/12/2024) |
| 08/12/2024 | 207<br>(p.4372) | BRIEF OF AMICUS CURIAE OF THE SOCIETY FOR HUMAN RESOURCE MANAGEMENT IN SUPPORT OF PLAINTIFF-INTERVENORS' 166 (p.3595) , 168 (p.3658) MOTIONS FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S 184 (p.3933) MOTION FOR SUMMARY JUDGMENT. (kcr) (Entered: 08/12/2024) |
| 08/15/2024 | 208<br>(p.4395) | Supplemental Document by Business Roundtable, Longview Chamber of Commerce, Texas Association of Business, The Chamber of Commerce of the United States of America *Plaintiff and Plaintiff-Intervenors' Notice of Supplemental Authority*. (Attachments: # 1 (p.47) Exhibit(s) A) (Sayles, Robert) (Entered: 08/15/2024) |
| 08/16/2024 | 209<br>(p.4430) | REPLY filed by Federal Trade Commission re: 184 (p.3933) MOTION for Summary Judgment (Goodnature, Taisa) (Entered: 08/16/2024) |
| 08/16/2024 | 210<br>(p.4479) | Appendix in Support filed by Federal Trade Commission re 168 (p.3658) MOTION for Summary Judgment , 184 (p.3933) MOTION for Summary Judgment , 166 (p.3595) MOTION for Summary Judgment (Goodnature, Taisa) (Entered: 08/16/2024) |
| 08/20/2024 | 211<br>(p.5612) | MEMORANDUM OPINION AND ORDER - Before the Court is (i) Plaintiff Ryan, LLC's ("Ryan") and Plaintiff-Intervenors' the Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce's ("Plaintiff-Intervenors") (referred collectively with Ryan as "Plaintiffs") Motions for Summary Judgment (ECF Nos. 166, 168); and (ii) the Federal Trade Commission's ("FTC" or the "Commission") Cross-Motion for Summary Judgment, (ECF No. 184). All Parties seek summary judgment on all of Plaintiffs' claims concerning the FTC's "Non-Compete Rule" (sometimes referred to as the "Rule"), 16 C.F.R. § 910.1.6, which makes most non-compete agreements unenforceable. After careful consideration of the motions, briefing, appendix, and applicable law, the Court (i) GRANTS Plaintiffs' Motions for Summary Judgment, and (ii) DENIES the FTC's Cross-Motion for Summary Judgment.<br><br>The Court sets aside the Non-Compete Rule. Consequently, the Rule shall not be enforced or otherwise take effect on its effective date of September 4, 2024 or thereafter. (Ordered by Judge Ada Brown on 8/20/2024) (chmb) (Entered: 08/20/2024) |
| 08/20/2024 | | |

| | | |
|---|---|---|
| | 212<br>(p.5639) | FINAL JUDGMENT - Having GRANTED Ryan and Plaintiff-Intervenors' Motions for Summary Judgment, (ECF Nos. 166, 168), and DENIED the FTC's Motion for Summary Judgment, (ECF No. 184), the Court has adjudicated all of Plaintiffs' claims. The Court sets aside the Non-Compete Rule, 16 C.F.R. § 910.1.6, and the Rule shall not be enforced or otherwise take effect on September 4, 2024, or thereafter. This is a final and appealable judgment. See Fed. R. Civ. P. 54. All relief not expressly granted is denied. (Ordered by Judge Ada Brown on 8/20/2024) (chmb) (Entered: 08/20/2024) |
| 10/18/2024 | 213<br>(p.5640) | NOTICE OF APPEAL as to 212 (p.5639) Judgment,, to the Fifth Circuit by Federal Trade Commission. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Goodnature, Taisa) (Entered: 10/18/2024) |
| 11/05/2024 | | USCA Case Number 24-10951 in USCA5 for 213 (p.5640) Notice of Appeal filed by Federal Trade Commission. (axm) (Entered: 11/05/2024) |

**Tab 2**

Notice of Appeal

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

RYAN, LLC,

     Plaintiff,

CHAMBER OF COMMERCE OF
THE UNITED STATES OF
AMERICA, *et al.*,

     Plaintiff-Intervenors,

v.

FEDERAL TRADE COMMISSION,

     Defendant.

CASE NO.: 3:24-CV-986-E

## NOTICE OF APPEAL

Please take notice that Defendant hereby appeals to the United States Court of

Appeals for the Fifth Circuit from this Court's August 20, 2024 Final Judgment, ECF

No. 212.

Dated: October 18, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

24-10951.5640

LESLEY R. FARBY
Assistant Branch Director

*/s/ Taisa M. Goodnature*
TAISA M. GOODNATURE
(New York Bar No. 5859137)
RACHAEL L. WESTMORELAND
ARJUN MODY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3786
E-mail: Taisa.M.Goodnature@usdoj.gov

## CERTIFICATE OF WORD COUNT

This document complies with the Court's word count requirement because it contains 29 words.

Dated: October 18, 2024

                                       */s/ Taisa M. Goodnature*
                                        TAISA M. GOODNATURE
                                        (New York Bar No. 5859137)
                                        RACHAEL L. WESTMORELAND
                                        ARJUN MODY
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, NW
                                          Washington, D.C. 20005
                                          Tel: (202) 514-3786
                                          E-mail: Taisa.M.Goodnature@usdoj.gov

24-10951.5642

## CERTIFICATE OF SERVICE

On October 18, 2024, I electronically filed the above notice with the clerk of court for the U.S. District Court, Northern District of Texas. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Taisa M. Goodnature*

Taisa M. Goodnature

**Tab 3**

Final Judgment

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RYAN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| CHAMBER OF COMMERCE OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
| BUSINESS ROUNDTABLE, TEXAS | § | |
| ASSOCIATION OF BUSINESS, and | § | |
| LONGVIEW CHAMBER OF COMMERCE, | § | Civil Action No. 3:24-CV-00986-E |
| | § | |
| Plaintiff-Intervenors, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT

Having GRANTED Ryan and Plaintiff-Intervenors' Motions for Summary Judgment, (ECF Nos. 166, 168), and DENIED the FTC's Motion for Summary Judgment, (ECF No. 184), the Court has adjudicated all of Plaintiffs' claims. The Court sets aside the Non-Compete Rule, 16 C.F.R. § 910.1–.6, and the Rule shall not be enforced or otherwise take effect on September 4, 2024, or thereafter. This is a final and appealable judgment. *See* Fed. R. Civ. P. 54. All relief not expressly granted is denied.

**SO ORDERED:** August 20, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE

**Tab 4**

Memorandum Opinion & Order (Summary Judgment)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| RYAN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| CHAMBER OF COMMERCE OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
| BUSINESS ROUNDTABLE, TEXAS | § | |
| ASSOCIATION OF BUSINESS, and | § | |
| LONGVIEW CHAMBER OF COMMERCE, | § | Civil Action No. 3:24-CV-00986-E |
| | § | |
| Plaintiff-Intervenors, | § | |
| | § | |
| v. | § | |
| | § | |
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is (i) Plaintiff Ryan, LLC's ("Ryan") and Plaintiff-Intervenors' the Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce's ("Plaintiff-Intervenors") (referred collectively with Ryan as "Plaintiffs") Motions for Summary Judgment (ECF Nos. 166, 168); and (ii) the Federal Trade Commission's ("FTC" or the "Commission") Cross-Motion for Summary Judgment, (ECF No. 184). All Parties seek summary judgment on all of Plaintiffs' claims concerning the FTC's "Non-Compete Rule" (sometimes referred to as the "Rule"), 16 C.F.R. § 910.1–.6, which makes most non-compete agreements unenforceable. After careful consideration of the motions, briefing, appendix, and applicable law, the Court (i) **GRANTS** Plaintiffs' Motions for Summary Judgment, and (ii) **DENIES** the FTC's Cross-Motion for

Summary Judgment. The Court **sets aside** the Non-Compete Rule. Consequently, the Rule shall not be enforced or otherwise take effect on its effective date of September 4, 2024 or thereafter.[1]

## I.   BACKGROUND

In response to the FTC's promulgation of the Non-Compete Rule, Ryan and the Plaintiff-Intervenors filed motions to stay and preliminary enjoin the FTC from enforcing the Rule. (*See* ECF Nos. 23, 46). Because the Court concluded that there was a substantial likelihood that Plaintiffs would succeed on the merits—including the conclusions that (i) the FTC exceeded its statutory authority and (ii) the Rule is arbitrary and capricious—and that the Rule would cause irreparable harm, the Court preliminarily enjoined implementation and enforcement of the Rule as to the named Plaintiffs on July 3, 2024. (ECF Nos. 153, 154).[2] Both Plaintiffs and the FTC now seek summary judgment. (*See* ECF Nos. 166, 168, 184). The Parties largely restate previous arguments but newly brief the proper remedy on the merits.

### A.   The Federal Trade Commission Act

In 1914, Congress enacted the Federal Trade Commission Act ("the FTC Act" or "the Act") to protect consumers and promote competition:

> A commission is created and established, to be known as the Federal Trade Commission (hereinafter referred to as the Commission), which shall be composed of five Commissioners, who shall be appointed by the President, by and with the advice and consent of the Senate. Not more than three of the Commissioners shall be members of the same political party. The first Commissioners appointed shall continue in office for terms of three, four, five, six, and seven years, respectively, from September 26, 1914, the term of each to be designated by the President, but their successors shall be appointed for terms of seven years, except that any person chosen to fill a vacancy shall be appointed only for the unexpired term of the

---

[1] The "effective date" is defined as 120 days after publication in the Federal Register—here, September 4, 2024. *See* 16 C.F.R. § 910.6.

[2] The named Plaintiffs remain the same throughout these proceedings: Plaintiff Ryan, LLC and Plaintiff-Intervenors Chamber of Commerce of the United States of America; Business Roundtable; Texas Association of Business; and Longview Chamber of Commerce.

> Commissioner whom he shall succeed: *Provided, however*, That upon the expiration of his term of office a Commissioner shall continue to serve until his successor shall have been appointed and shall have qualified. The President shall choose a chairman from the Commission's membership. No Commissioner shall engage in any other business, vocation, or employment. Any Commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office. A vacancy in the Commission shall not impair the right of the remaining Commissioners to exercise all the powers of the Commission.

15 U.S.C. § 41. Since the Commission's inception, Congress vested it with the power to prevent unfair methods of competition, under Section 5 of the Act. *See* 15 U.S.C. § 45(a)(2).[3] In 1938, Congress expanded the Commission's power under this provision to also prevent unfair deceptive acts or practices. *See* The Wheeler-Lea Act, ch. 49, § 3, 52 Stat. 111 (1938) (current version at 15 U.S.C. § 45(a)). The current Section 5, entitled "[u]nfair methods of competition unlawful; prevention by Commission," states:

> The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4) of this title, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to part A of subtitle VII of Title 49, and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended, except as provided in section 406(b) of said Act, *from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.*

15 U.S.C. § 45(a)(2) (emphasis added). Section 5 describes the FTC's enforcement powers through administrative proceedings. Specifically, the Section provides the FTC will hold a hearing if it believes a party is using unfair methods of competition or unfair or deceptive acts or practices. *See* 15 U.S.C. § 45(b). If the FTC then concludes that a party has engaged in the prohibited conduct, a cease-and-desist order may be issued—subject to penalties if the order is violated. *See* 15 U.S.C. § 45(b), (g), (l). Thus, whether a practice is considered an "unfair method of competition" or an

---

[3] The Parties refer to 15 U.S.C. § 45 colloquially as "Section 5," as codified, and the Court does the same.

"unfair or deceptive act" is typically decided through case-by-case administrative adjudication. *See generally* 15 U.S.C. § 45.

Next, Section 6 of the Act—which has also been in place since the Commission's inception—entitled "[a]dditional powers" grants the Commission additional powers to support the adjudicatory scheme. *See* 15 U.S.C. § 46.[4] Most of these powers are investigatory or ministerial. *See* 15 U.S.C. § 46. One provision titled "[c]lassification of corporations; regulations," gives the Commission the power to "[f]rom time to time classify corporations and (except as provided in section 57a(a)(2) of this title) to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). Pertinent here, FTC asserts Section 6(g) empowers the FTC with the authority to make substantive rules related to unfair methods of competition. (ECF No. 189 at 30–31).

**B.    The Non-Compete Rule**

This is a dispute over the FTC's rulemaking authority concerning the enforceability of employer/employee non-compete agreements. These agreements are restrictive covenants that prohibit an employee from competing against the employer. *See, e.g., Team Envt'l. Servs., Inc. v. Addison*, 2 F.3d 124, 126 (5th Cir. 1993) (discussing enforceability of non-compete agreement under Louisiana law). Regarding the prevalence of non-compete agreements, the Parties' joint appendix provides:

> [T]he Commission finds that non-competes are in widespread use throughout the economy and pervasive across industries and demographic groups, albeit with some differences in the magnitude of the prevalence based on industries and demographics. The Commission estimates that approximately one in five American workers—or approximately 30 million workers—is subject to a non-compete.

---

[4] The Parties refer to 15 U.S.C. § 46 colloquially as "Section 6," as codified, and the Court does the same.

(*See* ECF No. 210 at 11). States have historically regulated non-competes through caselaw and statute. S*ee, e.g.*, *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 771 (Tex. 2011) (internal citations omitted) ("[R]easonable non[-]compete clauses in contracts pertaining to employment are not considered to be contrary to public policy as constituting an invalid restraint of trade. Texas courts have enforced reasonable covenants not to compete dating back at least to 1899."); *see also, e.g.*, TEX. BUS. & COM. CODE § 15.50 (enumerating the criteria for enforceability of covenants not to compete under Texas law); (ECF No. 210 at 130) (discussing that "46 States have statutory provisions or case law that ban or limit the enforceability of non-competes for workers in certain specified occupations."). No federal law broadly addresses the enforceability of non-competes.

