No. 24-10951

# In the United States Court of Appeals for the Fifth Circuit

RYAN, L.L.C.,

*Plaintiff – Appellee*,

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; BUSINESS ROUNDTABLE; TEXAS ASSOCIATION OF BUSINESS; LONGVIEW CHAMBER OF COMMERCE

*Intervenor-Plaintiffs– Appellee*,

v.

FEDERAL TRADE COMMISSION,

*Defendant – Appellant*.

On Appeal from the United States District Court for the Northern District of Texas, Case No. 3:24-cv-986

**RYAN, LLC'S OPPOSITION TO MOTION FOR INTERVENTION OF SMALL BUSINESS MAJORITY, JOHN ROFFINO, AND DANIELLA EMMER**

Eugene Scalia
  *Counsel of Record*
Amir C. Tayrani
Andrew G.I. Kilberg
Aaron Hauptman
Joshua R. Zuckerman
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Telephone: 202.955.8500
Facsimile: 202.467.0539
EScalia@gibsondunn.com

*Counsel for Ryan, LLC*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Ryan, LLC is a private limited liability company. Its member holding companies are Ryan Direct Holdings, LLC, Ryan Tax Holdings, Inc., and Onex Ryan LLC. Ryan, LLC also identifies Onex Corporation (TXS:ONEX) and Ares Management Corporation (NYSE: ARES) as entities owning 10% or more of its stock. Additionally, Ryan, LLC has over 200 principals and a small number of other employees who are subject to non-competes affected by the rulemaking.

### A.    Plaintiff and Intervenors

1.    Ryan, LLC
2.    Chamber of Commerce of the United States of America
3.    Business Roundtable
4.    Longview Chamber of Commerce
5.    Texas Association of Business

### B.    Attorneys for Plaintiff and Intervenors

Eugene Scalia
Amir C. Tayrani
Andrew G.I. Kilberg
Aaron Hauptman
Joshua R. Zuckerman
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036

Allyson N. Ho
Elizabeth A. Kiernan
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201

Charles W. Fillmore
H. Dustin Fillmore III
The Fillmore Law Firm LLP
201 Main Street, Suite 700
Fort Worth, TX 76102

Jeffrey B. Wall
Judson O. Littleton
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Washington, D.C. 20006-5215

Jordan L. Von Bokern
Tyler S. Badgley
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, D.C. 20062

Robert L. Sayles
Boyce Holleman
Bradley Arant Boult Cummings LLP
1445 Ross Avenue
Suite 3600
Dallas, TX 75202

Liz Dougherty
Business Roundtable
1000 Maine Avenue, S.W.
Washington, D.C. 20024

## C.    Defendant

1.    Federal Trade Commission

## D.    Attorneys for Defendant

Brian M. Boynton
Leigha Simonton
Michael S. Raab
Sean R. Janda
Urja Mittal
Appellate Staff, Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Taisa Goodnature
Lesley R. Farby
Arjun Mody
Rachel L. Westmoreland
U.S. Department of Justice
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, D.C. 20005

## E.    Putative Intervenors

1.    Small Business Majority
2.    John Roffino
3.    Daniella Emmer

**F.     Attorneys for Putative Intervenors**

Michael Lieberman                    David H. Seligman
Jamie Crooks                         Rachel Dempsey
Fairmark Partners, LLP               Towards Justice
1001 G Street N.W., Suite 400 East   PO Box 371680, PMB 44465
Washington, D.C. 20001               Denver, CO 80237

**G.     Amici in District Court**

1.    National Retail Federation
2.    National Federation of Independent Business Small Business
3.    Legal Center, Inc.
4.    International Franchise Association
5.    Associated Builders and Contractors, Inc.
6.    American Hotel & Lodging Association
7.    National Association of Wholesaler-Distributors
8.    Independent Electrical Contractors
9.    Consumer Technology Association
10.   United States Council for International Business
11.   The Home Care Association of America
12.   The Restaurant Law Center
13.   National Association of Manufacturers
14.   Securities Industry and Financial Markets Association
15.   Future Industry Association
16.   Managed Funds Association
17.   American Investment Council
18.   The Society For Human Resource Management
19.   Partnership for New York City
20.   Public Citizen
21.   National Employment Law Project
22.   William Araiza
23.   Jeffrey Lubbers
24.   Peter M. Shane
25.   Joshua Acevedo
26.   Adam Bazaldua
27.   Crystal Chism
28.   Teri Castillo

