IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Ryan, L.L.C.,
   Plaintiff-Appellee,

Chamber of Commerce of the United States of America, *et al.*,
   Intervenor-Plaintiffs-Appellees,

v.

Federal Trade Commission,
   Defendant-Appellant.

No. 24-10951

## STATUS REPORT AND MOTION TO HOLD APPEAL IN ABEYANCE FOR 60 ADDITIONAL DAYS

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's order of March 12, 2025, the government respectfully submits this status report on ongoing agency proceedings and moves to hold this appeal in abeyance for 60 additional days. The government proposes to file a status report in 60 days, on September 8, 2025, regarding appropriate next steps in this appeal. Plaintiff does not oppose this motion, subject to the Commission's status report being due by September 8, and intervenor-plaintiffs do not oppose this motion.

  1. In May 2024, the Federal Trade Commission issued a rule that defines most existing non-competes as unenforceable unfair methods of competition (subject to an exception for certain senior executives) and bans the future use of most non-

competes. Non-Compete Clause Rule, 89 Fed. Reg. 38,342 (May 7, 2024). Plaintiff and intervenor-plaintiffs challenged that rule, and the district court granted summary judgment in their favor and vacated the rule universally. *See* ROA.5637. This appeal followed.

In March 2025, the Commission moved to hold this appeal in abeyance for 120 days. As that motion explained, the newly appointed Chairman of the Commission had publicly stated that he believed the Commission should reconsider its defense of the rule challenged in this case. In light of that statement, the Commission believed that holding this appeal in abeyance would conserve party and judicial resources and promote the efficient and orderly disposition of this appeal. On March 12, 2025, this Court granted the Commission's motion and directed that, at the end of the 120-day abeyance period, the Commission file a status report.

2. Since this Court granted the Commission's abeyance motion, the Commission has undergone significant personnel changes, including the Senate confirmation and the swearing in of Commissioner Mark Meador. The Chairman of the Commission continues to believe that the Commission should reconsider its defense of the rule challenged in this case, although some additional time is necessary to allow for that reconsideration. Thus, the Commission respectfully requests that this Court extend the previously granted abeyance for an additional 60 days. The Commission would respectfully propose that it file another status report at the end of

that 60-day period regarding appropriate next steps in this appeal.

3. Plaintiff does not oppose this motion, subject to the Commission's status report being due by September 8, and intervenor-plaintiffs do not oppose this motion.

Respectfully submitted,

MICHAEL S. RAAB

 /s/ Sean R. Janda
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

July 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 390 words, according to the count of Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda
