**Case No. 24-10951**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

RYAN L.L.C.,

*Plaintiff-Appellee*,

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; BUSINESS ROUNDTABLE; TEXAS ASSOCIATION OF BUSINESS; LONGVIEW CHAMBER OF COMMERCE,

*Intervenor-Plaintiffs-Appellees*,

*v.*

FEDERAL TRADE COMMISSION,

*Defendant-Appellant.*

_____

On Appeal from the U.S. District Court
for the Northern District of Texas

_____

## MOTION TO RECALL MANDATE TO HEAR MOTION FOR INTERVENTION AS OF RIGHT AND MOTION FOR INTERVENTION AS OF RIGHT BY RIC DAVIDSON

Warren T. Burns
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

Daniel C. Hedlund
Michelle J. Looby
Joseph E. Nelson
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jnelson@gustafsongluek.com


*Counsel for Ric Davidson*

# CERTIFICATE OF INTERESTED PERSONS

*Ryan LLC v. Federal Trade Commission*, No. 24-10951

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

1. Fairmark Partners, LLP

2. Michael Lieberman

3. Jamie Crooks

4. Towards Justice

5. David Seligman

6. Rachel Dempsey

7. Gustafson Gluek, PLLC

8. Daniel Hedlund

9. Michelle Looby

10. Joseph Nelson

11. Burns Charest LLP

12. Warren Burns

13. Ric Davidson

14. John Roffino

15. Daniella Emmer

16. Small Business Majority

17. Ryan L.L.C.

18. Chamber of Commerce of the United States of America

19. Business Roundtable

20. Texas Association of Business

21. Longview Chamber of Commerce

22. Gibson, Dunn & Crutcher, L.L.P.

23. The Fillmore Law Firm, L.L.P.

24. Sullivan & Cromwell L.L.P.

25. Potter Minton, PC

26. Eugene Scalia

27. Amir C. Tayrani

28. Andrew G.I. Kilberg

29. Aaron Hauptman

30. Joshua R. Zuckerman

31. Allyson N. Ho

32. Elizabeth A. Kiernan

33. Charles W. Fillmore

34. H. Dustin Fillmore III

35. Jeffrey B. Wall

36. Judson O. Littleton

37. Jordan Von Bokern

38. Tyler Badgley

39. Liz Dougherty

40. Michael E. Jones

41. Shaun W. Hassett

42. Robert Lee Sayles

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

ARGUMENT ........................................................................................3

I.      The Court should recall the mandate to consider this motion. ........................3

II.     Mr. Davidson may intervene as of right. ........................................4

    A.      Legal Standard .......................................................... 4

    B.      The requirements of Rule 24(a)(2) are satisfied ................................. 5

        1.      This Motion is timely. ............................................. 5

        2.      Mr. Davidson has an interest in the subject of this action. ........ 8

        3.      Disposing of this action will preclude Mr. Davidson's ability to protect his interest. .................................................. 10

        4.      Existing parties do not adequately represent Mr. Davidson's interest. .................................................................. 10

    C.      15 U.S.C. § 56 does not preclude Mr. Davidson from protecting his interest in the Rule. ............................................................. 11

CONCLUSION ....................................................................................12

## INTRODUCTION

The underlying appeal concerns a rule promulgated by the Federal Trade Commission that makes most noncompete clauses in employment contracts unenforceable and illegal (the "Rule"). Proposed intervenor Ric Davidson is an individual residing in the State of Texas who is currently subjected to and harmed by such a noncompete agreement from his former employer. Ex. A, Declaration of Ric Davidson ¶¶ 1, 5, 9–10. Therefore, as argued further *infra*, Mr. Davidson has a strong interest in the Rule and in defending its legality.

