# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

RYAN, L.L.C.,

    Plaintiff-Appellee,

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; BUSINESS ROUNDTABLE; TEXAS ASSOCIATION OF BUSINESS; LONGVIEW CHAMBER OF COMMERCE,

    Intervenor-Plaintiffs-Appellees,

    v.

FEDERAL TRADE COMMISSION,

    Defendant-Appellant.

No. 24-10951

## MOTION FOR A STAY OF BRIEFING SCHEDULE
## IN LIGHT OF LAPSE OF APPROPRIATIONS

Defendant-Appellant hereby moves for a stay of the briefing schedule in the above-captioned case.

1.     At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed.  The same is true for several other Executive agencies, including the federal appellant.  The Department does not know when funding will be restored by Congress.

2.     Absent an appropriation, Department of Justice attorneys and

employees of the federal appellant are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3.     Undersigned counsel for the Department of Justice therefore requests a stay of the briefing schedule until Congress has restored appropriations to the Department.

4.     The Government respectfully requests that, when appropriations are restored, all current deadlines for the parties be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days.  Thus, for example, if the lapse lasts 14 days, all parties' deadlines would be extended by $14 + 14 = 28$ days.  The Government will need this additional time following the end of the lapse to restart regular government operations and finalize the brief for filing.

5.     In addition, granting an extension calculated in the manner proposed above will avoid having all filings that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would not be practicable for the Government or the Court.  It also preserves the original chronological order of filing in government cases for fairness to all parties.

6.      Opposing counsel has indicated that they do not consent to a stay of

the briefing schedule.

Therefore, although we greatly regret any disruption caused to the Court and

the other litigants, the Government hereby moves for a stay of the briefing

schedule in this case, as described above, until Department of Justice attorneys are

permitted to resume their usual civil litigation functions.


Respectfully submitted,

MICHAEL S. RAAB

/s/ Cynthia Barmore
CYNTHIA BARMORE
   *Attorneys*
   *Civil Division, Appellate Staff*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W., Rm.*
   *7541*
   *Washington, D.C.  20530*
   *202-598-0956*
   *cynthia.a.barmore@usdoj.gov*

   *Counsel for Defendant-Appellant*



NOVEMBER 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-word Times New Roman, a proportionally spaced font, and it contains 366 words according to the count of Microsoft Word.

/s/ *Cynthia Barmore*
CYNTHIA BARMORE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, I filed and served the foregoing by causing a copy to be electronically filed with the Clerk of Court via the appellate CM/ECF system.

/s/ *Cynthia Barmore*
CYNTHIA BARMORE