In 2018, the FTC began to study non-competes through public hearings and workshops; invitations for public comment; and a review of academic studies. (*See* 89 Fed. Reg. at 38343–44). Three years later, the FTC initiated several investigations into the use of non-competes to determine whether they constitute unfair methods of competition. (*See* 89 Fed. Reg. at 38343–44).

On January 19, 2023, the FTC proposed the Non-Compete Rule—which would "prohibit employers from entering into non-compete clauses with workers starting on the rule's compliance date" and "require employers to rescind existing non-compete clauses no later than the rule's compliance date." 88 Fed. Reg. at 3483. On April 23, 2024, the FTC adopted the final Non-Compete Rule. *See* 16 C.F.R. § 910. The Rule provides, in pertinent part:

> Non-compete clause means:
> (1) A term or condition of employment that prohibits a worker from, penalizes a worker for, or functions to prevent a worker from:
> > (i) Seeking or accepting work in the United States with a different person where such work would begin after the conclusion of the employment that includes the term or condition; or
> > (ii) Operating a business in the United States after the conclusion of the employment that includes the term or condition.

16 C.F.R. § 910.1. The Rule distinguishes its application to "workers" and "senior executives."

*See* 16 C.F.R. § 910.2(a). "Workers" and "senior executives" are defined as follows:

> **Senior executive means** a worker who:
> (1) Was in a policy-making position; and
> (2) Received from a person for the employment:
>> (i) Total annual compensation of at least $151,164 in the preceding year; or
>> (ii) Total compensation of at least $151,164 when annualized if the worker was employed during only part of the preceding year; or
>> (iii) Total compensation of at least $151,164 when annualized in the preceding year prior to the worker's departure if the worker departed from employment prior to the preceding year and the worker is subject to a non-compete clause.
>
> [     ]
> **Worker means** a natural person who works or who previously worked, whether paid or unpaid, without regard to the worker's title or the worker's status under any other State or Federal laws, including, but not limited to, whether the worker is an employee, independent contractor, extern, intern, volunteer, apprentice, or a sole proprietor who provides a service to a person. The term worker includes a natural person who works for a franchisee or franchisor, but does not include a franchisee in the context of a franchisee-franchisor relationship.

16 C.F.R. § 910.1 (emphasis added in bold). Based on this distinction between "senior executive"

and "worker," the Non-Compete Rule enumerates "[u]nfair methods of competition" as follows:

> (1) Workers other than senior executives. **With respect to a worker other than a senior executive, it is an unfair method of competition for a person**:
>> (i) To enter into or attempt to enter into a non-compete clause;
>> (ii) To enforce or attempt to enforce a non-compete clause; or
>> (iii) To represent that the worker is subject to a non-compete clause.
> (2) Senior executives. **With respect to a senior executive, it is an unfair method of competition for a person**:
>> (i) To enter into or attempt to enter into a non-compete clause;
>> (ii) To enforce or attempt to enforce a non-compete clause entered into after the effective date; or
>> (iii) To represent that the senior executive is subject to a non-compete clause, where the non-compete clause was entered into after the effective date.

16 C.F.R. § 910.2(a) (emphasis added in bold).

The FTC asserts that—(i) because non-compete clauses are "unfair methods of competition" under Section 5 of the FTC Act, and (ii) pursuant to the authority granted them in Section 6(g), the Commission has the authority to issue the Rule. *See* 15 U.S.C. §§ 45(a)(2), 46(g); *see generally* 16 C.F.R. § 910.1–6. Subject to the limitations and distinctions above, the Rule essentially provides that it is an unfair method of competition—and therefore a violation of Section 5—for persons to enter or enforce non-compete agreements. The Rule also supersedes state laws that would "permit or authorize" non-compete agreements. *See* 16 C.F.R. § 910.4.[5]

Apart from the exceptions regarding the Rule's application to senior executives discussed above, the Rule also contains other exceptions regarding (i) bona fide sales of businesses; (ii) circumstances where a cause of action accrued prior to the effective date; and (iii) circumstances where a person has a good-faith basis to believe that the Rule is inapplicable. *See* 16 C.F.R. § 910.3(a)–(c).

## C.    Procedural Framework

On April 23, 2024, Ryan initiated this lawsuit. (ECF No. 1). On May 1, 2024, Ryan filed its Amended Complaint—the operative complaint on which it proceeds. (*See* ECF No. 22). Ryan asserts the following causes of action against the FTC based on the Administrative Procedure Act ("APA"), which empowers a reviewing court to hold unlawful and set aside certain agency action(s), findings, and conclusions. 5 U.S.C. § 706(2). Specifically, Ryan asserts the FTC's actions were unlawful because (i) the FTC acted without statutory authority; (ii) the Rule is the

---

[5] However, the Rule does not "annul, or exempt any person from complying with any State statute, regulation, order, or interpretation applicable to a non-compete clause, including, but not limited to, State antitrust and consumer protection laws and State common law." 16 C.F.R. § 910.4(a). "[N]o provision of this part shall be construed as altering, limiting, or affecting the authority of a State attorney general or any other regulatory or enforcement agency or entity or the rights of a person to bring a claim or regulatory action arising under any State statute, regulation, order, or interpretation, including, but not limited to, State antitrust and consumer protection laws and State common law." 16 C.F.R. § 910.4(b).

product of an unconstitutional exercise of power; and (iii) the FTC's acts, findings, and conclusions were arbitrary and capricious. (*See* ECF No. 22 at 21–30). Ryan further asserts a claim under the Declaratory Judgment Act, challenging the Rule as unlawful. (*See* ECF No. 22 at 30–32).

On May 1, 2024, Ryan filed its Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), along with its brief in support, (ECF No. 24), seeking an order staying the effective date of the Rule and preliminarily enjoining the FTC from enforcing the Rule. On May 8, 2024, Plaintiff-Intervenors filed their Motion to Intervene, (ECF No. 32), along with their brief in support, (ECF No. 33). The Court granted the Motion to Intervene on May 9, 2024. (ECF No. 34). On May 10, 2024, Plaintiff-Intervenors filed their Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 46), along with their brief in support, (ECF No. 47), which support and request relief similar to Ryan's request for injunctive relief.

On July 3, 2024, the Court issued a Memorandum Opinion and Order granting Plaintiffs' Motions for Stay of Effective Date and Preliminary Injunction, (ECF Nos. 23, 46), thereby staying the effective date of the Non-Compete Rule and enjoining the FTC from implementing or enforcing the Non-Compete Rule as to the named Plaintiff and Plaintiff Intervenors. (ECF No. 153). The Court also issued a Preliminary Injunction concurrently with its Memorandum Opinion and Order. (ECF No. 154).

On July 19, 2024, Ryan filed its Motion for Summary Judgment, (ECF No. 166), along with its brief in support, (ECF No. 167), seeking summary judgment on each of its claims under the APA and Declaratory Judgment Act. Also on July 19, 2024, Plaintiff Intervenors filed their Motion for Summary Judgment, (ECF No. 168), along with their brief in support, (ECF No. 169), seeking the same. On August 2, 2024, the FTC filed its Cross-Motion for Summary Judgment,

(ECF No. 184), along with its Response to Plaintiffs' Motions for Summary Judgment, (ECF No. 185), and its Corrected Consolidated Brief in Support of Its Motion for Summary Judgment and in Opposition to Plaintiffs' Motions for Summary Judgment, (ECF No. 189). On August 9, 2024, Ryan filed its Opposition to Defendant's Motion for Summary Judgment, (ECF No. 202), along with its Consolidated Reply Brief in Support of its Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, (ECF No. 203). Also on August 9, 2024, Plaintiff-Intervenors filed their Response to FTC's Cross-Motion for Summary Judgment, (ECF No. 204), and their Combined Reply Brief in Support of its Motion for Summary Judgment and Opposition to Commission's Cross-Motion for Summary Judgment, (ECF No. 205). The FTC filed its reply brief on August 16, 2024. (ECF No. 209). The Parties also filed a joint appendix on August 16, 2024. (ECF No. 210). These dispositive motions are fully briefed and ripe for determination.

## II. Legal Standard

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254–55. Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*,

475 U.S. 574, 586 (1986). The evidence must be such that a "reasonable jury could return a veridct for the nonmoving party." *Anderson*, 477 U.S. at 248. "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The "party seeking summary judgment always bears the initial responsibility" of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (i) *submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense*, or (ii) *arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. Celotex*, 477 U.S. at 322–25. There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see generally Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F.Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot*, 780 F.2d at 1194) (discussing affirmative defenses).

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual

controversy exists, that is, when both parties have submitted evidence of contradictory facts."

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.... "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

Additionally, in reviewing "cross-motions for summary judgment, [the court] examine[s] 'each party's motion independently' and view[s] 'the evidence and inferences in the light most favorable to the nonmoving party.'" *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 811 (5th Cir. 2019) (quoting *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 823 F.3d 1006, 1011 (5th Cir. 2016)). "Cross-motions for summary judgment will not, in and of themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980). The rationale for this rule is that "each party moving for summary

judgment may do so on different legal theories depending on different constellations of material facts." *Bricklayers, Masons & Plasterers Int'l Union of Am., Loc. Union No. 15, Orlando, Fla. v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975). Nonetheless, "cross-motions for summary judgment may be probative of the non-existence of a factual dispute when [] they demonstrate a basic agreement concerning what legal theories and material facts are dispositive." *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 700 (5th Cir. 2020) (quoting *Bricklayers*, 512 F.2d at 1023).

### III.  ANALYSIS

"Congress in 1946 enacted the APA 'as a check upon administrators whose zeal might otherwise have carried them to excesses not contemplated in legislation creating their offices.'" *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2261 (2024) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 644, 70 S. Ct. 357, 364, 94 L. Ed. 401 (1950)). "In addition to prescribing procedures for agency action, the APA delineates the basic contours of judicial review of such action." *Loper Bright Enters.*, 144 S. Ct. at 2261.

As relevant here, Section 706 of the APA directs that "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. When conducting such determination, courts must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity;" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)–(C).

Plaintiffs aver the FTC's Non-Compete Rule meets all of the above—(i) it exceeds the FTC's statutory authority; (ii) it is patently unconstitutional; and (iii) it is arbitrary and capricious—thus entitling Plaintiffs to summary judgment. (*See* ECF Nos. 166, 168). Specifically, Ryan asserts that the Non-Compete Rule violates the APA because the FTC:

> [L]acked statutory authority to promulgate the Non-Compete Rule; that if Congress did grant such authority, it did so in violation of the non-delegation doctrine; that the Rule is unlawfully retroactive; that the Commission's reasons for adopting the Rule are arbitrary and capricious, and that the Commission is unconstitutionally insulated from presidential control.

(ECF No. 166 at 1–2). Similarly, Plaintiff-Intervenors argue that the Rule exceeds the Commission's statutory authority for three reasons: (i) the FTC Act does not authorize the Commission to issue substantive unfair-competition rules, (ii) categorically prohibiting all worker noncompete agreements as "unfair methods of competition" cannot be squared with the meaning of that phrase in Section 5 of the FTC Act, and (iii) the Commission lacks statutory authority to retroactively invalidate millions of existing contracts. (ECF No. 169 at 11–12). Plaintiff-Intervenors further assert that the Non-Compete Rule is arbitrary and capricious for three reasons: (i) the FTC offers no evidence to support its categorical ban on non-competes, (ii) the Commission unjustifiably dismissed alternatives that would have allowed the Commission to achieve its purported objectives at lower cost, and (iii) the Commission relied on a flawed cost-benefit analysis to prop up its Rule. (ECF No. 169 at 12–13).

In opposition, the FTC contends that it is entitled to summary judgment on all of Plaintiffs' claims and Plaintiffs should be denied summary judgment for the following reasons:

> (1) Congress authorized the Commission in clear language to prevent unfair methods of competition through both adjudication and rulemaking, and the Commission's choice of rulemaking to address the anticompetitive effects of non-competes is both logical and unremarkable; (2) the major questions doctrine is not implicated, as the Rule falls squarely within the Commission's delegated authority

and expertise; (3) the Sherman Act's framework is inapplicable, since the Federal
Trade Commission Act was designed to supplement the Sherman Act and expressly
confers the authority to prevent unfair methods of competition; (4) the Federal Trade
Commission Act provides an intelligible principle by which the Rule can be
measured; (5) the Rule is not unlawfully retroactive since it has only prospective
effects; (6) Ryan's removal challenge is foreclosed by binding precedent; and
(7) the Commission easily satisfies the deferential arbitrary-and-capricious standard
given its exhaustive study of non-competes and thorough economic justifications for
the Rule.

(ECF Nos. 184, 185).

Similar to the Court's reasoning in granting injunctive relief,[6] the Court concludes that
Plaintiffs are entitled to summary judgment on all of their claims under the APA and Declaratory
Judgment Act because the FTC exceeded its statutory authority in implementing the Rule, and the
Rule is arbitrary and capricious.