29. Elias Diaz
30. Vanessa Fuentes
31. Alyssa Garza
32. Tartisha Hill
33. Jalen McKee-Rodriguez
34. David Stout
35. Zo Qadri
36. Jose "Chito" Vela
37. Texas AFL-CIO
38. Lev Menand
39. Tim Wu
40. Ashraf Ahmed
41. Rebecca Haw Allensworth
42. Kate Andrias
43. Bill Baer
44. Lisa Shultz Bressman
45. Richard Briffault
46. Jessica Bulman-Pozen
47. Harry First
48. Eleanor Fox
49. Luke Herrine
50. Robert H. Lande
51. Jonathan Masur
52. Sanjukta Paul
53. Morgan Ricks
54. Noah Rosenblum
55. Peter L. Strauss
56. Rachel Arnow-Richman
57. Jonathan D. Glater
58. Jonathan F. Harris
59. Dalie Jimenez
60. Mark A. Lemley
61. Orly Lobel
62. Olav Sorenson
63. Marshall Steinbaum
64. Matt Gaetz
65. American Academy of Emergency Medicine
66. Small Business Majority

67.  Evan Starr

68.  NYU Langone Health

## H.    Attorneys for Amici in District Court

Edward J. Loya Jr.
Epstein, Becker & Green, P.C.
100 Crescent Court, Suite 700
Dallas, TX 75201

Carolyn O. Boucek
Epstein, Becker & Green, P.C.
227 W. Monroe Street
Suite 4500
Chicago, IL 60606

Erik W. Weibust
Katherine G. Rigby
Epstein, Becker & Green, P.C.
125 High Street, Suite 2114
Boston, MA 02100

A. Millie Warner
Epstein, Becker & Green, P.C.
875 Third Avenue
New York, NY 10022

Erica T. Klenicki
Michael A. Tilghman II
NAM Legal Center
733 10th Street NW, Suite 700
Washington, DC 20001

Michael D. Wexler
Marcus L. Mintz
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 2800
Chicago, IL 60606

Richard D. Salgado
McDermott Will & Emery LLP
2501 North Harwood Street
Suite 1900
Dallas, TX 75201

Paul W. Hughes
Andrew A. Lyons-Berg
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20006

Nicole A. Saharsky
Gail F. Levine
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006

Tricia W. Macaluso
Seyfarth Shaw LLP
2323 Ross Avenue, Suite 1660
Dallas, TX 75201

Eron F. Reid
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002

Joshua A. Rosenthal
Eushrah Hossain
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609

Arthur J. Burke
Christopher Lynch
Neal Mehrotra
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

John E. Wall, Jr.
Law Office of John E. Wall, Jr.
5728 Prospect Avenue, Suite 1003
Dallas, TX 75206

Wendy Liu
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

Mark Samburg
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

Darren P. Nicholson
Warren T. Burns
Kyle Oxford
Burns Charest, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202

Amanda G. Lewis
Cuneo Gilbert & Laduca, LLP
4725 Wisconsin Avenue N.W.,
Suite 200
Washington, D.C.  20016

Eric A. Posner
1111 E. 60th St.
Chicago, IL 60637

David H. Seligman
Nina DiSalvo
Rachel W. Dempsey
Towards Justice
P.O. Box 371689, PMB 44465
Denver, CO 80237-5680

Ashley E. Tremain
Tremain Artaza PLLC
4925 Greenville Ave, Ste. 200
Dallas, TX 75206

Darren P. Nicholson
Warren T. Burns
Kyle Oxford
Burns Charest, LLP
900 Jackson St., Suite 500
Dallas, TX 75202

Mark A. Lemley
Phillip R. Malone
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 93405

Andrew Kloster
Office of Rep. Matt Gaetz
2021 Rayburn HOB
Washington, D.C. 20515

Jamie Crooks
Alexander Rose
Fairmark Partners LLP
1001 G Street, N.W., Ste. 400E
Washington, D.C.  20001