In 2024, numerous entities sought an injunction of the Rule in the Northern District of Texas. *See Ryan LLC v. Federal Trade Commission*, Case No. 3:24-cv-986-E (AB) (filed Apr. 23, 2024). The FTC, then led by a majority committed to protecting worker and entrepreneurial freedom, defended the legality of the Rule in the district court. In August 2024, the district court granted the plaintiffs' motion for summary judgment, enjoined the Rule nationwide, and entered final judgment. The FTC's appeal of that judgment is the instant file.

In this appeal, the FTC filed its opening brief, Appellees filed their response, and dozens of others filed briefs as *amici curiae*. The only step remaining before oral argument and the Court's review was for the FTC to file a reply brief. However, with the new presidential administration came changes to the leadership of the FTC. After receiving several extensions of time, the newly organized FTC declined to file a

reply brief and instead, on September 5, 2025, moved to dismiss this appeal. The clerk granted the motion and issued a mandate on September 8.

Mr. Davidson does not dispute that his interest in the Rule was adequately represented before the district court and in this appeal up until the FTC moved to dismiss. But the FTC's ninth-inning withdrawal assured not only that his interest in the Rule would be unrepresented on appeal, but that there would be no review *at all* of the district court's nationwide injunction absent the intervention of an interested party like himself.

In this Motion, Mr. Davidson asks the Court to recall its mandate and permit him to intervene as of right on behalf of the Appellant for the sole purpose of filing a reply brief and seeing this appeal through to the end. If permitted to intervene, Mr. Davidson is prepared to adopt the Appellant's opening brief as his own and merely file a brief in reply to the Appellee's response brief, ensuring an efficient resolution to the issues that are nearly finalized for the Court's review.

The Rule remains enjoined—permanently depriving tens of millions of employees nationwide of its protections—due to the unreviewed judgment of one district court. Mr. Davidson, the FTC (under its previous leadership), and numerous *amici curiae* all believe that the district court gravely erred in its summary judgment decision, but none will have the chance to have their arguments heard if the Court does not permit intervention. The discretion of a single district court should not be

2

permitted to deprive workers nationwide of federal protections, unreviewed by this Court, simply due to chance timing of political appointments and court dockets. Accordingly, Mr. Davidson respectfully requests that the Court grant this Motion.[1]

## ARGUMENT

### I.    The Court should recall the mandate to consider this motion.

Under Fifth Circuit Rule 41.2, the Court may recall its mandate to prevent injustice. *Accord Masinter v. Tenneco Oil Co.*, 934 F.2d 67, 68 (5th Cir. 1991). Here, injustice is precisely what would ensue if the Court does not recall the mandate to grant Mr. Davidson's motion to intervene. As argued below, Mr. Davidson, who is presently bound by a non-compete clause and suffering significant financial harm as a result, may intervene as of right because he has a significant interest in the Rule that is at issue in this action and that interest is no longer represented by any party. Declining to recall the mandate to hear this motion would therefore permanently deprive him of any adequate representation of his interest in the continued effect of the Rule—an irreparable injustice.

As a matter of practice, this Court routinely recalls its mandates to consider later-filed motions in civil actions. *League of United Latin Am. Citizens, Dist. 19 v.*

---

[1] In accordance with Fifth Circuit Rule 27.4, counsel for Mr. Davidson contacted counsel for all parties regarding this Motion. Counsel for Plaintiff-Appellee, Intervenor Plaintiffs-Appellees, and Defendant-Appellant stated that they oppose the Motion and intend to file briefs in opposition.

3

*City of Boerne*, 675 F.3d 433, 439 (5th Cir. 2012) (collecting cases) ("[O]n a number of occasions, this court has recalled and modified its mandates." (quoting *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 593 (5th Cir. 2006))); *Janvey v. GMAG, L.L.C.*, 113 F.4th 505, 507 (5th Cir. 2024) (recalling mandate to rule on second petition for rehearing *en banc*). Mr. Davidson does not request that the Court recall the mandate to obtain relief from a decision it already rendered. He instead requests recall of the mandate so that he may move to intervene and, if successful, enable the Court to conduct its review in the first instance. *BHTT Ent., Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 313 (5th Cir. 2017) (holding that the clerk had the power to recall the mandate in an action dismissed for want of prosecution). The Court should grant that request in the interest of justice.