## A.    Statutory Authority—Text, Structure, and History of the FTC

Plaintiffs assert the Commission's claimed statutory authority in promulgating the Rule—
Section 6(g) of the FTC Act—does not authorize substantive rulemaking. "The extent of [the
FTC's] powers can be decided only by considering the powers Congress specifically granted it in
the light of the statutory language and background." *National Petroleum Refiners Ass'n v. FTC*,
("*National Petroleum*"), 482 F.2d 672, 674 (D.C. Cir. 1973). "The question to be answered is 'not
what the [Commission] thinks it should do but what Congress has said it can do.'" *National
Petroleum*, 482 F.2d at 674 (quoting *Civil Aeronautics Bd. v. Delta Air Lines Inc.*, 367 U.S. 316,
322, 81 S. Ct. 1611, 1617, 6 L. Ed. 869 (1961)). "The judiciary remains the final authority with
respect to questions of statutory construction and must reject administrative agency actions which

---

[6] (*See* ECF No. 153: Memorandum Opinion and Order granting Plaintiffs' Motions for Stay of Effective Date and
Preliminary Injunction).

exceed the agency's statutory mandate or frustrate congressional intent." *Am. Fin. Servs. Ass'n v. FTC*, 767 F.2d 957, 968 (D.C. Cir. 1985).

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *West Virginia v. EPA*, 597 U.S. 697, 721, 142 S. Ct. 2587, 2607 (2022) (quoting *Davis v. Mich. Dept. of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504 103 L. Ed. 2d 891 (1989)). "The appropriate starting point when interpreting any statute is its plain meaning." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 1566, 173 L. Ed. 2d 443 (2009) (cleaned up) (quoting *Hibbs v. Winn,* 542 U.S. 88, 101, 124 S. Ct. 2276, 2286, 159 L. Ed. 2d 172 (2004)). "[A] court must look to the intent of the legislature and must construe the statute so as to give effect to that intent." *CenterPoint Energy Hous. Elec. v. Harris Cnty. Toll Rd. Auth.*, 436 F.3d 541, 545 (5th Cir. 2006); *see generally Loper Bright Enters.*, 144 S. Ct. at 2261. ("The deference that *Chevron* requires of courts reviewing agency action cannot be squared with the APA.").

In Section 5 of the FTC Act, Congress vested the Commission with the power to prevent unfair methods of competition:

> The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

15 U.S.C. § 45(a)(2). And as stated above, Section 6 gives the FTC the power "to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). Section 5 creates a comprehensive scheme to prevent unfair methods of competition, while Section

6 enumerates additional powers that generally aid in the administration of that adjudication-focused scheme. *See generally* 15 U.S.C. §§ 45, 46. "The [FTC Act] statute gives [the FTC] express authority 'to make rules and regulations for the purpose of carrying out the provisions of the [FTC] Act.'" *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941) (quoting 15 U.S.C. § 46(g)).

Plaintiffs challenge whether the FTC's rulemaking authority under Section 6(g) encompasses substantive rulemaking, in addition to procedural rulemaking. The FTC asserts Section 6(g) and Section 18[7] empower it with substantive rulemaking authority. (ECF No. 189 at 18, 30–42). The issue presented is whether the FTC's ability to promulgate rules concerning unfair methods of competition include the authority to create *substantive* rules regarding unfair methods of competition.

The Court starts with the text of Section 6(g) and Section 18. *See Hightower v. Tex. Hosp. Ass'n,* 65 F.3d 443, 448 (5th Cir. 1995) ("When courts interpret statutes, the initial inquiry is the language of the statute itself."). Under Section 6(g) of the FTC Act, the Commission has the power to "classify corporations and (except as provided in section 57a(a)(2) of this title) to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). By a plain reading, Section 6(g) of the Act does not expressly grant the Commission authority to promulgate substantive rules regarding unfair methods of competition. Next, Section 18 empowers the FTC to prescribe "interpretive rules and general statements of policy with respect to unfair or deceptive acts or practices in or affecting commerce." *See* 15 U.S.C. § 57a. Section 18 limits the FTC's ability to make rules dealing with *unfair or deceptive practices*—not *unfair*

---

[7] The Parties refer to 15 U.S.C. § 57a of the FTC Act colloquially as "Section 18," as codified, and the Court does the same.

*methods of competition.* 15 U.S.C. § 57a(2).[8] However, Section 18 acknowledges the FTC has some rulemaking power "with respect to unfair methods of competition in or affecting commerce." 15 U.S.C. § 57a(2).[9]

Plainly read, the Court concludes the FTC has some authority to promulgate rules to preclude unfair methods of competition. Indeed, the Act alludes to this power in Section 18. *See* 15 U.S.C. § 57a. However, after reviewing the text, structure, and history of the Act, the Court concludes the FTC lacks the authority to create substantive rules through this method. Section 6(g) is "indeed a 'housekeeping statute,' authorizing what the APA terms 'rules of agency organization procedure or practice' as opposed to 'substantive rules.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 310, 99 S. Ct. 1705, 1722, 60 L. Ed. 2d 208 (1979).

Plaintiffs next contend the lack of a statutory penalty for violating rules promulgated under Section 6(g) demonstrates its lack of substantive rulemaking power. (ECF No. 167 at 28; ECF No. 169 at 23–24). The Court agrees. When authorizing legislative rulemaking, Congress also historically prescribes sanctions for violations of the agency's rules—confirming that those rules create substantive obligations for regulated parties.[10] "If the statute prescribed a sanction, then the

---

[8] The Court further discusses 15 U.S.C. § 57a hereunder as the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act. *See infra* § III.A.

[9] The complete limitation on the FTC's rulemaking authority under 57a(2) states:

> The Commission shall have no authority under this subchapter, other than its authority under this section, to prescribe any rule with respect to unfair or deceptive acts or practices in or affecting commerce (within the meaning of section 45(a)(1) of this title). **The preceding sentence shall not affect any authority of the Commission to prescribe rules (including interpretive rules), and general statements of policy, with respect to unfair methods of competition in or affecting commerce.**

15 U.S.C. § 57a(2) (emphasis added in bold).

[10] *See, e.g.,* Federal Water Power Act, ch. 285, § 25, 41 Stat. 1063, 1076 (1920) (repealed 1935) (attaching criminal penalties to violations of the Federal Power Commission's rules and regulations); Tea Importation Act, ch. 358, § 6, 29 Stat. 604, 606 (1897) (repealed 1996) (providing for the destruction of impure tea that falls below the standards set

---

authority to make 'rules and regulations' included the authority to adopt legislative rules having the force of law . . . [but] [i]f the statute did not include a sanction, the authority to make 'rules and regulations' encompassed only interpretive or procedural rules." Thomas W. Merrill & Kathryn Tongue Watts, *Agency Rules with the Force of Law: The Original Convention*, 116 HARV. L. REV. 467, 493–94 (2002) ("[I]f the statute was silent regarding the legal consequences for failure to conform to regulations, it was understood as granting the agency the power to make only housekeeping rules."). Section 6(g) contains no penalty provision—which indicates a lack of substantive force. *See generally* 15 U.S.C. § 46. In contrast, Section 5 adjudications include a penalty provision. *See* 15 U.S.C.§ 45(l)–(m). Thus, the lack of a penalty included with Section 6(g) supports that such provision encompasses only housekeeping rules—not substantive rulemaking power.

Furthermore, viewing the statute as a whole, the location of the alleged substantive rulemaking authority is suspect. First, the initial part of Section 6(g) merely vests the FTC with the power to "[f]rom time to time classify corporations;" the alleged substantive rulemaking power is the latter portion of the statute. 15 U.S.C. § 46(g). If the FTC is correct in its interpretation, then Congress did not choose to place such substantial power in a primary, independent place. *See Inhance Techs., L.L.C. v. EPA*, 96 F.4th 888, 893 (5th Cir. 2024) ("[A]gencies, as mere creatures of statute, must point to explicit Congressional authority justifying their decisions.") (quoting *Clean Water Action v. EPA*, 936 F.3d 308, 313 n.10 (5th Cir. 2019)). Further, Section 6(g) is the seventh

---

by the Secretary of the Treasury if the owner fails to export such tea outside of the United States within six months of the examination); Warehouse Act, ch. 313, pt. C, § 25, 39 Stat. 486, 490 (1916) (codified as amended at 7 U.S.C. § 252(a) (2000)) (providing that the Secretary of Agriculture may suspend or revoke any warehouseman's license for any violation of the rules and regulations made under the Act); Grain Standards Act, ch. 313, pt. B, § 7, 39 Stat. 482, 484 (1916) (codified as amended at 7 U.S.C. § 85) (providing for the suspension or revocation of any grain inspector's license for any violation of the rules and regulations made under the Act); Social Security Act Amendments of 1939, ch. 666, § 205(a), 53 Stat. 1360, 1368.

MEMORANDUM OPINION AND ORDER                                                    Page 18 of 27

in a list of twelve almost entirely investigative powers. *See* 15 U.S.C. § 46. Finally, Section 6(g) fails to mention Section 5 or any other substantive authority from where such substantive rulemaking power would stem. *See* 15 U.S.C. § 46.

Agencies are creatures of Congress—"an agency literally has no power to act . . . unless and until Congress confers power upon it." *Louisiana Pub. Serv. Comm'n v. FCC,* 476 U.S. 355, 374, 106 S. Ct. 1890, 1901, 90 L. Ed. 2d 369 (1986). "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated [to it] by Congress." *VanDerStok v. Garland*, 86 F.4th 179, 187 (5th Cir. 2023) (quoting *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)). As "[t]he question to be answered is 'not what the [Commission] thinks it should do but what Congress has said it can do,'" the Court must look to what Congress explicitly gave the FTC the authority to do. *National Petroleum*, 482 F.2d at 674 (quoting *Civil Aeronautics Bd.,* 367 U.S. at 322, 81 S. Ct. at 1617). The Court concludes that the structure and the location of Section 6(g) indicate that Congress did not explicitly give the Commission substantive rulemaking authority under Section 6(g).

The Court next addresses the history of the FTC Act, coupled with the structural amendments added since its inception. Initially, for the first forty-eight years of its existence, the Commission explicitly disclaimed substantive rulemaking authority. *See National Petroleum*, 482 F.2d at 693 ("Our conclusion as to the scope of Section 6(g) is not disturbed by the fact that the agency itself did not assert the power to promulgate substantive rules until 1962 and indeed indicated intermittently before that time that it lacked such power."). In 1962, the FTC announced for the first time that it was going to rely on Section 6(g) to issue Trade Regulation Rules—rules that would have the force of law. *See* Merrill & Watts, 116 Harv. L. Rev. at 552.

In *National Petroleum*, the plaintiffs challenged the FTC's power to issue such rules. The D.C. Circuit held that Section 6(g) authorized the Commission to promulgate substantive rules: it is "[o]ur belief that 'rules and regulations' in Section 6(g) should be construed to permit the Commission to promulgate binding substantive rules as well as rules of procedure." *National Petroleum*, 482 F.2d at 678. The FTC, thereafter, promulgated several rules based on this rulemaking power under Section 6(g). (*See* ECF No. 210 at 14–15). However, from 1978 to the announcement of the Non-Compete Rule, the Commission did not promulgate a single *substantive* rule under Section 6(g).

Next, the Court addresses subsequent amendments to the FTC Act. During the 90th Congressional session in 1967 and 1968, Congress enacted amendments expressly allowing force of law rulemaking related to specific subjects. *See, e.g.*, Pub. L. No. 90-189, 81 Stat. 568 (1967). If Section 6(g) had already given the Commission such substantive rulemaking power, these amendments would be superfluous. *See Howard Hughes Co. v. C.I.R.*, 805 F.3d 175, 183 (5th Cir. 2015) ("[T]he rule against superfluities, [] instructs courts to interpret a statute to effectuate all its provisions, so that no part is rendered superfluous.") (quoting *Hibbs,* 542 U.S. at 89, 124 S. Ct. at 2276).

The history of the FTC's empowerments requires further analysis of Section 18—the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act ("Magnuson-Moss Act") in 1975. The Magnuson-Moss Act was implemented "to codify the Commission's authority to make substantive rules for unfair or deceptive acts or practices in or affecting commerce." *Am. Fin. Servs. Ass'n*, 767 F.2d at 967. The Magnuson-Moss Act provides:

> (1) . . . [T]he Commission may prescribe—
> (A) interpretive rules and general statements of policy with respect to *unfair or deceptive acts or practices* in or affecting commerce (within the meaning of section 45(a)(1) of this title), and
> (B) rules which define with specificity acts or practices which are *unfair or deceptive acts or practices* in or affecting commerce (within the meaning of section 45(a)(1) of this title) . . .. Rules under this subparagraph may include requirements prescribed for the purpose of preventing such acts or practices.

15 U.S.C. § 57a(a)(1) (emphasis added). The Magnuson-Moss Act further requires the FTC to comply with certain procedural requirements before issuing substantive rules on unfair or deceptive acts or practices. *See* 15 U.S.C. § 57a(b). By enacting the Magnuson-Moss Act, Congress vested the Commission with the power to promulgate substantive rules regarding *only* unfair or deceptive acts or practices, *not* unfair methods of competition.

Although Section 18 mentions that the limitations regarding rulemaking in the "unfair or deceptive acts or practices" context "shall not affect any authority of the Commission to prescribe rules (including interpretive rules), and general statements of policy, with respect to unfair methods of competition in or affecting commerce," such statutory language is not an affirmative grant of substantive rulemaking authority to the FTC in the "unfair methods of competition" context.