Meagan Martin Powers
Martin Powers & Counsel, PLLC
1431 Greenway Drive, Suite 950
Irving, TX 75038

Jodyann Galvin
Hodgson Russ LLP
The Guaranty Building
140 Pearl Street
Buffalo, NY 14202

## I.  Amici in the Fifth Circuit

1.  Public Citizen
2.  National Employment Law Project
3.  NYU Langone Health
4.  Constitutional Accountability Center
5.  California Public Employees' Retirement System
6.  California State Teachers' Reriement System
7.  Brad Lander, Comptroller of the City of New York
8.  Zevin Asset Management
9.  The Interfaith Coalition on Corporate Responsibility
10. Trillium Asset Management
11. Open Markets Institute
12. District of Columbia
13. New Jersey
14. Arizona
15. California
16. Colorado
17. Delaware
18. Illinois
19. Maine
20. Maryland
21. Massachusetts
22. Michigan
23. Minnesota
24. Nevada
25. New Mexico
26. New York
27. Oregon
28. Pennsylvania
29. Rhode Island
30. Vermont

31. Washington
32. American Economic Liberties Project
33. Timothy Wu
34. Lev Menand
35. Lisa Schultz Bressman
36. Jessica Bulman-Pozen
37. Harry First
38. Ashraf Ahmed
39. Kate Andrias
40. Peter L. Strauss
41. Morgan Ricks
42. Jonathan S. Masur
43. Luke Herrine
44. Eleanor M. Fox
45. American Antitrust Institute
46. Evan Starr

## J.    Attorneys For Amici In The Fifth Circuit

Wendy Liu
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

Martin Powers & Counsel, PLLC
Meagan Martin Powers
1431 Greenway Drive, Suite 950
Irving, Texas 75038

Elizabeth B. Wydra
Brianne J. Gorod
Brian R. Frazelle
Margaret Hassel
Constitutional Accountability
Center
1200 18th Street NW, Suite 501
Washington, D.C. 20036

Jodyann Galvin
Cynthia Giganti Ludwig
Hodgson Russ LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202

Molly J. Bowen
Cohen Milstein Sellers
& Toll PLLC
1100 New York Avenue NW,
Suite 500
Washington, DC 20005

Mark Vandenberg
Cohen Milstein Sellers
& Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

Sandeep Vaheesan
Tara Pincock
Open Markets Institute
655 15th St NW
Suite 310
Washington, DC 20005

Kirk Cooper
Cooper Appeals, P.L.L.C.
10420 Montwood Drive
Suite N-405
El Paso, Texas 79935

Matthew J. Platkin
Jeremy Feigenbaum
Nathaniel I. Levy
Bryce K. Hurst
Marcus D. Mitchell
25 Market Street
Trenton, NJ 08625

Brian L. Schwalb
Caroline S. Van Zile
Ashwin P. Phatak
Mark A. Rucci
400 6th Street, NW, Suite 8100
Washington, D.C. 20001

Brendan Benedict
Benedict Law Group PLLC
515 Madison Avenue, 31st Floor
New York, NY 10022

Lee A. Hepner
Laurel Kilgour
American Economic Liberties
Project
2001 Pennsylvania Avenue NW,
Suite 540
Washington, DC 20006

Darren P. Nicholson
Warren T. Burns
Kyle Oxford
Burns Charest, LLP
900 Jackson St., Suite 500
Dallas, Texas 75202

David O. Fisher
Randy M. Stutz
American Antitrust Institute
1025 Connecticut Avenue, NW,
Suite 1000
Washington, DC 20036

Dated: January 23, 2025

Respectfully Submitted

 /s/ *Eugene Scalia*
Eugene Scalia
Attorney of record for Ryan, LLC

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ............................................................. i

Table of Authorities .............................................................................. xi

Preliminary Statement ......................................................................... 1

Legal Standard ..................................................................................... 3

Argument .............................................................................................. 3

    I.    Putative Intervenors Must Meet The "Exceptional Case For Imperative Reasons" Standard. ..................................... 3

    II.   The "Exceptional Case For Imperative Reasons" Standard Is Not Satisfied. ...................................................... 6

Conclusion ........................................................................................... 10

Certificate of Service ........................................................................... 11