## II.    Mr. Davidson may intervene as of right.

### A.    Legal Standard

Although "[n]o specific provision in the Federal Rules of Appellate Procedure or the Rules of this Circuit provides for intervention on appeal, . . . the Supreme Court has recognized that the policies underlying intervention in the district courts may be applicable in appellate courts." *United States v. Bursey*, 515 F.2d 1228, 1238 (5th Cir. 1975); *see also Baker v. Wade*, 769 F.2d 289, 291–92 (5th Cir. 1985) (finding intervention on appeal "justified because [intervenor's] position satisfied the requirements of both Fed. R. Civ. P. 23(d)(2) and 24(a)(2)").

4

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a). That Rule provides that, "[o]n timely motion, the court *must* permit anyone to intervene" who either "is given an unconditional right to intervene by a federal statute" or meets the requirements of paragraph (a)(2). Fed. R. Civ. P. 24(a) (emphasis added). To intervene as of right under Rule 24(a)(2):

> (1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.

*MAC Sales Inc. v. Mule*, 79 F.3d 1144 (5th Cir. 1996) (quotation omitted). "The court should 'liberally construe' the test for mandatory intervention and 'allow intervention where no one would be hurt and the greater justice could be attained.'" *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021) (quoting *Texas v. United States*, 805 F.3d 653, 656–57 (5th Cir. 2015)).

**B.      The requirements of Rule 24(a)(2) are satisfied**

**1.      This Motion is timely.**

Because Rule 24 does not describe when a motion is timely, "whether an application for intervention is timely is largely committed to the discretion of the district court" and "is to be determined from all the circumstances." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977) (quotations omitted). This Court has prescribed four factors (the "*Stallworth* factors") to consider when determining

5

whether such an application is timely: "(1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances." *United States ex rel Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (citing *Stallworth*, 558 F.2d at 257).

As for the first factor, "the length of time to file is measured from the moment that the prospective intervenor knew that his interests would 'no longer be protected.'" *Id.* (quoting *Stallworth*, 558 F.2d at 264). Here, Mr. Davidson did not know that his interest would go unprotected, and thus that he was entitled to intervention as of right, until the FTC successfully withdrew its appeal. The FTC's motion to withdraw was granted on September 8, 2025—less than two months ago. This length of time does not make a motion untimely. *See Energy Capital Holdings, Inc. v. D'Andrea*, 2022 WL 17492273, at *3 (5th Cir. Dec. 7, 2022) (holding that two months between intervenor's knowledge of his right to intervene and motion for the same did not render motion untimely); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (same); *Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986) (five months not render motion untimely).

The second factor also favors intervention. The prejudice relevant to the second *Stallworth* factor is that caused by the delay in seeking intervention—not that which would result "if intervention is allowed." *Ford v. city of Huntsville*, 242 F.3d

253, 239 (5th Cir. 2001). In this case, no delay would cause prejudice to the existing parties, much less a mere 53 days. The district court's injunction was entered on August 20, 2024. Since then—throughout this appeal and to date—the Rule has had no effect. Thus, the status quo is maintained for the parties regardless of the time between the FTC's withdrawal of its appeal and the instant Motion.[2]

On the other hand, the prejudice Mr. Davidson will suffer if intervention is denied—the third *Stallworth* factor—is overwhelming. His interest "is impaired by the *stare decisis* effect of the district court's judgment." *Espy*, 18 F.3d at 1207 (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1204 (5th Cir. 1992)). As argued further *infra*, a denial of this motion would be entirely dispositive of his interest in the continued effect of the Rule because the case before the district court has concluded.[3]