The FTC further argues that its substantive rulemaking authority was again confirmed by the 1980 amendments—the Federal Trade Commission Improvements Act of 1980—as they left Section 6(g) and the language in Section 18 unchanged. Such decision "again ratified the grant of competition rulemaking authority in Section 6." (ECF No. 189 at 35). Further, because the 1980 amendments defined "rule" as one promulgated under Section 6 or 18, but excluded non-legislative rules; the FTC alleges that Congress must have "understood rules issued under Section 6 to include legislative rules even after it removed [unfair or deceptive acts or practices] rulemaking authority from Section 6 in the 1975 Amendments." (ECF No. 189 at 34–35.) Again, the Court rejects such

reasoning as a piecemeal attempt to confer rulemaking authority that Congress has not affirmatively granted to the FTC. The role of an administrative agency is to do as told by Congress, not to do what the agency thinks it should do. *See National Petroleum*, 482 F.2d at 674. "Agencies do not have unlimited power to accomplish their policy preferences until Congress stops them; they have only the powers that Congress grants through a textual commitment of authority." *See Cent. Forwarding, Inc. v. ICC*, 698 F.2d 1266, 1272 (5th Cir. 1983) ("[I]f Congress has granted only limited powers to the agency, and the regulation bears little kinship to the rulemaking authority expressed by statute, the validity of the regulation is suspect.").

In sum, the Court concludes the text and the structure of the FTC Act reveal the FTC lacks substantive rulemaking authority with respect to unfair methods of competition, under Section 6(g). *See generally* 15 U.S.C. § 46(g); 15 U.S.C. § 57a. Thus, when considering the text, Section 6(g) specifically, the Court concludes the Commission has exceeded its statutory authority in promulgating the Non-Compete Rule. Having determined the FTC exceeded its statutory authority, the Court pretermits further discussion of statutory bases.

## B.    Arbitrary and Capricious

A court must "hold unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Supreme Court explains this arbitrary-and-capricious standard as follows:

> The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained. Judicial review under that standard is deferential, and a court may not substitute its own policy judgment for that of the agency. A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.

*FCC v. Prometheus Radio Project*, 592 U.S. 414, 423, 141 S. Ct. 1150, 1158, 209 L. Ed. 2d 287

(2021); *see FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513–14, 129 S. Ct. 1800, 1810,

173 L. Ed. 2d 738 (2009)). Generally, an agency rule is arbitrary and capricious if:

> [T]he agency has relied on factors which Congress has not intended it to consider,
> entirely failed to consider an important aspect of the problem, offered an
> explanation for its decision that runs counter to the evidence before the agency, or
> is so implausible that it could not be ascribed to a difference in view or the product
> of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.

Ct. 2856, 2867, 77 L. Ed. 2d 443 (1983).

In applying this standard, the Court is limited to "the basis articulated by the agency itself."

*State Farm*, 463 U.S. at 50, 103 S. Ct. at 2867. Although "'we may not provide a reasoned basis

for the agency's action that the agency itself has not given,' we will 'uphold a decision of less than

ideal clarity if the agency's path may reasonably be discerned.'" *BNSF Ry. Co. v. Fed. R.R.

Admin.*, 62 F.4th 905, 911 (5th Cir. 2023) (quoting *State Farm*, 463 U.S. at 43, 103 S. Ct. at 2867).

"The Supreme Court has made clear that when it comes to arbitrary-and-capricious review, 'the

Government should turn square corners in dealing with the people.'" *Data Mktg. P'ship, LP v. U.S.

Dep't of Lab.*, 45 F.4th 846, 860 (5th Cir. 2022) (quoting *Dep't of Homeland Sec. v. Regents of the

Univ. of Cal.*, 591 U.S. 1, 24, 140 S. Ct. 1891, 1909, 207 L. Ed. 2d 353 (2020)). "A decision is

arbitrary or capricious only when it is so implausible that it could not be ascribed to a difference in

view or the product of agency expertise." *Wilson v. U.S. Dep't. of Agric.,* 991 F.2d 1211, 1215 (5th

Cir. 1993).

Because the FTC is an administrative agency, the Court may analyze the Commission's

actions under the APA's arbitrary-and-capricious standard. *See* 5 U.S.C. § 706(2)(A). The Court

concludes that the Rule is arbitrary and capricious because it is unreasonably overbroad without a

reasonable explanation. The Rule imposes a one-size-fits-all approach with no end date, which fails to establish a "rational connection between the facts found and the choice made." *State Farm*, 463 U.S. at 43, 103 S. Ct. at 2867 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S. Ct. 239, 246, 9 L. Ed. 2d 207 (1962)).

The record does not support the Rule. In enacting the Rule, the Commission relied on a handful of studies that examined the economic effects of various state policies toward non-competes. (*See* ECF No. 210 at 37). The record shows no state has enacted a non-compete rule as broad as the FTC's Rule. (*See, e.g.*, ECF No. 210 at 686, 881). The FTC's evidence compares different states' approaches to enforcing non-competes based on specific factual situations—completely inapposite to the Rule's imposition of a categorical ban. (*See* ECF No. 210 at 46–47). As to this latter point, the FTC provides no evidence or reasoned basis. The Commission's lack of evidence as to why they chose to impose such a sweeping prohibition—that prohibits entering or enforcing virtually all non-competes—instead of targeting specific, harmful non-competes, renders the Rule arbitrary and capricious. *See Transitional Learning Cmty. at Galveston, Inc. v. U.S. Off. of Pers. Mgmt.,* 220 F.3d 427, 430 n.2 (5th Cir. 2000) (holding that "failing to give a reasonable explanation for how [an agency] reached its decision" may make an agency's decision arbitrary and capricious under the APA). In sum, the Rule is based on inconsistent and flawed empirical evidence,[11] fails to consider the positive benefits of non-compete agreements, and disregards the substantial body of evidence supporting these agreements.

---

[11] While the "APA imposes no general obligation on agencies to conduct or commission their own empirical or statistical studies," an agency's evidence must be accurate and supported—not perfect. *Prometheus Radio Project*, 592 U.S. at 427, 141 S. Ct. at 1160.

Second, the record shows the FTC failed to sufficiently address alternatives to issuing the Rule. "The role of this court is to determine whether the [FTC] provides a sufficient explanation of the alternatives to permit a reasoned choice among the different courses of action." *Sierra Club v. Fed. Highway Admin.*, 715 F. Supp. 2d 721, 734 (S.D. Tex. 2010), *aff'd*, 435 F. App'x 368 (5th Cir. 2011). However, the FTC provides no such explanation. (*See generally* ECF No. 210). While considering less disruptive alternatives, the FTC "was required to assess whether there were reliance interests, determine whether they were significant, and weigh any such interests against competing policy concerns." *Wages & White Lion*, 16 F.4th at 1139 (quoting *Regents*, 591 U.S. at 33, 140 S. Ct. at 1915)). The record shows the Commission did not conduct such analysis—instead offering the conclusion that "case-by-case adjudication of the enforceability of non-competes has an *in terrorem*[12] effect that would significantly undermine the Commission's objective to address non-competes' tendency to negatively affect competitive conditions in a final rule." (ECF No. 210 at 108).

The FTC's "compelling justifications" for its decision to not consider other exceptions or alternatives does not adequately justify the Rule. The FTC dismissed any possible alternatives, concluding that either the pro-competitive justifications outweighed the harms, or that employers had other avenues to protect their interests. (*See* ECF No. 210 at 106–11) (stating the categorical ban "advances the final rule's objectives to a greater degree than differentiating among workers"). The Court cannot conclude the Non-Compete Rule "fall[s] within a zone of reasonableness" nor is it "reasonably explained." *Emily's List v. FEC*, 581 F.3d 1, 22 n.20 (D.C. Cir. 2009). The Court concludes that the Rule is arbitrary and capricious.

---

[12] Black's Law Dictionary defines "*in terrorem*" as "[b]y way of threat; as a warning." *In terrorem*, Black's Law Dictionary (11th ed. 2019).

In sum, the Court concludes that the FTC lacks statutory authority to promulgate the Non-Compete Rule, and that the Rule is arbitrary and capricious. Thus, the FTC's promulgation of the Rule is an unlawful agency action. *See* 5 U.S.C. § 706(2). The Court grants summary judgment as to Plaintiff's and Plaintiff Intervenors' corresponding claim(s) under the APA. The Court denies the FTC's motion for summary judgment. The Court pretermits further discussion of all Parties' remaining arguments as unnecessary.

## IV.  PROPER REMEDY

Last, the Court must determine the appropriate remedy under the APA. The APA directs the reviewing court to:

> (2) ***hold unlawful and set aside agency action***, findings, and conclusions found to be--
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> (B) contrary to constitutional right, power, privilege, or immunity;
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>> without observance of procedure required by law[.]

5 U.S.C. § 706(2)(A)–(C) (emphasis added in bold italics). "The text of the APA means what it says." *Loper Bright Enters.*, 144 S. Ct. at 2262. Having concluded that (i) the FTC promulgated the Non-Compete Rule in excess of its statutory authority, and (ii) the Rule is arbitrary and capricious, the Court must "hold unlawful" and "set aside" the FTC's Rule as required under § 706(2). As to the FTC's argument that relief should be limited to the named Plaintiffs—the APA does not contemplate party-specific relief. *See generally* 5 U.S.C. § 706(2). "As [the Fifth Circuit] put it in a couple of recent cases, setting aside agency action under § 706 has 'nationwide effect,' is 'not party-restricted,' and 'affects persons in all judicial districts equally.'" *Braidwood Mgmt.,*

*Inc. v. Becerra*, 104 F.4th 930, 951 (5th Cir. 2024) (internal citations omitted).[13] Thus, the Court

hereby holds unlawful and sets aside the Rule. *See* 16 C.F.R. § 910.1–.6.[14] The Rule shall not be

enforced or otherwise take effect on its effective date of September 4, 2024, or thereafter. *See* 16

C.F.R. § 910.1–.6.

## V.   CONCLUSION

For the reasons enumerated above, it is ORDERED that Ryan and Plaintiff-Intervenors'

Motions for Summary Judgment are **GRANTED**. (ECF Nos. 166, 168). Additionally, for the

reasons the Court grants Plaintiffs' Motions for Summary Judgment, the Court **DENIES** the FTC's

Motion for Summary Judgment. (ECF No. 184). The Non-Compete Rule, 16 C.F.R. § 910.1–.6, is

hereby **SET ASIDE** and shall not be enforced or otherwise take effect on September 4, 2024, or

thereafter.

**SO ORDERED:** August 20, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE

---

[13] *See, e.g.*, *In re Clarke*, 94 F.4th 502, 512 (5th Cir. 2024) ("Should plaintiffs prevail on their APA challenge, this court must 'set aside' [the agency's action], with nationwide effect."); *Career Colls. & Sch. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) (holding that Section 706 "is not party-restricted and allows a court to 'set aside' an unlawful agency action").

[14] All Parties discuss vacatur when briefing the proper remedy. (*See* ECF Nos. 167, 169, 189). However, the Court declines to address vacatur as the Court must abide by the text of the APA—which instructs the Court to "set aside" the Non-Compete Rule. *See* 5 U.S.C. § 706(2).

**Tab 5**

Memorandum Opinion & Order (Preliminary Injunction)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RYAN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| CHAMBER OF COMMERCE OF THE | § | |
| UNITED STATES OF AMERICA, | § | |
| BUSINESS ROUNDTABLE, TEXAS | § | |
| ASSOCIATION OF BUSINESS, and | § | |
| LONGVIEW CHAMBER OF COMMERCE, | § | Civil Action No. 3:24-CV-00986-E |
| | § | |
| Plaintiff-Intervenors, | § | |
| | § | |
| v. | § | |
| | § | |
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Plaintiff Ryan, LLC's ("Ryan") and Plaintiff-Intervenors the Chamber of Commerce of the United States of America, Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce's ("Plaintiff-Intervenors") (referred collectively with Ryan as "Plaintiffs") Opposed Motion for Stay of Effective Date and Preliminary Injunction against the Federal Trade Commission's ("FTC" or the "Commission") "Non-Compete Rule" (sometimes referred to as the "Rule"), 16 C.F.R. § 910.1-.6, which makes most non-compete agreements unenforceable. (ECF Nos. 23 and 46). The Rule's effective date is September 4, 2024. However, the text, structure, and history of the FTC Act reveal that the FTC lacks substantive rulemaking authority with respect to unfair methods of competition under Section 6(g). The Court **GRANTS** the motion for preliminary injunction and postpones the effective date of the Rule as

applied to the Plaintiffs. While this order is preliminary, the Court intends to rule on the ultimate

merits of this action on or before August 30, 2024.

## I.   BACKGROUND

### A.   The Federal Trade Commission Act

In 1914, Congress enacted the Federal Trade Commission Act ("the FTC Act" or "the

Act") to protect consumers and promote competition:

> A commission is created and established, to be known as the Federal Trade Commission (hereinafter referred to as the Commission), which shall be composed of five Commissioners, who shall be appointed by the President, by and with the advice and consent of the Senate. Not more than three of the Commissioners shall be members of the same political party. The first Commissioners appointed shall continue in office for terms of three, four, five, six, and seven years, respectively, from September 26, 1914, the term of each to be designated by the President, but their successors shall be appointed for terms of seven years, except that any person chosen to fill a vacancy shall be appointed only for the unexpired term of the Commissioner whom he shall succeed: *Provided, however*, That upon the expiration of his term of office a Commissioner shall continue to serve until his successor shall have been appointed and shall have qualified. The President shall choose a chairman from the Commission's membership. No Commissioner shall engage in any other business, vocation, or employment. Any Commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office. A vacancy in the Commission shall not impair the right of the remaining Commissioners to exercise all the powers of the Commission.