Certificate of Compliance .................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Baker v. Wade*,
769 F.2d 289 (5th Cir. 1985)................................................................5

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996)..................................................................4

*United States ex rel. Hernandez v. Team Fin., L.L.C.*,
80 F.4th 571 (5th Cir. 2023) ...............................................................4

*McKenna v. Pan Am. Petroleum Corp.*,
303 F.2d 778 (5th Cir. 1962)...........................................................3, 5

*Nat'l Ass'n for Gun Rights, Inc. v. Garland*,
No. 24-10707 (5th Cir. Jan. 16, 2025) ................................................6

*Richardson v. Flores*,
979 F.3d 1102 (5th Cir. 2020).................................. 1, 2, 3, 4, 5, 6, 8, 9

*Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*,
101 F.3d 503 (7th Cir. 1996)...........................................................8, 9

*Texas v. United States*,
805 F.3d 653, 656 (5th Cir. 2015)....................................................7, 8

*United Airlines, Inc. v. McDonald*,
432 U.S. 385 (1977).............................................................................8

*United States v. Bursey*,
515 F.2d 1228 (5th Cir. 1975)..............................................................3

## Rules

Fed. R. App. P. 15...................................................................................3

Fed. R. Civ. P. 1 .....................................................................................4

## TABLE OF AUTHORITIES
(continued)

Page(s)

Fed. R. Civ. P. 24......................................................................3

### Treatises

6 James Wm. Moore et al., Moore's Federal Practice
    § 24.10[1]............................................................................1

### Other Authorities

Suzanne P. Clark, *The Chamber of Commerce Will Fight
    the FTC*, Wall St. J. (Jan. 22, 2023),
    https://tinyurl.com/5n7te9kr..................................................7

## PRELIMINARY STATEMENT

The Small Business Majority, John Roffino, and Daniella Emmer (collectively, "Putative Intervenors") could have moved to intervene in the district court but chose not to do so. The hypothetical circumstances that they claim justify their intervention in this Court were entirely foreseeable. Their decision not to move in the district court, but instead to seek intervention in this Court, is a textbook attempt to "skirt" the abuse-of-discretion standard of review that would have applied in this Court following the district court's exercise of its "'broad discretion'" in ruling on a timely motion for permissive intervention. *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020) (quoting 6 James Wm. Moore et al., Moore's Federal Practice § 24.10[1], at 24-26).

In order to "prevent such procedural gamesmanship," and because there is no rule allowing intervention on appeal, this Court allows a party that did not move for intervention in the district court to intervene on appeal in only the narrowest circumstances. *Richardson*, 979 F.3d at 1105. As Putative Intervenors concede (at 4), motions to intervene before this Court are granted "*only in an exceptional case for imperative reasons.*" *Id.* at 1104 (emphasis in original; quotation marks omitted).

Putative Intervenors have not even attempted to show "imperative reasons" for intervening. *Richardson*, 979 F.3d at 1104. Nor could they, because there is nothing exceptional about one presidential administration ceasing to defend the prior administration's unlawful rule. Putative Intervenors have cited no case where, on appeal, a court let private parties intervene to defend a rule the government ceased defending. It is the pending intervention motion, not this case, that is "exceptional." *Id.*

Rather than grappling with the exacting standard for appellate intervention, Putative Intervenors contend their motion should be granted under the standards the district court would have applied had they moved for intervention there. It is questionable whether such a motion could be granted, even in the district court, based on hypotheticals about what the government may or may not do. But more to the point, the standard to intervene in the district court does not govern a party's attempt to intervene in this Court.

Because this is not an exceptional case in which imperative reasons justify Putative Intervenors' belated intervention request, the Court should deny the motion.