Finally, as to the fourth factor, there are no "unusual circumstances" present

---

[2] To the extent that the Court considers prejudice to the parties caused by intervention itself, intervention here would simply "ensure that determination of an already existing issue is not insulated from review simply due to the posture of the parties" or by the ebb and flow of political appointments to government offices. *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). Because Mr. Davidson only seeks to file a reply brief—adopting the FTC's opening brief as its own—there is no risk that intervention would "inject new issues into the litigation" or "broaden the scope of the [appeal]" that was one brief away from finalized for the Court's review. *Id.*

[3] Even if Mr. Davidson were permitted to intervene in the district court, the only procedure available to protect his interest would be to appeal the injunction again—restarting the briefing process that was nearly completed in this appeal, needlessly burdening all involved, and delaying review.

here that relate to the timing of this Motion. As discussed *supra*, the district court's injunction stands unless and until its decision is reviewed and reversed by this Court. Thus, three of the factors weigh strongly in favor of the timeliness of this Motion, and none weigh against that conclusion.

### 2.    Mr. Davidson has an interest in the subject of this action.

To intervene as of right, a party "must have an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). Such an interest must be "concrete, personalized, and legally protectable," though it need not be "an enforceable legal entitlement." *Texas*, 805 F.3d at 657, 659. In this case, the "subject of the action" is the Rule, and Mr. Davidson has a strong interest in its defense.

Mr. Davidson started working for his former employer—a manufacturer of clothing products for medical professionals—in 2010. Ex. A ¶ 3. He worked in distribution and logistics and was not privy to any proprietary information or trade secrets. Ex. A ¶ 7. Nevertheless, ten years later, after his employer was acquired by another entity, he was forced to sign a comprehensive 18-month noncompete agreement as a condition of keeping his job. Ex. A ¶ 5. He was laid off as part of a reduction in force in 2025. Ex. A ¶ 8. The noncompete agreement prohibits Mr. Davidson from, *inter alia*, providing "the same or similar duties" he performed for his former employer "for any person or business" that competes with his former

8

employer. Ex. A ¶ 6. Because his non-compete clause remains in effect, he is currently unable to find employment in the only industry in which he has relevant experience and expertise and is suffering long-term career harm and financial difficulties. Ex. A ¶¶ 9–10.

Mr. Davidson is an intended beneficiary of the Rule, and therefore has an interest sufficient to support his intervention. *Texas*, 805 F.3d at 660 (proposed intervenors had sufficient interest because they were "intended beneficiaries of the challenged federal policy"). If the Rule is successfully defended and the district court's injunction vacated, millions of noncompete agreements limiting Americans' ability to earn a living, like the one Mr. Davidson is subjected to, would be unenforceable, freeing him and countless others across the country from these restraints and opening up many employment and entrepreneurial opportunities that are currently closed off to them. *See id.* (proposed intervenors "have an interest in the employment opportunities that would be available to them" if the government program survived the legal challenge). And that the FTC may later withdraw, change, or decline to enforce the Rule is of no moment. *Id.* at 661 ("[T]he Government fails to explain why uncertainty at the back end is any different from uncertainty at the front end. . . . Besides, the same sort of revocability is present in nearly every case in which a government program gives rise to the intervenors' interest.").

**3.     Disposing of this action will preclude Mr. Davidson's ability to protect his interest.**

Having shown sufficient interest in the subject of this action, Mr. Davidson must show that "disposition of the action may, as a practical matter, impair or impede [his] ability to protect that interest." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307 (5th Cir. 2022) (quoting *Texas*, 805 F.3d at 657). This element is easily met here because, given the procedural posture of this action and the nature of Mr. Davidson's interest, it is not a hypothetical inquiry. The district court permanently enjoined the Rule, and this appeal has been dismissed upon the FTC's motion. If Mr. Davidson does not intervene to see this appeal through, this action is already disposed, and he will have been deprived of any opportunity to protect his interest (or have his interest protected).