15 U.S.C. § 41. Since the Commission's inception, Congress vested it with the power to prevent

unfair methods of competition, under Section 5 of the Act. *See* 15 U.S.C. § 45(a)(2).[1] In 1938,

Congress expanded the Commission's power under this provision to also prevent unfair deceptive

acts or practices. *See* The Wheeler-Lea Act, ch. 49, § 3, 52 Stat. 111 (1938) (current version at 15

U.S.C. § 45(a)). The current Section 5, entitled "[u]nfair methods of competition unlawful;

prevention by Commission," states:

> The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title, Federal credit unions described in section 57a(f)(4)

---

[1] The Parties refer to 15 U.S.C. § 45 colloquially as "Section 5," as codified, and the Court does the same.

of this title, common carriers subject to the Acts to regulate commerce, air carriers and foreign air carriers subject to part A of subtitle VII of Title 49, and persons, partnerships, or corporations insofar as they are subject to the Packers and Stockyards Act, 1921, as amended, except as provided in section 406(b) of said Act, *from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce*.

15 U.S.C. § 45(a)(2) (emphasis added). Section 5 describes the FTC's enforcement powers through administrative proceedings. Specifically, the Section *provides* the FTC will hold a hearing if it believes a party is using unfair methods of competition or unfair or deceptive acts or practices. *See* 15 U.S.C. § 45(b). If the FTC then concludes that a party has engaged in the prohibited conduct, a cease-and-desist order may be issued—subject to penalties if the order is violated. *See* 15 U.S.C. § 45(b), (g), (l). Thus, whether a practice is considered an "unfair method of competition" or an "unfair or deceptive act" is typically decided through case-by-case administrative adjudication. *See generally* 15 U.S.C. § 45.

Next, Section 6 of the Act—which has also been in place since the Commission's inception—entitled "[a]dditional powers" grants the Commission additional powers to support the adjudicatory scheme. *See* 15 U.S.C. § 46.[2] Most of these powers are investigatory or ministerial. *See* 15 U.S.C. § 46. One provision titled "[c]lassification of corporations; regulations," gives the Commission the power to "[f]rom time to time classify corporations and (except as provided in section 57a(a)(2) of this title) to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). Pertinent here, FTC asserts Section 6(g) empowers the FTC with the authority to make substantive rules related to unfair methods of competition. (ECF No. 82 at 15).

---

[2] The Parties refer to 15 U.S.C. § 46 colloquially as "Section 6," as codified, and the Court does the same.

**B.     The Non-Compete Rule**

This is a dispute over the FTC's rulemaking authority concerning the enforceability of employer/employee non-compete agreements. These agreements are restrictive covenants that prohibit an employee from competing against the employer. *See, e.g., Team Envt'l. Servs., Inc. v. Addison*, 2 F.3d 124, 126 (5th Cir. 1993) (discussing enforceability of non-compete agreement under Louisiana law). Regarding the prevalence of non-compete agreements, the Parties' joint appendix provides:

> [T]he Commission finds that non-competes are in widespread use throughout the economy and pervasive across industries and demographic groups, albeit with some differences in the magnitude of the prevalence based on industries and demographics. The Commission estimates that approximately one in five American workers—or approximately 30 million workers—is subject to a non-compete.

(*See* ECF No. 149 at 18). States have historically regulated non-competes through caselaw and statute. S*ee, e.g.*, *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 771 (Tex. 2011) ("[R]easonable non[-] compete clauses in contracts pertaining to employment are not considered to be contrary to public policy as constituting an invalid restraint of trade[.] Texas courts have enforced reasonable covenants not to compete dating back at least to 1899."); *see also, e.g.*, TEX. BUS. & COM. CODE § 15.50 (enumerating the criteria for enforceability of covenants not to compete under Texas law); (ECF No. 149 at 439) (discussing that "46 States have statutory provisions or case law that ban or limit the enforceability of non-competes for workers in certain specified occupations."). No federal law broadly addresses the enforceability of non-competes.

In 2018, the FTC began to study non-competes through public hearings and workshops; invitations for public comment; and a review of academic studies. (*See* 89 Fed. Reg. at 38, 343–

44). Three years later, the FTC initiated several investigations into the use of non-competes to determine whether they constitute unfair methods of competition. (*See* 89 Fed. Reg. at 38,343-44).

On January 19, 2023, the FTC proposed the Non-Compete Rule- which "prohibit[ed] employers from entering into non-compete clauses with workers starting on the rule's compliance date, the proposed rule would require employers to rescind existing non-compete clauses no later than the rule's compliance date." Non-Compete Clause Rule, 88 Fed. Reg. 3482-01. On April 23, 2024, the FTC adopted the final Non-Compete Rule. *See* 16 C.F.R. § 910. The Rule provides, in pertinent part:

> Non-compete clause means:
> (1) A term or condition of employment that prohibits a worker from, penalizes a worker for, or functions to prevent a worker from:
>> (i) Seeking or accepting work in the United States with a different person where such work would begin after the conclusion of the employment that includes the term or condition; or
>> (ii) Operating a business in the United States after the conclusion of the employment that includes the term or condition.

16 C.F.R. § 910.1. The Rule distinguishes its application to "workers" and "senior executives."

*See* 16 C.F.R. § 910.2(a). "Workers" and "senior executives" are defined as follows:

> **Senior executive means** a worker who:
> (1) Was in a policy-making position; and
> (2) Received from a person for the employment:
> (i) Total annual compensation of at least $151,164 in the preceding year; or
> (ii) Total compensation of at least $151,164 when annualized if the worker was employed during only part of the preceding year; or
> (iii) Total compensation of at least $151,164 when annualized in the preceding year prior to the worker's departure if the worker departed from employment prior to the preceding year and the worker is subject to a non-compete clause.
> [. . . .]
> **Worker means** a natural person who works or who previously worked, whether paid or unpaid, without regard to the worker's title or the worker's status under any other State or Federal laws, including, but not limited to, whether the worker is an employee, independent contractor, extern, intern, volunteer, apprentice, or a sole proprietor who provides a service to a person. The term worker includes a natural person who works for a franchisee or franchisor, but does not include a franchisee in the context of a franchisee-franchisor relationship.

16 C.F.R. § 910.1 (emphasis added in bold). Based on this distinction between "senior executive" and "worker," the Non-Compete Rule enumerates "[u]nfair methods of competition" as follows:

> (1) Workers other than senior executives. With respect to a worker other than a senior executive, **it is an unfair method of competition for a person**:
>> (i) To enter into or attempt to enter into a non-compete clause;
>> (ii) To enforce or attempt to enforce a non-compete clause; or
>> (iii) To represent that the worker is subject to a non-compete clause.
> (2) Senior executives. **With respect to a senior executive, it is an unfair method of competition for a person:**
>> (i) To enter into or attempt to enter into a non-compete clause;
>> (ii) To enforce or attempt to enforce a non-compete clause entered into after the effective date; or
>> (iii) To represent that the senior executive is subject to a non-compete clause, where the non-compete clause was entered into after the effective date.

16 C.F.R. § 910.2(a) (emphasis added in bold).

The FTC asserts that- (i) because non-compete clauses are "unfair methods of competition" under Section 5 of the FTC Act, and (ii) pursuant to the authority granted them in Section 6(g), the Commission has the authority to issue the Rule. *See* 15 U.S.C. §§ 45(a)(2), 46(g); *see generally* 16 C.F.R. § 910.1-6. Subject to the limitations and distinctions above, the Rule essentially provides that it is an unfair method of competition—and therefore a violation of Section 5—for persons to enter or enforce non-compete agreements. The Rule also supersedes state laws that would "permit or authorize" non-compete agreements. *See* 16 C.F.R. § 910.4. [3]

Apart from the exceptions regarding the Rule's application to senior executives discussed above, the Rule also contains other exceptions regarding (i) bona fide sales of businesses; (ii)

---

[3] However, the Rule does not "annul, or exempt any person from complying with any State statute, regulation, order, or interpretation applicable to a non-compete clause, including, but not limited to, State antitrust and consumer protection laws and State common law." 16 C.F.R. § 910.4(a). "[N]o provision of this part shall be construed as altering, limiting, or affecting the authority of a State attorney general or any other regulatory or enforcement agency or entity or the rights of a person to bring a claim or regulatory action arising under any State statute, regulation, order, or interpretation, including, but not limited to, State antitrust and consumer protection laws and State common law." 16 C.F.R. § 910.4(b).

circumstances where a cause of action accrued prior to the effective date; and (iii) circumstances where a person has a good-faith basis to believe that the Rule is inapplicable. *See* 16 C.F.R. § 910.3(a)–(c).

## C.    Procedural History

On April 23, 2024, Ryan initiated this lawsuit. (ECF No. 1). On May 1, 2024, Ryan filed its Amended Complaint—the operative complaint on which it proceeds. (*See* ECF No. 22). Ryan asserts the following causes of action against the FTC based on the Administrative Procedure Act ("APA"), which empowers a reviewing court to hold unlawful and set aside certain agency action(s), findings, and conclusions. 5 U.S.C. § 706(2). Specifically, Ryan asserts the FTC's actions were unlawful because (i) the FTC acted without statutory authority; (ii) the Rule is the product of an unconstitutional exercise of power; and (iii) the FTC's acts, findings, and conclusions were arbitrary and capricious. (*See* ECF No. 22 at 21-30). Ryan further asserts a claim under the Declaratory Judgment Act, challenging the Rule as unlawful. (*See* ECF No. 22 at 30-32).

On May 1, 2024, Ryan filed its Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 23), along with its brief in support, (ECF No. 24), seeking an order staying the effective date of the Rule and preliminarily enjoining the FTC from enforcing the Rule. On May 8, 2024, Plaintiff-Intervenors filed their Motion to Intervene, (ECF No. 32), along with their brief in support, (ECF No. 33). The Court granted the Motion to Intervene on May 9, 2024. (ECF No. 34). On May 10, 2024, Plaintiff-Intervenors filed their Motion for Stay of Effective Date and Preliminary Injunction, (ECF No. 46), along with their brief in support, (ECF No. 47), which support and request relief similar to Ryan's request for injunctive relief. On May 29, 2024, the FTC filed its consolidated response to Plaintiffs' Motions for Stay of Effective Date and

Preliminary Injunction, (ECF No. 81), along with its brief in support, (ECF No. 82). Plaintiffs replied on June 12, 2024. (ECF Nos. 146, 147). Additionally, the Parties filed their joint appendix on June 14, 2024. (ECF No. 149). Thus, Plaintiffs' motions are fully briefed and ripe for determination.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) provides for the issuance of preliminary injunctions. Fed. R. Civ. P. 65(a). "A preliminary injunction is an 'extraordinary remedy.'" *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule."); *see also Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). In fact, "[i]n some ways, the permanent injunction is less demanding than the preliminary injunction." *Valentine v. Collier*, 978 F.3d 154, 159 (5th Cir. 2020). "It is not enough for a court considering a request for injunctive relief to ask whether there is a good reason why an injunction should *not* issue; rather, a court must determine that an injunction *should* issue under the traditional four-factor test set out" below. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 158, 130 S. Ct. 2743, 2757, 177 L. Ed. 2d 461 (2010).

To obtain a preliminary injunction, a movant must establish the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction serves the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of Fla. v.*

*Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). The same standards apply "to prevent irreparable injury" under the APA. *See* 5 U.S.C. § 705; *Wages & White Lion Invs. v. FDA*, 16 F.4th 1130, 1143 (5th Cir. 2021).

Further, "[t]he district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). This power to stay proceedings states:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705.

Such staying power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). District courts are to "weigh competing interests and maintain an even balance" in deciding whether to issue a stay. *Landis*, 299 U.S. at 255, 57 S. Ct. at 166. "The party seeking the stay 'bears the burden' of showing its need." *Tex. League of United Latin Am. Citizens v. Hughs*, 978 F.3d 136, 143 (5th Cir. 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 1651, 137 L. Ed. 2d 945 (1997)).

### III.  PRELIMINARY INJUNCTION

Plaintiffs seek an order staying the effective date of the Non-Compete Rule and preliminarily enjoining the FTC from enforcing the Rule—including, but not limited to, through

any ongoing or future administrative action.[4] (*See* ECF Nos. 23, 46). For the reasons enumerated hereunder, the Court will grant a stay and preliminary injunction after finding that (i) Plaintiffs are likely to succeed on the merits; (ii) irreparable harm will result without the issuance of injunctive relief; and (iii) the balance of harms and public interest weigh in favor of granting injunctive relief.

## A.     Likelihood of Success on the Merits

The first element in the preliminary injunction analysis is whether the movant has "shown a substantial likelihood of *ultimately* succeeding on the merits, [] potential procedural hurdles notwithstanding." *Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011) (citation omitted). "Substantial" likelihood of success on the merits does not mean "certain." *Byrne v. Roemer*, 847 F.2d 1130, 1133 (5th Cir. 1988) (explaining that "the movant need not always show a probability of success on the merits") (quoting *Celestine v. Butler*, 823 F.2d 74, 77 (5th Cir. 1987)); *see Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 626 (5th Cir. 2017) ("Though there is no particular degree of likelihood of success that is required in every case, the party seeking a preliminary injunction must establish at least some likelihood of success on the merits before the court may proceed to assess the remaining requirements."). Some likelihood of success can be sufficient to support the issuance of a preliminary injunction. *See Productos Carnic, S.A. v. Cent. Am. Beef & Seafood Trading Co.,* 621 F.2d 683, 686 (5th Cir. 1980) ("Where the other factors are strong, a showing of some likelihood of success on the merits will justify temporary injunctive relief."). But "[m]erely finding that there is more likelihood than 'no chance' is not sufficient to sustain the granting of a preliminary injunction." *Fla. Med. Ass'n, Inc. v. U. S. Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 203 n.3 (5th Cir. 1979). In the context of agency action, another district court has explained:

---

[4] The "effective date" is defined as 120 days after publication in the Federal Register, which is Sept. 4, 2024. *See* 16 C.F.R. § 910.6.