**LEGAL STANDARD**

"There is no appellate rule allowing intervention" outside the context of a petition for review governed by Federal Rule of Appellate Procedure 15. *Richardson*, F.3d at 1104. Therefore, "'a court of appeals may, but only in an exceptional case for imperative reasons, permit intervention where none was sought in the district court.'" *Id.* (quoting *United States v. Bursey*, 515 F.2d 1228, 1238 n.24 (5th Cir. 1975)) (emphasis omitted); *see also McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962).[*]

**ARGUMENT**

## I. Putative Intervenors Must Meet The "Exceptional Case For Imperative Reasons" Standard.

Putative Intervenors frame their arguments in support of intervention around Federal Rule of Civil Procedure 24. *See* Motion at

---

[*] Federal Rule of Appellate Procedure 15(d) is inapplicable here because it applies only to petitions to review agency action filed directly in a court of appeals. Quite arguably, the appellate rules make no provision for intervening on appeal because in a case commenced in district court, intervention must be "timely," Fed. R. Civ. P. 24(a), (b), and intervention after judgment by definition is not. As *Richardson* observed, however, "despite the lack of an on-point rule, [this Court has] allowed intervention in cases outside the scope of Rule 15(d)." 979 F.3d at 1104.

10-21.  But that rule governs only "in the United States district courts."
Fed. R. Civ. P. 1.  This Court accordingly consults it only when reviewing
a district court's decision to grant or deny a motion to intervene initially
made in the district court.  *See, e.g.*, *United States ex rel. Hernandez v.
Team Fin., L.L.C.*, 80 F.4th 571 (5th Cir. 2023); *Edwards v. City of
Houston*, 78 F.3d 983 (5th Cir. 1996).

Instead of applying Rule 24, this Court "permit[s] intervention
where none was sought in the district court" "*only in an exceptional case
for imperative reasons*."  *Richardson*, 979 F.3d at 1104 (emphasis in
original).  Putative Intervenors concede as much.  *See* Mot. at 4.

This Court applies that "high bar" for two reasons.  *Richardson*, 979
F.3d at 1105.  First, because "[t]here is no appellate rule allowing
intervention generally . . . , motions to intervene on appeal are reserved
for truly exceptional cases."  *Id.*  Second, at least for motions for
permissive intervention, "there must be a steep threshold for allowing
intervention on appeal" to prevent litigants from effectively obtaining "*de
novo* review of" such motions, which are otherwise reviewed for abuse of
discretion.  *Id.* at 1105.

Putative Intervenors suggest (at 4) that in *Baker v. Wade*, 769 F.2d 289, 291-92 (5th Cir. 1985), this Court found "intervention on appeal 'justified'" based on Rules 23(d)(2) and 24(a)(2). *Baker* is inapposite. In that case, the "intervenor" was already a member of the defendant class and had moved in the district court both to intervene and to be substituted as the class representative. *Id.* at 291. The only reason this Court was ruling on a motion to intervene in an appeal was that a Rule 24 motion had been made in district court, but not acted upon; in that unique circumstance, this Court applied the standards in Rule 24. *See id.* Before and after *Baker*, this Court has applied the "exceptional cases for imperative reasons" standard—not Rule 24—to motions to intervene filed directly in this Court by movants that failed to seek intervention in the district court. *See Richardson*, 979 F.3d at 1104; *McKenna*, 303 F.2d at 779.

If Putative Intervenors wanted to avoid that high standard, they could have moved to intervene in the district court. As discussed below, they had ample notice and time. But they chose not to do so. Instead, the Small Business Majority filed an *amicus* brief, and Roffini and Emmer chose not to appear at all. *See Ryan v. FTC*, No. 3:24-cv-986 (N.D.

Tex. June 5, 2024), ECF No. 138.  That decision has consequences, one of which is that they now must "meet the high bar of 'imperative reasons'" to intervene.  *Richardson*, 979 F.3d at 1104.

## II.     The "Exceptional Case For Imperative Reasons" Standard Is Not Satisfied.

Putative Intervenors do not even attempt to satisfy the "exceptional case for imperative reasons" standard.  Nor could they.  The possibility that the government might dismiss the appeal—the only reason given for intervention—presents neither an exceptional case nor an imperative reason.  This Court effectively recognized as much just last week when it denied sixteen States' motion to intervene in *National Association for Gun Rights, Inc. v. Garland*, No. 24-10707, Dkt. 89 (5th Cir. Jan. 16, 2025), which was premised on the same grounds as the motion of the Putative Intervenors—private parties—here.

Putative Intervenors concede (at 9) that "[t]here is ample precedent for a new administration declining to defend the prior administration's regulatory actions."  What by their own account is a common occurrence does not present an "exceptional case" justifying a late-breaking motion to intervene on appeal.