**4.     Existing parties do not adequately represent Mr. Davidson's interest.**

The final requirement for intervention as of right is even more easily met. Here, there is no issue whether existing parties adequately represent Mr. Davidson's interest, because his interest is no longer represented by any party. Although the FTC adequately represented his interest before the district court and in its opening brief in this appeal, the motion to dismiss this appeal was a clear proclamation that it no longer intends to do so.[4]

---

[4] In a statement explaining his rationale for abandoning this appeal and the American

### C.    15 U.S.C. § 56 does not preclude Mr. Davidson from protecting his interest in the Rule.

Appellees may oppose this Motion by arguing that Mr. Davidson lacks standing to defend the Rule due to 15 U.S.C. § 56.[5] Such an argument is entirely without merit. The title of § 56 is: "Commencement, defense, intervention and supervision of litigation and appeal *by Commission or Attorney General*." (emphasis added). That title and  the plain language of the section, make clear that the statute is intended to demarcate certain roles and responsibilities between the FTC and the Attorney General—not to deprive private individuals of standing to defend government policies in which they have a legally protected interest. Indeed, to Mr.

---

workers protected by the Rule, FTC Chairman Andrew Ferguson released a statement in which he claims that the FTC "will continue to enforce the antitrust laws aggressively against noncompete agreements." Fed. Trade Comn'n Office of the Chairman, *Statement* (Sept. 5, 2025), https://www.ftc.gov/system/files/ftc_gov/pdf/ferguson-holyoak-statement-re-noncompete-acceding-vacatur.pdf. But this does not mean that Mr. Davidson does not have an interest in this appeal nor that those interests are adequately represented. The remainder of Chairman Ferguson's statement and Appellee's challenge to the Rule demonstrate that it granted workers far greater protections than the FTC's proposed piecemeal approach to reviewing individual noncompete agreements, and there is no indication that, out of the millions of active non-competes the FTC could choose to review, it would pick the specific noncompete agreement that Mr. Davidson is subject to. *See generally id.*

[5] Appellees made this argument in response to an earlier motion for intervention in this appeal. There, the proposed intervenors sought permissive intervention or, in the alternative, asked the Court to defer consideration of a request for intervention as of right until the FTC withdrew from this appeal if it chose to do so. The Court denied both requests. Now that the FTC has in fact dismissed this appeal, interested persons like Mr. Davidson satisfy all the requirements for intervention as of right.

Davidson's knowledge, there is no caselaw citing 15 U.S.C. § 56 for such a proposition.

## CONCLUSION

In sum, all requirements of Rule 24(a)(2) are satisfied. Were this action still pending before the district court, it would be required to grant Mr. Davidson's motion to intervene. Fed. R. Civ. P. 24(a) ("the court *must* permit anyone to intervene who" meets the requirements of Rule 24(a)(2) (emphasis added)); *Rotstain*, 986 F.3d at 936 (same). Mr. Davidson should not be denied his right to have his interest defended by the fact that this action happened to be on appeal when political developments resulted in the FTC's about-face at the eleventh-hour—an event entirely outside his control which left him and millions of American workers like him subjected to restrictive non-competes impeding their ability to make a living. The Court should grant this motion to intervene so that Mr. Davidson may defend his interest by filing a reply brief and seeing this already near-completed appeal through.

Dated:  October 31, 2025                    Respectfully submitted,


                                            *s/ Warren T. Burns*
                                            Warren T. Burns
                                            BURNS CHAREST LLP
                                            900 Jackson Street, Suite 500
                                            Dallas, TX 75202
                                            Telephone: (469) 904-4550
                                            Facsimile: (469) 444-5002

wburns@burnscharest.com

Daniel C. Hedlund
Michelle J. Looby
Joseph E. Nelson
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jnelson@gustafsongluek.com

Rachel Dempsey
TOWARDS JUSTICE
PO Box 371680, PMB 44465
Denver, CO 80237
rachel@towardsjustice.org
(720) 441-2236

*Counsel for Ric Davidson*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all counsel of record.

*s/ Warren T. Burns*
Warren T. Burns

14

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,081 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

*s/ Warren T. Burns*
Warren T. Burns