> Judicial review of agency action "is not toothless." *Sw. Elec. Power Co. v. EPA*,
> 920 F.3d 999, 1013 (5th Cir. 2019). The agency must examine relevant data and
> articulate a satisfactory explanation for its action, including a "rational connection
> between the facts found and the choice made." *State Farm*, 463 U.S. at 43, 103
> S.Ct. 2856 (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83
> S.Ct. 239, 9 L.Ed.2d 207 (1962)). The agency must also consider reliance interests
> of those affected by a contemplated decision and consider less-disruptive policies
> given those interests. *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, ⸺ U.S.
> ⸺, 140 S. Ct. 1891, 1913–15, 207 L.Ed.2d 353 (2020).

*Texas v. Biden*, 646 F. Supp. 3d 753, 772 (N.D. Tex. 2022), *appeal dismissed*, No. 23-10143, 2023 WL 5198783 (5th Cir. May 25, 2023). The Court agrees with the above. To assess the likelihood of success on the merits, the Court "look[s] to the standards provided by the substantive law." *Roho, Inc. v. Marquis,* 902 F.2d 356, 358 (5th Cir. 1990).

Under the APA, courts must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity;" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)–(C). Plaintiffs aver the FTC's Non-Compete Rule meets all of the above—(i) it exceeds its statutory authority; (ii) it is patently unconstitutional; and (iii) it is arbitrary and capricious.

Ryan contends that it is likely to succeed on the merits because (i) "the text, history, and structure of the FTC Act makes clear" that Section 6(g) does not grant the Commission the statutory authority to issue rules defining unfair methods of competition; (ii) if read as the FTC proposes, Section 6(g) would be an unconstitutional delegation of legislative authority because the FTC Act does not provide an intelligible principle guiding the Commission's exercise of rulemaking authority; and (iii) the Commission is unconstitutionally structured—as it is insulated from the President. (ECF No. 24 at 22–34). Similarly, Plaintiff-Intervenors aver the FTC Act does

---

not authorize the Rule for two overarching reasons. (*See* ECF No. 47). First, the Rule exceeds the Commission's statutory authority; and second, the Rule is the product of flawed decision-making as it violates the APA. (ECF No. 47 at 17–36).

The FTC responds that Plaintiffs are unlikely to succeed on the merits because: (i) the Commission has statutory authority to promulgate the final rule; (ii) the Commission properly determined that all non-competes are "unfair methods of competition;" (iii) Congress lawfully delegated authority to the Commission to make the Rule; (iv) the Act's removal restrictions are lawful; (v) the Rule is not unlawfully retroactive; and (vi) the Rule is not arbitrary and capricious. (ECF No. 82 at 24–47). The Court first addresses whether the FTC exceeded its statutory authority in implementing the Non-Compete Rule.

### 1. *Statutory Authority—Text, Structure, and History of the FTC*

Plaintiffs assert the Commission's claimed statutory authority in promulgating the Rule— Section 6(g) of the FTC Act—does not authorize substantive rulemaking. "The extent of [the FTC's] powers can be decided only by considering the powers Congress specifically granted it in the light of the statutory language and background." *National Petroleum Refiners Ass'n v. FTC*, 482 F.2d 672, 674 (D.C. Cir. 1973). "The question to be answered is 'not what the [Commission] thinks it should do but what Congress has said it can do.'" *National Petroleum*, 482 F.2d at 674 (quoting *Civil Aeronautics Bd. v. Delta Air Lines Inc.*, 367 U.S. 316, 322, 81 S. Ct. 1611, 1617, 6 L. Ed. 869 (1961)). "The judiciary remains the final authority with respect to questions of statutory construction and must reject administrative agency actions which exceed the agency's statutory mandate or frustrate congressional intent." *Am. Fin. Servs. Ass'n v. FTC*, 767 F.2d 957, 968 (D.C. Cir. 1985).

---

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *West Virginia v. EPA*, 597 U.S. 697, 721, 142 S. Ct. 2587, 2607 (2022) (quoting *Davis v. Mich. Dept. of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504 103 L. Ed. 2d 891 (1989)). "The appropriate starting point when interpreting any statute is its plain meaning." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 1566, 173 L. Ed. 2d 443 (2009) (cleaned up) (quoting *Hibbs v. Winn,* 542 U.S. 88, 101, 124 S. Ct. 2276, 2286, 159 L. Ed. 2d 172 (2004)). "[A] court must look to the intent of the legislature and must construe the statute so as to give effect to that intent." *CenterPoint Energy Hous. Elec. v. Harris Cnty. Toll Rd. Auth.*, 436 F.3d 541, 545 (5th Cir. 2006); *see generally Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360, at *14 (U.S. June 28, 2024) ("The deference that *Chevron* requires of courts reviewing agency action cannot be squared with the APA.").

In Section 5 of the FTC Act, Congress vested the Commission with the power to prevent unfair methods of competition:

> The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.

15 U.S.C. § 45(a)(2). And as stated above, Section 6 gives the FTC the power "to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). Section 5 creates a comprehensive scheme to prevent unfair methods of competition, while Section 6 enumerates additional powers that generally aid in the administration of that adjudication-focused scheme. *See generally* 15 U.S.C. §§ 45, 46. "The [FTC Act] statute gives [the FTC]

express authority 'to make rules and regulations for the purpose of carrying out the provisions of the [FTC] Act." *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941).

Plaintiffs challenge whether the FTC's rulemaking authority under Section 6(g) encompasses substantive rulemaking, in addition to procedural rulemaking. The FTC asserts Section 6(g) and 15 U.S.C. § 57a empowers it with substantive rulemaking authority. (ECF No. 82 at 18, 25-35).[5] The issue presented is whether the FTC's ability to promulgate rules concerning unfair methods of competition include the authority to create *substantive* rules regarding unfair methods of competition.

The Court starts with the text of Section 6(g) and 15 U.S.C. § 57a. *See Hightower v. Tex. Hosp. Ass'n,* 65 F.3d 443, 448 (5th Cir. 1995) ("When courts interpret statutes, the initial inquiry is the language of the statute itself."). Under Section 6(g) of the FTC Act, the Commission has the power to "classify corporations and (except as provided in section 57a(a)(2) of this title) to make rules and regulations for the purpose of carrying out the provisions of this subchapter." 15 U.S.C. § 46(g). By a plain reading, Section 6(g) of the Act does not expressly grant the Commission authority to promulgate substantive rules regarding unfair methods of competition. Next, 15 U.S.C. § 57a empowers the FTC to prescribe "interpretive rules and general statements of policy with respect to unfair or deceptive acts or practices in or affecting commerce." *See* 15 U.S.C. § 57a. Section 57a limits the FTC's ability to make rules dealing with *unfair or deceptive practices*—not *unfair methods of competition*. 15 U.S.C. § 57a(2).[6] However, 15 U.S.C. § 57a acknowledges the FTC has some rulemaking power "with respect to unfair methods of competition in or affecting commerce." 15 U.S.C. § 57a(2).[7]

---

[5] The Parties refer to 15 U.S.C. § 57a of the FTC Act as "Section 18."
[6] The Court further discusses 15 U.S.C. § 57a hereunder as the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act. *See infra* at Part III. A.
[7] The complete limitation on the FTC's rulemaking authority under 57a(2) states:

Plainly read, the Court concludes the FTC has some authority to promulgate rules to preclude unfair methods of competition. Indeed, the Act says as much by alluding to this power in 15 U.S.C. § 57a. *See* 15 U.S.C. § 57a. However, after reviewing the text, structure, and history of the Act, the Court concludes the FTC lacks the authority to create substantive rules through this method. Section 6(g) is "indeed a 'housekeeping statute,' authorizing what the APA terms 'rules of agency organization procedure or practice' as opposed to 'substantive rules.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 310, 99 S. Ct. 1705, 1722, 60 L. Ed. 2d 208 (1979). Plaintiffs next contend the lack of a statutory penalty for violating rules promulgated under Section 6(g) demonstrates its lack of substantive rulemaking power. (ECF No. 24 at 23–24; ECF No. 47 at 18–19). The Court agrees.

When authorizing legislative rulemaking, Congress also historically prescribes sanctions for violations of the agency's rules—confirming that those rules create substantive obligations for regulated parties.[8] "If the statute prescribed a sanction, then the authority to make 'rules and regulations' included the authority to adopt legislative rules having the force of law . . . [but] [i]f

---

The Commission shall have no authority under this subchapter, other than its authority under this section, to prescribe any rule with respect to unfair or deceptive acts or practices in or affecting commerce (within the meaning of section 45(a)(1) of this title). **The preceding sentence shall not affect any authority of the Commission to prescribe rules (including interpretive rules), and general statements of policy, with respect to unfair methods of competition in or affecting commerce.**

15 U.S.C. § 57a(2) (emphasis added in bold).

[8] *See, e.g.,* Federal Water Power Act, ch. 285, § 25, 41 Stat. 1063, 1076 (1920) (repealed 1935) (attaching criminal penalties to violations of the Federal Power Commission's rules and regulations); Tea Importation Act, ch. 358, § 6, 29 Stat. 604, 606 (1897) (repealed 1996) (providing for the destruction of impure tea that falls below the standards set by the Secretary of the Treasury if the owner fails to export such tea outside of the United States within six months of the examination); Warehouse Act, ch. 313, pt. C, § 25, 39 Stat. 486, 490 (1916) (codified as amended at 7 U.S.C. § 252(a) (2000)) (providing the Secretary of Agriculture may suspend or revoke any warehouseman's license for any violation of the rules and regulations made under the Act); Grain Standards Act, ch. 313, pt. B, § 7, 39 Stat. 482, 484 (1916) (codified as amended at 7 U.S.C. § 85) (providing for the suspension or revocation of any grain inspector's license for any violation of the rules and regulations made under the Act); Social Security Act Amendments of 1939, ch. 666, § 205(a), 53 Stat. 1360, 1368.

---

RE.93

24-10951.3510

the statute did not include a sanction, the authority to make 'rules and regulations' encompassed only interpretive or procedural rules." Thomas W. Merrill & Kathryn Tongue Watts, *Agency Rules with the Force of Law: The Original Convention*, 116 HARV. L. REV. 467, 493–94 (2002) ("[I]f the statute was silent regarding the legal consequences for failure to conform to regulations, it was understood as granting the agency the power to make only housekeeping rules."). Section 6(g) contains no penalty provision—which indicates a lack of substantive force. *See generally* 15 U.S.C. § 46. In contrast, Section 5 adjudications include a penalty provision. *See* 15 U.S.C. § 45(l)–(m). Thus, the lack of a penalty included with Section 6(g) supports that such provision encompasses only housekeeping rules—not substantive rulemaking power.

Furthermore, viewing the statute as a whole, the location of the alleged substantive rulemaking authority is suspect. First, the initial part of Section 6(g) merely vests the FTC with the power to "[f]rom time to time classify corporations;" the alleged substantive rulemaking power is the latter portion of the statute. 15 U.S.C. § 46(g). If the FTC is correct in its interpretation, then Congress did not choose to place such substantial power in a primary, independent place. *See Inhance Techs., L.L.C. v. EPA*, 96 F.4th 888, 893 (5th Cir. 2024) ("[A]gencies, as mere creatures of statute, must point to explicit Congressional authority justifying their decisions." (quoting *Clean Water Action v. EPA*, 936 F.3d 308, 313 n.10 (5th Cir. 2019))). Further, Section 6(g) is the seventh in a list of twelve almost entirely investigative powers. *See* 15 U.S.C. § 46. Last, Section 6(g) fails to mention Section 5 or any other substantive authority from where such substantive rulemaking power would stem. *See* 15 U.S.C. § 46.

Agencies are creatures of Congress—"an agency literally has no power to act . . . unless and until Congress confers power upon it." *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374, 106 S. Ct. 1890, 1901, 90 L. Ed. 2d 369 (1986). As "[t]he question to be answered is 'not

what the [Commission] thinks it should do but what Congress has said it can do,'" the Court must look to what Congress explicitly gave the FTC the authority to do. *National Petroleum*, 482 F.2d at 674 (quoting *Civil Aeronautics Bd.,* 367 U.S. at 322, 81 S. Ct. at 1617). The Court concludes the structure and the location of Section 6(g) show that Congress did not explicitly give the Commission substantive rulemaking authority under Section 6(g).

The Court next addresses the history of the FTC Act, coupled with the structural amendments added since its inception. Initially, for the first forty-eight years of its existence, the Commission explicitly disclaimed substantive rulemaking authority. *See National Petroleum*, 482 F.2d at 693 ("Our conclusion as to the scope of Section 6(g) is not disturbed by the fact that the agency itself did not assert the power to promulgate substantive rules until 1962 and indeed indicated intermittently before that time that it lacked such power."). In 1962, the FTC announced for the first time that it was going to rely on Section 6(g) to issue Trade Regulation Rules—rules that would have the force of law. *See* Merrill & Watts, 116 Harv. L. Rev. at 552.

In *National Petroleum*, the plaintiffs challenged the FTC's power to issue such rules. The D.C. Circuit held that Section 6(g) authorized the Commission to promulgate substantive rules: it is "[o]ur belief that 'rules and regulations' in Section 6(g) should be construed to permit the Commission to promulgate binding substantive rules as well as rules of procedure." *National Petroleum*, 482 F.2d at 678. The FTC, thereafter, promulgated several rules based on this rulemaking power under Section 6(g). (*See* ECF No. 149 at 29–32). However, from 1978 until the enactment of the Non-Compete Rule, the Commission did not promulgate a single *substantive* rule under Section 6(g).