Perhaps more importantly, that the government might at some point stop representing Putative Intervenors' avowed interests was foreseeable from the moment this case was filed, if not even earlier. The Rule was proposed on January 19, 2023, 88 Fed. Reg. 3482, and Plaintiff-Intervenor U.S. Chamber of Commerce announced the next day that it would challenge the Rule when finalized, Suzanne P. Clark, *The Chamber of Commerce Will Fight the FTC*, Wall St. J. (Jan. 22, 2023), https://tinyurl.com/5n7te9kr. If Putative Intervenors were interested in bolstering the government's defense of the Rule when Plaintiff filed suit 15 months later, they had ample time to prepare to intervene promptly, as the Chamber of Commerce, the Business Roundtable, Texas Association of Business, and Longview Chamber of Commerce did.

In other cases involving challenges to federal programs, parties who were concerned the government would not adequately defend their interests intervened promptly in just this way. For example, in *Texas v. United States*, three beneficiaries of the Deferred Action for Parents of Americans and Lawful Permanent Residents program sought to intervene in the district court to defend the program. 805 F.3d 653, 656 (5th Cir. 2015). This Court held that the district court intervention

motion had been proper, even though the government was still defending the program.     *See id.* at 661-64.  The Putative Intervenors could have followed that path.

To the extent Putative Intervenors were concerned only that the government would not prosecute an appeal after the district court invalidated the Rule—a hypothetical possibility that should have been apparent to Putative Intervenors in an election year—they could have moved to intervene in the district court after final judgment solely for purposes of appeal, the procedure the Supreme Court approved in *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977).  *See also Richardson*, 979 F.3d at 1104 n.1 (distinguishing motions to intervene on appeal from motions to intervene in the district court for purposes of appeal).

That would have been much closer to the course of action that the Seventh Circuit suggested in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996) ("*SWANCC*")—and that Putative Intervenors purport to embrace (at 2, 16)—than the course actually taken here.  In *SWANCC*, the Seventh Circuit expressed "sympath[y] to the aspiring intervenors' concern that

at some future point in th[at] litigation the government's representation of their interest may turn inadequate," and suggested that "[t]he proper way to handle such an eventuality" is "*to file at the outset of the case* a standby or conditional application for leave to intervene *and ask the district court* to defer consideration" until the government's representation became inadequate. *Id.* at 508-09 (emphases added). The Seventh Circuit gave no indication, by contrast, that such a conditional request would be appropriate on appeal, far after "the outset of the case." *Id.*

While a conditional motion based on hypotheticals might be permissible under Rule 24 in the district court, *see SWANCC*, 101 F.3d at 508-09, it does not present the sort of imperative reasons that would justify intervention on appeal. Putative Intervenors' conjecture about steps the government *might* take does not come close to making this "an exceptional case" in which intervention on appeal is warranted "for imperative reasons." Nor does it excuse the failure to seek intervention in the district court based on those same concerns. *Richardson*, 979 F.3d at 1104.

9

## CONCLUSION

Putative Intervenors' motion should be denied.

Dated:   January 23, 2025

Respectfully submitted,

/s/ *Eugene Scalia*
Eugene Scalia
   *Counsel of Record*
Amir C. Tayrani
Andrew G.I. Kilberg
Aaron Hauptman
Joshua R. Zuckerman
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20001
Telephone:  202.955.8500
Facsimile:  202.467.0539
EScalia@gibsondunn.com

*Counsel for Ryan, LLC*

**CERTIFICATE OF SERVICE**

I certify that, on January 23, 2025, a true and correct copy of the foregoing reply was served via CM/ECF on all counsel of record.

*/s/ Eugene Scalia*
Eugene Scalia

**CERTIFICATE OF COMPLIANCE**

I certify that this reply complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6), *see* Fed. R. App. P. 27(d)(1)(E), because it was prepared in 14-point New Century Schoolbook, a proportionally spaced typeface, using Microsoft Word 2019 This response complies with the type-volume limitation of Rule 28(d)(2)(A) because it contains 1,764 words, excluding the parts exempted by Rule 32(f).

*/s/ Eugene Scalia*
Eugene Scalia