Next, the Court addresses subsequent amendments to the FTC Act. During the 90th Congressional session in 1967 and 1968, Congress enacted amendments expressly allowing force

of law rulemaking related to specific subjects. *See, e.g.*, Pub. L. No. 90-189, 81 Stat. 568 (1967). If Section 6(g) had already given the Commission such substantive rulemaking power, these amendments would be superfluous. *See Howard Hughes Co. v. C.I.R.*, 805 F.3d 175, 183 (5th Cir. 2015) ("[T]he rule against superfluities, [] instructs courts to interpret a statute to effectuate all its provisions, so that no part is rendered superfluous.") (quoting *Hibbs,* 542 U.S. at 89, 124 S. Ct. at 2276).

The history of the FTC's empowerments requires further analysis of 15 U.S.C. § 57a—the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act ("Magnuson-Moss Act") in 1975. The Magnuson-Moss Act was implemented "to codify the Commission's authority to make substantive rules for unfair or deceptive acts or practices in or affecting commerce." *Am. Fin. Servs. Ass'n*, 767 F.2d at 967. The Magnuson-Moss Act provides:

> (1) ... [T]he Commission may prescribe—
> (A) interpretive rules and general statements of policy with respect to *unfair or deceptive acts or practices* in or affecting commerce (within the meaning of section 45(a)(1) of this title), and
> (B) rules which define with specificity acts or practices which are *unfair or deceptive acts or practices* in or affecting commerce (within the meaning of section 45(a)(1) of this title).... Rules under this subparagraph may include requirements prescribed for the purpose of preventing such acts or practices.

15 U.S.C. § 57a(a)(1) (emphasis added). The Magnuson-Moss Act requires the FTC to comply with certain procedural requirements before issuing substantive rules on unfair or deceptive acts or practices. *See* 15 U.S.C. § 57a(b). Congress vested the Commission with the power to promulgate substantive rules regarding *only* unfair or deceptive acts or practices, *not* unfair methods of competition.

Although 15 U.S.C. § 57a mentions the limitations regarding rulemaking in the "unfair or deceptive acts or practices" context "shall not affect any authority of the Commission to prescribe rules (including interpretive rules), and general statements of policy, with respect to unfair methods

of competition in or affecting commerce," such statutory language is not an affirmative grant of substantive rulemaking authority to the FTC in the "unfair methods of competition" context.

The FTC further argues that its substantive rulemaking authority was again confirmed by the 1980 amendments—the Federal Trade Commission Improvements Act of 1980—as they left Section 6(g) and the language in Section 19 unchanged. Such decision "preserv[ed] the Commission's authority to regulate unfair methods of competition, further ratifying the Commission's authority." (ECF No. 82 at 27). Further, because the 1980 amendments defined "rule" as one promulgated under Section 6 or 18, but excluded non-legislative rules; Congress must have "understood rules issued under Section 6 to include legislative rules prohibiting unfair methods of competition." (ECF No. 82 at 28). Again, the Court rejects such reasoning as a piecemeal attempt to confer rulemaking authority that Congress has not affirmatively granted to the FTC. The role of an administrative agency is to do as told by Congress, not to do what the agency think it should do. *See National Petroleum*, 482 F.2d at 674.

"Agencies do not have unlimited power to accomplish their policy preferences until Congress stops them; they have only the powers that Congress grants through a textual commitment of authority." *See Central Forwarding, Inc. v. ICC*, 698 F.2d 1266, 1272 (5th Cir. 1983) ("[I]f Congress has granted only limited powers to the agency, and the regulation bears little kinship to the rulemaking authority expressed by statute, the validity of the regulation is suspect."). The Court concludes the text and the structure of the FTC Act reveal the FTC lacks substantive rulemaking authority with respect to unfair methods of competition, under Section 6(g). See generally 15 U.S.C. § 46(g); 15 U.S.C. § 57a.  Thus, when considering the text, Section 6(g) specifically, the Court concludes the Commission has exceeded its statutory authority in promulgating the Non-Compete Rule, and thus Plaintiffs are likely to succeed on the merits.

Having determined the FTC exceeded its statutory authority, the Court pretermits further discussion of statutory bases.

> 2.     *Arbitrary and Capricious*

An administrative agency's actions are constrained by the standard set out in the APA—a court must "hold unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Supreme Court explains this arbitrary-and-capricious standard as follows:

> The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained. Judicial review under that standard is deferential, and a court may not substitute its own policy judgment for that of the agency. A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.

*FCC v. Prometheus Radio Project*, 592 U.S. 414, 423, 141 S. Ct. 1150, 1158, 209 L. Ed. 2d 287 (2021); *see FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513–14, 129 S. Ct. 1800, 1810, 173 L. Ed. 2d 738 (2009)). Generally, an agency rule is arbitrary and capricious if:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 2867, 77 L. Ed. 2d 443 (1983).

In applying this standard, the Court is limited to "the basis articulated by the agency itself." *State Farm*, 463 U.S. at 50, 103 S. Ct. at 2867. Accordingly, this Court's review is deferential and limited. Although "'we may not provide a reasoned basis for the agency's action that the agency itself has not given,' we will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *BNSF Ry. Co. v. Fed. R.R. Admin.*, 62 F.4th 905, 911 (5th Cir. 2023)

(quoting *State Farm*, 463 U.S. at 43, 103 S. Ct. at 2867). "The Supreme Court has made clear that when it comes to arbitrary-and-capricious review, 'the Government should turn square corners in dealing with the people.'" *Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 860 (5th Cir. 2022) (quoting *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24, 140 S. Ct. 1891, 1909, 207 L. Ed. 2d 353 (2020)). "A decision is arbitrary or capricious only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Wilson v. U.S. Dep't. of Agric.,* 991 F.2d 1211, 1215 (5th Cir. 1993).

Thus, because the FTC is an administrative agency, the Commission's actions are constrained by the APA's arbitrary-and-capricious standard. The Court finds there is a substantial likelihood the Rule is arbitrary and capricious because it is unreasonably overbroad without a reasonable explanation. It imposes a one-size-fits-all approach with no end date, which fails to establish a "rational connection between the facts found and the choice made." *State Farm*, 463 U.S. at 43, 103 S. Ct. at 2867 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S. Ct. 239, 246, 9 L. Ed. 2d 207 (1962)).

On this record, the evidence put forth by the Commission does not warrant the Non-Compete Rule's expansive ban. In enacting the Rule, the Commission relied on a handful of studies that examined the economic effects of various state policies toward non-competes. (*See* ECF No. 149 at 111). However, no state has ever enacted a non-compete rule as broad as the FTC's Non-Compete Rule. Further, the FTC's evidence compares different states' approaches to enforcing non-competes on based on the specific factual situation—completely inapposite from the FTC imposing a categorical ban. (*See* ECF No. 149 at 140-42). As to this latter point, the FTC provides no evidence or reasoned basis. The Commission's lack of evidence as to why they chose to impose such a sweeping prohibition—that prohibits entering or enforcing virtually all non-competes—

instead of targeting specific, harmful non-competes, renders the Rule arbitrary and capricious. *See Transitional Learning Cmty. at Galveston, Inc. v. U.S. Off. of Pers. Mgmt.*, 220 F.3d 427, 430 n.2 (5th Cir. 2000) (holding that "failing to give a reasonable explanation for how [an agency] reached its decision" may make an agency's decision arbitrary and capricious under the APA). In sum, the Rule is based on inconsistent and flawed empirical evidence,[9] fails to consider the positive benefits of non-compete agreements, and disregards the substantial body of evidence supporting these agreements.

Second, the FTC insufficiently addressed alternatives to issuing the Rule. "The role of this court is to determine whether the [FTC] provides a sufficient explanation of the alternatives to permit a reasoned choice among the different courses of action." *Sierra Club v. Fed. Highway Admin.*, 715 F. Supp. 2d 721, 734 (S.D. Tex. 2010), *aff'd*, 435 F. App'x 368 (5th Cir. 2011). However, on this record, the FTC did not sufficiently consider alternatives. (*See generally* ECF No. 149). While considering less disruptive alternatives, the FTC "was required to assess whether there were reliance interests, determine whether they were significant, and weigh any such interests against competing policy concerns." *Wages & White Lion*, 16 F.4th at 1139 (quoting *Regents*, 591 U.S. at 33, 140 S. Ct. at 1915)). The record shows the Commission did not conduct such analysis, instead offering the conclusion that "case-by-case adjudication of the enforceability of non-competes has an *in terrorem*[10] effect that would significantly undermine the Commission's objective to address non-competes' tendency to negatively affect competitive conditions in a final rule." (ECF No. 149 at 362).

---

[9] While the "APA imposes no general obligation on agencies to conduct or commission their own empirical or statistical studies," an agency's evidence must be accurate and supported—not perfect. *Prometheus Radio Project*, 592 U.S. at 427, 141 S. Ct. at 1160.
[10] Black's Law Dictionary defines "*in terrorem*" as "[b]y way of threat; as a warning." *In terrorem*, Black's Law Dictionary (11th ed. 2019).

The FTC's "compelling justifications" for its decision to not consider other exceptions or alternatives does not adequately justify the far reach of the Rule. The FTC dismissed any possible alternatives, merely concluding that either the pro-competitive justifications outweighed the harms, or that employers had other avenues to protect their interests. (*See* ECF No. 149 at 356–74) (stating the categorical ban "advances the final rule's objectives to a greater degree than differentiating among workers"). Thus, the Court cannot find the Non-Compete Rule "fall[s] within a zone of reasonableness" and is "reasonably explained." *Emily's List v. FEC*, 581 F.3d 1, 22 n.20 (D.C. Cir. 2009). As such, the Court concludes the Rule is arbitrary and capricious.

The Court concludes Plaintiffs are likely to succeed on the merits that the FTC lacks statutory authority to promulgate the Non-Compete Rule, and that the Rule is arbitrary and capricious. Thus, the Court pretermits discussion of Plaintiffs' remaining causes of action, as they have successfully proven their likelihood of success on the merits based on the reasoning enumerated above.

## B.     Irreparable Harm

To satisfy the second element of the preliminary injunction analysis, Plaintiffs must demonstrate that, if the Court denies the grant of a preliminary injunction, irreparable harm will result. Irreparable harm exists where "there is no adequate remedy at law." *Louisiana v. Biden*, 55 F.4th 1017, 1033–34 (5th Cir. 2022) (cleaned up). In the Fifth Circuit, it is "well-established that an injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable." *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986). Instead, plaintiffs need only show they are "likely to suffer irreparable harm in the absence of preliminary relief."

---

*Benisek v. Lamone*, 585 U.S. 155, 158, 138 S. Ct. 1942, 1944, 201 L. Ed. 2d 398 (2018) (quoting

*Winter*, 555 U.S. at 20, 129 S. Ct. at 374). "[A] showing of speculative injury is not sufficient;

there must be more than an unfounded fear on the part of the applicant." *Janvey*, 647 F.3d at 600.

"When determining whether injury is irreparable, 'it is not so much the magnitude but the

irreparability that counts . . . .'" *Texas v. EPA*, 829 F.3d 405, 433–34 (5th Cir. 2016) (quoting

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)).

Further, financial losses have been categorized as irreparable injury "where no 'adequate

compensatory or other corrective relief will be available at a later date, in the ordinary course of

litigation,' or 'where the loss threatens the very existence of the movant's business.'" *Texas v.

EPA*, 829 F.3d at 434 (internal citations omitted) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669,

674 (D.C. Cir. 1985); *see Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023)

(concluding that economic costs may constitute irreparable harm); *see also, e.g.*, *In re NTE

Connecticut LLC*, 26 F.4th 980, 990-91 (D.C. Cir. 2022) ("[W]e have recognized that financial

injury can be irreparable where no adequate compensatory or other corrective relief will be

available at a later date, in the ordinary course of litigation.") (cleaned up) (internal quotation

omitted).

Ryan avers that, if the Rule takes effect, Ryan's non-competes with present and former

principals would be invalidated, Ryan would be barred from entering into new non-competes, and

Ryan would have to inform its workers that its non-compete agreements are now invalid. (ECF

No. 24 at 34). Ryan asserts the Rule would result in irreparable harm as this will "increase the risk

that departing workers may take Ryan's intellectual property and proprietary methods to its

competitors"—which cannot be effectively mitigated by trade secret laws and non-disclosure

agreements. (ECF No. 24 at 34). Ryan contends the Rule would "announce open season for

poaching of clients and workers." (ECF No. 23 at 35). Ryan claims it would have to expend significant time and resources to counteract the Rule and update all existing agreements. (ECF No. 23 at 35–36).

Similarly, Plaintiff-Intervenors claim the harm from the implementation of the Rule will be immediate and severe. (ECF No. 47 at 36). Plaintiff-Intervenors argue that businesses will not be able to rely on their existing non-competes or enter into new ones. (ECF No. 47 at 36). Plaintiff-Intervenors claim that, on the effective date, "millions of workers and businesses will instantly lose bargained-for contractual protections," forcing employers to expend significant time and costs to counteract the effects. (ECF No. 47 at 36). Plaintiff-Intervenors aver that businesses and workers alike will be unable to "protect investments in specialized training" or able to "avoid free-riding by competitors." (ECF No. 47 at 37).

The FTC's opposing argument is scant:

> Plaintiffs' failure to establish a likelihood of success on the merits is a sufficient basis to deny their motions. *See, e.g.*, *McRorey v. Garland*, 99 F.4th 831, 836 (5th Cir. 2024). In any event, Plaintiffs also fail to establish that a preliminary injunction is necessary to prevent imminent, irreparable harm. For example, Association Plaintiffs argue that their members face irreparable harm absent a stay or injunction because "[p]arties that currently rely on non[-]competes will be forced to choose between terminating those agreements or risking an enforcement action." Association Mot. 4-5. But it is well established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 375 (5th Cir. 2023). And this alleged harm is not attributable to the Rule, because the Commission may undertake an enforcement action against those same entities pursuant to Section 5 even without the Rule in place. In any event, any harm that arises from Plaintiffs' own choice to violate the Rule would constitute "self-inflicted" injury, which "does not qualify as irreparable." *Texas v. Biden*, 10 F.4th 538, 558 (5th Cir. 2021) (per curiam).

(ECF No. 82 at 48). Simply put, the FTC argues that Plaintiffs fail to establish the necessity of a preliminary injunction to prevent imminent, irreparable harm as neither "mere litigation expense" or "self-inflicted injury" qualify as irreparable. (ECF No. 82 at 48).

Under Fifth Circuit precedent, the "nonrecoverable costs of complying with a putatively invalid regulation typically constitute irreparable harm." *Rest. L. Ctr.*, 66 F.4th at 597; *see also Louisiana v. Biden*, 55 F.4th at 1034 ("[C]omplying with a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs."). It is undisputed that the Rule requires compliance through, at the very least, notice to employees subject to existing non-compete clauses. 16 C.F.R. § 910.2(b). The Rule anticipates such notice as transmitted "on paper delivered by hand to the worker, or by mail at the worker's last known personal street address, or by email at an email address belonging to the worker, including the worker's current work email address or last known personal email address, or by text message at a mobile telephone number belonging to the worker." 16 C.F.R. § 910.2.

Taken together, the Court concludes compliance with the Rule would result in financial injury. As the Court concluded above, *supra* § III.A., Plaintiffs are likely to succeed on the merits that the Non-Compete Rule is invalid. "Indeed, complying with [an agency order] later held invalid almost *always* produces the irreparable harm of nonrecoverable compliance costs." *Wages & White Lion*, 16 F.4th at 1142 (quoting *Texas v. EPA*, 829 F.3d at 433)). The FTC does not contend that Plaintiffs have an avenue to recover costs spent from complying with the Rule. (*See* ECF No. 82 at 48). That is likely because "federal agencies generally enjoy sovereign immunity for any monetary damages." *Wages & White Lion*, 16 F.4th at 1142; s*ee, e.g.*, *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (stating there must be a waiver of sovereign immunity to maintain judicial review of federal agencies); *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (sovereign immunity extends to "agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity."). In essence, Plaintiffs lack of a "guarantee of

eventual recovery" is another reason that its alleged harm is irreparable. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 765, 141 S. Ct. 2485, 2489, 210 L. Ed. 2d 856 (2021).

Given Plaintiffs' nonrecoverable costs of complying with the Rule, bolstered by the FTC's failure to make a developed responsive argument, the Court concludes Plaintiffs have met their burden of showing irreparable harm in the absence of injunctive relief. Thus, Plaintiffs have sufficiently satisfied the second element of the preliminary injunction analysis.

## C.    Balance of Equities and Public Interest

The third and fourth requirements for issuance of a preliminary injunction—the balance of harms and whether the requested injunction will serve the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435, 129 S. Ct. 1749, 1762, 173 L. Ed. 2d 550 (2009). Therefore, the Court considers them together. In this assessment, the Court weighs "the competing claims of injury and [ ] consider[s] the effect on each party of the granting or withholding of the requested relief," while also considering the public consequences of granting injunctive relief. *Winter*, 555 U.S. at 24, 129 S. Ct. at 376.

Plaintiffs argue there is "no public interest in the perpetuation of unlawful agency action" and a nationwide preliminary injunction would maintain the status quo, while not harming the FTC whatsoever. (ECF No. 24 at 26; ECF No. 47 at 37). Plaintiffs assert "the risk of error is greater if a preliminary injunction is denied than if it is granted." (ECF No. 24 at 37). The FTC responds that Plaintiffs have conflated their argument: a likelihood of success on the merits—standing alone—is not a sufficient basis for a preliminary injunction, and Plaintiffs "fail to meaningfully address the remaining requirements." (ECF No. 82 at 49). The Commission further avers that

Plaintiffs fail to satisfy the requirements for injunctive relief as they "make no effort to establish that any cost they may incur outweigh the Rule's expected benefits." (ECF No. 82 at 49–50).

On this record, it is evident that if the requested injunctive relief is not granted, the injury to both Plaintiffs and the public interest would be great. Granting the preliminary injunction serves the public interest by maintaining the status quo and preventing the substantial economic impact of the Rule, while simultaneously inflicting no harm on the FTC. *See Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) ("The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits."). Further, the Rule makes unenforceable long-standing contractual agreements that have been judicially recognized as lawful and beneficial to the public interest. *See TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp. 2d 742, 758 (S.D. Tex. 2009) (holding that Texas has clarified that enforcing "reasonable non-compete agreements is within the public interest."); *see also Ellis v. James V. Hurson Assocs., Inc.*, 565 A.2d 615, 621 (D.C. 1989) (holding that preliminary injunctions have been sustained even where non-competes limited competition for a period over three years). The Court concludes granting injunctive relief both serves the public interest and tips the balance of harms in favor of Plaintiffs. Accordingly, the Court determines that Plaintiffs have satisfied all prerequisites for a preliminary injunction.

## D.    Scope of the Injunctive Relief

Finally, the Court must ascertain the scope of the injunctive relief. A preliminary injunction is an "extraordinary equitable remedy." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014), *cert. denied*, 579 U.S. 941, 136 S. Ct. 2536, 195 L. Ed. 2d 867 (2016) (citation and internal quotation omitted). As briefed, Ryan and Plaintiff-Intervenors request for the Court

---

to "enjoin [the FTC's] enforcement [of the Rule] pending a ruling on the merits." (ECF No. 24 at 37; *see* ECF No. 47 at 38). Ryan appears to request nationwide injunctive relief. (ECF No. 24 at 36). The FTC argues that relief should be tailored—that it "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." (ECF No. 82 at 50) (citing *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S. Ct. 2545, 2558, 61 L. Ed. 2d 176 (1979)).

"[T]he Constitution vests the District Court with 'the judicial Power of the United States.'" *Texas v. United States*, 809 F.3d 134, 188 (5th Cir. 2015) (quoting U.S. Const. art. III, § 1). However, "[a]s is true for all injunctive relief, the scope of the injunction must be justified based on the circumstances." *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021). "The scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano*, 442 U.S. at 702, 99 S. Ct. at 2558 (1979).[11]

Several recent cases involving nationwide relief rely on *Texas v. United States*, in which a divided panel of the Fifth Circuit affirmed nationwide injunctive relief within a preliminary injunction. *See Texas v. United States,* 809 F.3d at 187–88. The issue in *Texas v. United States* involved States' and state officials' challenge to United States' and officials of Department of Homeland Security's (DHS) actions relating to immigration. *Texas v. United States*, 809 F.3d at 146–50. In affirming nationwide relief within a preliminary injunction, the Fifth Circuit explained

> The government claims that the nationwide scope of the injunction is an abuse of discretion and requests that it be confined to Texas or the plaintiff states. But the Constitution requires "an *uniform* Rule of Naturalization";[] Congress has instructed that "the immigration laws of the United States should be enforced vigorously and uniformly";[] and the Supreme Court has described immigration policy as "a comprehensive and *unified* system."[] Partial implementation of DAPA would "detract[ ] from the 'integrated scheme of regulation' created by Congress,"[] and there is a substantial likelihood that a geographically-limited

---

[11] The Court acknowledges that no class action has been raised in this proceeding, as was the case in *Califano*. 442 U.S. at 702, 99 S. Ct. at 2558 ("[T]he fact that the class is nationwide in scope does not necessarily mean that the relief afforded the plaintiffs will be more burdensome than necessary to redress the *complaining* parties.") (emphasis added).

injunction would be ineffective because DAPA beneficiaries would be free to move among states.

*Texas v. United States*, 809 F.3d at 187–88 (emphasis added) (footnotes omitted). Thereafter, the Fifth Circuit explained that the judicial power of a federal district court "is not limited to the district wherein the court sits but extends across the country. It is not beyond the power of a court, in appropriate circumstances, to issue a nationwide injunction." *Texas v. United States*, 809 F.3d at 188. Thus, apart from (i) the Parties in *Texas v. United States* including several states; (ii) the core issue of the governmental acts involving immigration; and (iii) the Constitution and Congress discussing the requirement for immigration law enforcement to be "uniform," the Fifth Circuit's opinion offers limited guidance on the contours for the "appropriate circumstances" upon which a federal district court may issue a nationwide injunction. *Texas v. United States*, 809 F.3d at 187–88. Thus, the Court declines to view the circumstances of this proceeding as an "appropriate circumstance" that would merit nationwide relief.[12]

Second, the Court has standing and redressability concerns regarding nationwide injunctive relief in this case. Recent case precedent supports limiting injunctive relief to the "plaintiffs" before the Court. In *Braidwood Management, Inc. v. Becerra*, the Fifth Circuit determined a district court abused its discretion in permitting "universal injunctive relief" in an APA action when plaintiffs lacked basis for such an injunction:

> Thus, without any basis to seek universal vacatur of final agency actions taken to enforce the preventive-care mandates, the plaintiffs lack any basis for an injunction of the same breadth. The district court likewise did not explain why, apart from vacatur under the APA, the universal injunction was necessary. We must therefore conclude that it was an abuse of discretion to enter universal injunctive relief after already providing complete relief to the plaintiffs.

---

[12] As discussed hereabove, the Parties agree that the status quo for enforceability of non-competes is varied as 46 states have varied case law and statutory schemes to address non-competes.

*Braidwood Mgmt., Inc. v. Becerra*, No. 23-10326, 2024 WL 3079340, at *17 (5th Cir. June 21, 2024) (footnote omitted). Here, Plaintiffs have offered virtually no briefing (or basis) that would support "universal" or "nationwide" injunctive relief. Additionally, similar to *Braidwood Management, Inc.*, Plaintiffs in this proceeding do not include any governmental units—only private entities. *See* 2024 WL 3079340, at *3 ("The plaintiffs in this case, four individuals and two businesses, take issue with the specific recommendations detailed above."). Plaintiffs have offered no briefing as to how or why nationwide injunctive relief is necessary to provide complete relief to Plaintiffs, at this preliminary stage. *see, e.g.*, *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765, 114 S. Ct. 2516, 2525, 129 L. Ed. 2d 593 (1994) (discussing limitations of injunctive relief to provide "complete relief" to plaintiffs).

Furthermore, the Plaintiff-Intervenors in this proceeding appear to seek associational standing on behalf of their respective member entities. (ECF No. 37 at 18) ("Plaintiff-Intervenors have associational standing to bring this suit on behalf of their various members."). However, Plaintiff-Intervenors have not briefed associational standing. (*See* ECF No. 47). Plaintiff-Intervenors have directed the Court to neither sufficient evidence of their respective associational member(s) for which they seek standing, nor any of the three elements that must be met regarding associational standing.[13] Without such developed briefing, the Court declines to extend injunctive relief to members of Plaintiff-Intervenors.[14]

---

[13] To demonstrate associational standing, Putative Intervenors must prove three elements: "(1) the association[s'] members would independently meet the Article III standing requirements; (2) the interests the association[s] seek[ ] to protect are germane to the purpose of the organization[s]; and (3) neither the claim asserted nor the relief requested requires participation of individual members." *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 536 (5th Cir. 2019) (internal citation omitted); *see Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 938 (N.D. Tex. 2019) (discussing the same).

[14] Neither the FTC nor Ryan briefs associational standing. (*See* ECF Nos. 24; 82; 146).

For those reasons, the Court limits the scope of the injunctive relief herein to named Plaintiff Ryan, LLC and Plaintiff-Intervenors Chamber of Commerce of the United States of America; Business Roundtable; Texas Association of Business; and Longview Chamber of Commerce.[15] The Court shall follow with a separate preliminary injunction order specifying the terms of the injunctive relief.

## IV.  CONCLUSION

For the reasons enumerated above, it is ORDERED that Plaintiffs' and Plaintiff-Intervenors' Motions for Stay of Effective Date and Preliminary Injunction are **GRANTED**, as limited in the Preliminary Injunction Order to follow. (ECF Nos. 23, 46). Thus, the effective date of the Non-Compete Rule is STAYED, and the FTC is hereby ENJOINED from implementing or enforcing the Non-Compete Rule, as limited in the Preliminary Injunction Order to follow. The Court enters the following scheduling order:

**IT IS ORDERED THAT:**

1.   The Court previously granted leave regarding a joint status report on the next steps of the case—with regard to scheduling—on June 25, 2024. In light of the Court's determinations hereabove, the Court herein MODIFIES the deadline for a joint status report to **Tuesday July 9, 2024**. The Court anticipates the joint status report to include deadlines for: (i) the FTC's deadlines to file responsive pleadings; (ii) the Parties amended pleading(s) deadlines, if any; (iii) further filing(s) of the administrative record;[16] and (iv) the Parties' respective briefing on the merits.

2.   With regard to scheduling, the Court intends to enter a merits disposition on this action on or before **August 30, 2024**.

(Signature page follows).

---

[15] The FTC does not contest the standing of Ryan or the Plaintiff-Intervenor entities—the named Parties. (*See* ECF No. 82 at 51).

[16] The Court's understanding is that the relevant portions of the administrative record have been filed. (*See* ECF Nos. 83; 88; 149).

**SO ORDERED:** July 3rd, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing Record Excerpts with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*s/ Urja Mittal*
URJA MITTAL